1 | KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
2 |   *rkendall@kbkfirm.com*
Philip M. Kelly (212714)
3 |   *pkelly@kbkfirm.com*
Ashlee L. Hansen (261002)
4 |   *ahansen@kbkfirm.com*
William A. Jacobson (287593)
5 |   *wjacobson@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
6 | Los Angeles, California  90067
Telephone:   310.556.2700
7 | Facsimile:   310.556.2705

8 | Attorneys for Universal City Studios LLC

9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

| | |
|---|---|
| STUDIOCANAL (US), a California Corporation, | Case No. CV13-2250 GW (AGRx) |
| Plaintiff, | **CERTIFICATION OF FILING AND SERVICE OF NOTICE TO THE CLERK OF THE SUPERIOR COURT RE REMOVAL AND NOTICE TO ADVERSE PARTY RE REMOVAL** |
| v. | |
| UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50, | |
| Defendants. | |

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

131129

CERTIFICATION OF FILING AND SERVICE OF NOTICE TO THE CLERK OF THE SUPERIOR COURT RE
REMOVAL AND NOTICE TO ADVERSE PARTY RE REMOVAL

1    PLEASE TAKE NOTICE that defendant Universal City Studios LLC

2  provided notice of the removal of this action to the Clerk of the Los Angeles

3  Superior Court and to the adverse party on March 29, 2013.

4    A true and correct copy of the Notice to the Clerk of the Superior Court and

5  Proof of Service is attached hereto as **Exhibit A**.  A true and correct copy of the

6  Notice to Adverse Party Re Removal and Proof of Service is attached hereto as

7  **Exhibit B**.  Exhibit A and Exhibit B were filed in the Los Angeles Superior Court

8  and personally served on Plaintiff StudioCanal(US) on March 29, 2013.

9

10  Dated:  April 1, 2013              KENDALL BRILL & KLIEGER LLP

11

12

13                              By:    /s/ Ashlee L. Hansen

14                                  Ashlee L. Hansen
                                    Attorneys for Universal City Studios LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

131129                              1
CERTIFICATION OF FILING AND SERVICE OF NOTICE TO THE CLERK OF THE SUPERIOR COURT RE
REMOVAL AND NOTICE TO ADVERSE PARTY RE REMOVAL

# EXHIBIT A

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    *rkendall@kbkfirm.com*
   Philip M. Kelly (212714)
3    *pkelly@kbkfirm.com*
   Ashlee L. Hansen (261002)
4    *ahansen@kbkfirm.com*
   William A. Jacobson (287593)
5    *wjacobson@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California 90067
   Telephone:  310.556.2700
7  Facsimile:  310.556.2705

8  Attorneys for Universal City Studios LLC

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **COUNTY OF LOS ANGELES**

12

13  STUDIOCANAL (US), a California          Case No. BC501926
    Corporation,
14                                          **NOTICE TO THE CLERK OF THE**
                 Plaintiff,                 **SUPERIOR COURT RE REMOVAL**
15                                          **OF CIVIL ACTION**
           v.
16
    UNIVERSAL CITY STUDIOS, LLC, a
17  limited liability company and subsidiary   Complaint Filed:   02/28/13
    of NBCUniversal, LLC, a Delaware           Trial Date:        N/A
18  limited liability company;
    UNIVERSAL CITY STUDIOS, INC., a
19  corporation organized under the laws of
    Delaware; and Does 1-50,
20
                 Defendants.
21

22

23

24

25

26

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067
         NOTICE TO THE CLERK OF THE SUPERIOR COURT RE REMOVAL OF CIVIL ACTION

1  TO THE CLERK OF THE LOS ANGELES SUPERIOR COURT:

2        PLEASE TAKE NOTICE that defendant Universal City Studios LLC filed a

3  Notice of Removal of the above-entitled action to the United States District Court

4  for the Central District of California.  A true and correct copy of the Notice of

5  Removal filed with the federal court is attached hereto as Exhibit "A."  Pursuant to

6  28 U.S.C. Section 1446(d), this Court "shall proceed no further unless the case is

7  remanded."

8

9

10  Dated:  March 29, 2013           KENDALL BRILL & KLIEGER LLP

11

12

13                  By: _____

14                      Philip M. Kelly
                    Attorneys for Universal City Studios LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill**
**& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130637

**Exhibit A, Page 3**

NOTICE TO THE CLERK OF THE SUPERIOR COURT RE REMOVAL OF CIVIL ACTION

# EXHIBIT A

FILED

13 MAR 28 PM 4: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2   *rkendall@kbkfirm.com*
   Philip M. Kelly (212714)
3   *pkelly@kbkfirm.com*
   Ashlee L. Hansen (261002)
4   *ahansen@kbkfirm.com*
   William A. Jacobson (287593)
5   *wjacobson@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California 90067
   Telephone: 310.556.2700
7  Facsimile: 310.556.2705

8  Attorneys for Universal City Studios LLC

9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

CV13-02250 GW (AGRx)

12
   STUDIOCANAL (US), a California        Case No.
13 Corporation,
                                         **NOTICE OF REMOVAL OF**
14              Plaintiff,               **ACTION UNDER 28 U.S.C. §1441**
                                         **(DIVERSITY); DECLARATION OF**
15      v.                               **GABRIELA KORNZWEIG IN**
                                         **SUPPORT THEREOF**
16 UNIVERSAL CITY STUDIOS, LLC, a
   limited liability company and subsidiary
17 of NBCUniversal, LLC, a Delaware
   limited liability company;
18 UNIVERSAL CITY STUDIOS, INC., a
   corporation organized under the laws of
19 Delaware; and Does 1-50,

20              Defendants.

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130673.1                    **Exhibit A, Page 5**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY)**

1    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Universal City

2  Studios LLC ("Universal") hereby removes to this Court the state court action

3  described below.

4    In support of this Notice of Removal, Universal alleges as follows:

5    1.    On or about February 28, 2013, plaintiff StudioCanal (US)

6  ("StudioCanal") commenced this action by filing an unverified Complaint in the

7  Superior Court of the State of California, County of Los Angeles, entitled

8  *StudioCanal (US) v. Universal City Studios LLC, et al.*, Case No. BC501926 (the

9  "State Court Action").  The Complaint in the State Court Action contains six causes

10  of action:  (1) Breach of Fiduciary Duty; (2) Constructive Fraud; (3) Breach of

11  Contract; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5)

12  Account Stated; and (6) Accounting.  A true and correct copy of the Complaint and

13  all other process and pleadings from the State Court Action are attached hereto as

14  "Exhibit 1" and incorporated by reference.

15    2.    Universal was served with a copy of the Complaint in the State Court

16  Action on March 1, 2013.  This Notice of Removal is being filed with this Court

17  within thirty days of the date on which service of the Summons and Complaint was

18  effected on Universal and is therefore timely.  *Murphy Bros., Inc. v. Michetti Pipe*

19  *Stringing, Inc.*, 526 U.S. 344, 354 (1999) (thirty-day removal period runs from

20  service of summons and complaint).

21    3.    StudioCanal also named Universal City Studios, Inc. as a defendant in

22  the State Court Action.  Universal City Studios, Inc. was not at the time of the filing

23  of this action, and is not now, an existing legal entity.  In 2002, Universal City

24  Studios, Inc. was converted into Universal City Studios LLLP.  In 2011, Universal

25  City Studios LLLP merged into Universal City Studios LLC.  Through this

26  conversion and merger, Universal City Studios, Inc. did not survive and ceased to

27  exist as a corporate entity.  *See* Declaration of Gabriela Kornzweig ("Kornzweig

28  Decl.") ¶ 3.  Because Universal City Studios, Inc. was not at the time of filing, and

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit A, Page 6**

130673.1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY)

is not now, an existing legal entity, it is not a proper party to this action and need not consent to removal.  *See, e.g., Kolker v. VNUS Med. Techs., Inc.*, No. CV 10-00900-JF-PVT, 2010 WL 3059220, *3 (N.D. Cal. Aug. 2, 2010) ("[A]fter the merger and complete transfer of all of its assets and liabilities to Tyco, VNUS ceased to exist as a separate legal entity and thus could not properly be joined as a party to the instant action.").  To the extent consent to removal is required from this nonexistent entity, Universal, into which Universal City Studios, Inc. was converted and merged, hereby consents.[1]

4.     Universal is not aware of the existence of or service of any "Doe" defendant; consequently, no further consent to removal is required.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded on other grounds by statute*, 28 U.S.C. § 1441(e), *as recognized in Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 n.3 (9th Cir. 1988).

5.     On March 28, 2013, Universal filed an Answer to the Complaint in the State Court Action, a true and correct copy of which is included in Exhibit 1.

6.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court under 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy is alleged to exceed the sum or value of $75,000, exclusive of interest and costs.  Because the State Court Action is pending in the Los Angeles County Superior Court, removal of the State Court Action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

---

[1] Plaintiff has attempted to serve Universal City Studios, Inc. by delivering a copy of the Summons and Complaint to the California Secretary of State on March 13, 2013.  *See* Ex. 1.  Whether such service is valid is immaterial because, as noted above, Universal City Studios, Inc. is not a proper party to this action and, in any event, Universal has consented to removal and removal is timely.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130673.1

**Exhibit A, Page 7**
2

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

## DIVERSITY OF CITIZENSHIP

6.     StudioCanal was at the time of the filing of this action, and is now, a citizen of the State of California.  StudioCanal is a California corporation with its principal place of business near Paris, France.  (*See* Ex. 1 [Complaint] ¶ 10.)

7.     Universal is not now, and was not at the time of the filing of the State Court Action, a citizen of the State of California.  *See* Kornzweig Decl. ¶ 2.  A limited liability company is a citizen of any state where any of its members is a citizen, and its location of operations is disregarded for diversity citizenship purposes.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), *Hartstein v. Rembrandt IP Solutions, LLC*, Case No. 12-CV-02270, 2012 U.S. Dist. LEXIS 66488, at *3 (N.D. Cal. May 11, 2012).

8.     Universal was at the time of the filing of this action, and is now, a limited liability company organized under the laws of Delaware; its sole member is VUE NewCo, LLC.  VUE NewCo, LLC is a Delaware limited liability company owned 99% by USI Entertainment LLC and 1% by Universal Studios Company LLC.  *See* Kornzweig Decl. ¶ 2(a).

9.     USI Entertainment LLC was at the time of the filing of this action, and is now, a limited liability company organized under the laws of Delaware, the sole member of which is Universal Studios Company LLC.  *See* Kornzweig Decl. ¶ 2(b).

10.     Universal Studios Company LLC was at the time of the filing of this action, and is now, a Delaware limited liability company; its sole member is NBCU Acquisition Sub LLC.  NBCU Acquisition Sub LLC was at the time of the filing of this action, and is now, a Delaware limited liability company; its sole member was at the time of the filing of this action, and is now, NBCUniversal Media, LLC.  *See* Kornzweig Decl. ¶ 2(c).

11.     NBCUniversal Media, LLC was at the time of the filing of this action, and is now, a Delaware limited liability company.  Its sole member was at the time of the filing of this action, and is now, NBCUniversal, LLC, a Delaware limited

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130673.1

**Exhibit A, Page 8**
3

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

1 | liability company. The members of NBCUniversal, LLC were at the time of the
2 | filing of this action: (i) Comcast Navy Acquisition, LLC, a Delaware limited
3 | liability company; (ii) Comcast Navy Contribution, LLC, a Delaware limited
4 | liability company; and (iii) Navy Holdings, Inc., a Delaware corporation with its
5 | principal place of business in Connecticut. Effective March 19, 2013, the members
6 | of NBCUniversal, LLC are: (i) Comcast Navy Acquisition, LLC; (ii) Comcast Navy
7 | Contribution, LLC; and (iii) NBCUniversal Enterprise, Inc., a Delaware corporation
8 | with its principal place of business in Delaware. *See* Kornzweig Decl. ¶ 2(d).

9 |       12.   The sole member of Comcast Navy Acquisition, LLC was at the time
10 | of the filing of this action, and is now, Comcast Corporation. Comcast Corporation
11 | was at the time of the filing of this action, and is now, a Pennsylvania corporation
12 | with its principal place of business in Philadelphia, Pennsylvania. *See* Kornzweig
13 | Decl. ¶ 2(e).

14 |       13.   All of the entities in the corporate structure between Comcast Navy
15 | Contribution, LLC and Comcast Corporation were at the time of the filing of this
16 | action, and are now, either (i) Delaware limited liability companies whose members
17 | ultimately are corporations incorporated in Delaware or Pennsylvania with principal
18 | places of business in Delaware or Pennsylvania or (ii) corporations incorporated in
19 | Delaware or Pennsylvania, with principal places of business in either Delaware or
20 | Pennsylvania. None of the entities within this structure is a California citizen –
21 | none of the entities is incorporated in California, none has its principal place of
22 | business in California, and none has members or partners who are California
23 | citizens. *See* Kornzweig Decl. ¶ 2(f).

24 |       13.   Universal City Studios, Inc., which is not an existing legal entity and
25 | therefore not a proper party to this action, is not in any event a citizen of California.
26 | A company that merges into another company adopts the citizenship of the merged
27 | company for diversity purposes. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670,
28 | 672 (9th Cir. 1986) (affirming that a California corporation's merger with a

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit A, Page 9**

130673.1

4

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

1  Delaware corporation changed the former's citizenship because "the separate

2  existence of the disappearing corporations ceases" after merger). Accordingly, to

3  the extent its citizenship is considered, Universal City Studios, Inc. is considered to

4  have the same citizenship as Universal, which is detailed above.

5      14.   For the reasons set forth above, there is complete diversity between the

6  parties for purposes of removal.

## AMOUNT IN CONTROVERSY

8      15.   With respect to the amount in controversy, the threshold amount is

9  satisfied in this action. In measuring the amount in controversy for purposes of

10  diversity jurisdiction, "a court must assume that the allegations of the complaint are

11  true and assume that a jury will return a verdict for the plaintiff on all claims made

12  in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.

13  Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks omitted). In

14  addition, the Court should aggregate damages in determining whether the amount in

15  controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors*

16  *Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a

17  single plaintiff seeks to aggregate two or more of his own claims against a single

18  defendant") (internal quotation marks omitted).

19      16.   The allegations in the Complaint sufficiently satisfy the amount in

20  controversy requirement and confirm that StudioCanal is seeking in excess of

21  $75,000.

22      17.   The Complaint in the State Court Action alleges that Universal has

23  damaged StudioCanal "tens of millions of dollars and likely much more." (*See* Ex.

24  1 [Complaint] ¶ 1.) This allegation alone is more than sufficient to satisfy the

25  amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

26  283, 290-92 (1938) (the amount in controversy is determined from the allegations or

27  prayer of the complaint). StudioCanal is also seeking punitive damages. (*See* Ex. 1

28  [Complaint] Prayer ¶ 2.) "It is well established that punitive damages are part of the

**Kendall Brill**
**& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130673.1

1  amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927,

2  945 (9th Cir. 2001).

3      18.    Thus, based on the nature of StudioCanal's allegations and the relief

4  sought by StudioCanal in the Complaint – including damages of "tens of millions of

5  dollars" and an award of punitive damages – it is apparent that the amount in

6  controversy exceeds $75,000.

7  **VENUE**

8      19.    StudioCanal filed the Complaint in the Superior Court for the State of

9  California, County of Los Angeles, which is within this judicial district and division.

10  *See* 28 U.S.C. § 84(c)(2).  This Court is thus the proper court for removal under 28

11  U.S.C. §§ 1441(a), 1446(a).

12  **NOTICE TO ADVERSE PARTIES AND SUPERIOR COURT**

13      20.    Concurrently with the filing of this Notice, Universal has provided

14  written notice of removal to all adverse parties and the Superior Court and has filed

15  a copy of this Notice of Removal with the Clerk of the Los Angeles Superior Court.

16  **CONCLUSION**

17      21.    Based on the foregoing, Universal hereby removes this action from the

18  Los Angeles Superior Court to this Court, and requests that further proceedings be

19  conducted in this Court as provided by law.

20

21  Dated: March 28, 2013         KENDALL BRILL & KLIEGER LLP

22

23

24  By: _____

25      Philip M. Kelly
    Attorneys for Universal City Studios LLC

26

27

28

**Exhibit A, Page 11**
6

130673.1

# EXHIBIT 1

*3/01/13 @ 12.50*

COPY

1  Robert M. Schwartz (#117166/ rschwartz@omm.com)
2  James M. Pearl (#198481/jpearl@omm.com)
   Harrison A. Whitman (#261008/hwhitman@omm.com)
3  Nikolas A. Primack (#274577/nprimack@omm.com)
   O'MELVENY & MYERS LLP
4  1999 Avenue of the Stars, Seventh Floor
   Los Angeles, California  90067-6035
5  Telephone:  (310) 553-6700
   Facsimile:  (310) 246-6779
6
   Attorneys for Plaintiff StudioCanal (US)
7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 28 2013

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
          Mary Flores

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10                                        BC 5 0 1 9 2 6

11  STUDIO CANAL (US), a California          Case No.
    corporation,
12                                           Complaint For:
                     Plaintiff,
13                                           1.  Breach of Fiduciary Duty
         vs.
14                                           2.  Constructive Fraud

15  UNIVERSAL CITY STUDIOS, LLC, a           3.  Breach of Contract
    limited liability company and subsidiary
16  of NBCUniversal, LLC, a Delaware         4.  Breach of the Implied Covenant
    limited liability company; UNIVERSAL         of Good Faith and Fair Dealing
17  CITY STUDIOS, INC., a corporation
    organized under the laws of Delaware;    5.  Account Stated
18  and Does 1-50,
                                             6.  Accounting
19                   Defendants.

20

21

22

23

24

25

26

27

28

COMPLAINT

**Exhibit A, Page 13**

**EXHIBIT 1, PAGE 7**

Plaintiff StudioCanal (US) ("StudioCanal"), for its complaint against Defendants
Universal City Studios, LLC, a subsidiary of NBCUniversal, LLC, and Universal City
Studios, Inc. (collectively, "Universal") alleges as follows:

### Nature of The Action

1.      This lawsuit arises from Universal's failure to honor its fiduciary and
contractual duties to its partner StudioCanal—for tens of millions of dollars and likely
much more—in a joint venture they formed in 1999 to fund the overhead,
development, and production of motion pictures produced by Working Title Films.
In addition to partnering on the financial side of the venture, StudioCanal and
Universal divided responsibilities for distributing the motion pictures throughout the
world. Each partner assumed the duty to report and pay to the other partner the total
revenues minus authorized expenses for each assigned territory and media.

2.      For nearly ten years, Universal was delighted to accept StudioCanal's
investment of hundreds of millions of dollars to offset Universal's financial
obligations. During most of this period, StudioCanal and Universal were corporate
siblings through common ownership by the French company Vivendi. The
StudioCanal/Universal joint venture financed forty-four Working Title motion
pictures, including *About A Boy, Billy Elliot, Bridget Jones Diary, Frost/Nixon, Love
Actually, O Brother Where Art Thou?, Pride And Prejudice*, and *United 93*.

3.      Last October, StudioCanal concluded an audit of the joint venture's
development and overhead expenses, which Universal had managed. StudioCanal also
concluded audits of Universal's distribution of several of the joint venture-produced
motion pictures, in several (but hardly all) Universal-assigned territories and in several
(but hardly all) media.

4.      Those audits revealed that Universal was violating its fiduciary and
contractual obligations to StudioCanal. For example, based on the audit reports,
StudioCanal is informed and believes, and based thereon alleges that: (a) Universal

1  intentionally hid from the partnership and kept for itself benefits it derived from off-
2  balance-sheet financing arrangements; (b) Universal failed to report, or reported
3  negligible amounts of, ancillary revenue from sources such as music publishing, only to
4  somehow "find" several million dollars in such revenues after receiving the audit
5  reports; (c) Universal retained for itself financial benefits from vendors, thereby
6  profiting for itself at the expense of its partner; (d) Universal double-charged the
7  partnership for producing and other fees paid to Working Title without StudioCanal's
8  knowledge or approval; and (e) Universal deducted millions of dollars in
9  unsubstantiated expenses before reporting the results to its partner StudioCanal.

10        5.      Those are only a few of the claims in the Audit Reports.  But the audits
11  covered only six of the joint venture's forty-four motion pictures and focused on only
12  a few territories.  StudioCanal is informed and believes, and based thereon alleges that
13  Universal has underpaid its partner StudioCanal tens of millions of dollars on just the
14  issues and territories that the Audit Reports cover.

15        6.      For the last four months, StudioCanal has tried—but failed—to engage
16  Universal in a meaningful dialog about the Audit Reports and claims.  In late October
17  2012 three StudioCanal executives flew from Paris to Los Angeles to meet with
18  Universal to address and resolve the claims, based on an exchange of emails in which a
19  senior Universal executive said that he and his team would be prepared to have such
20  discussions at that meeting.  When the StudioCanal executives arrived, however, the
21  Universal team said they had not been told of any such plans, and confessed to being
22  unprepared to even *respond* to any claims, much less attempt to resolve them.

23        7.      Communications since then with Universal have been similarly
24  unproductive.  At the October meeting, Universal promised to provide StudioCanal
25  promptly with documents concerning its off-balance-sheet financing deals sufficient to
26  show StudioCanal that Universal did not have to share those benefits with its partner.
27  StudioCanal's auditors had requested these documents during their review.  Yet despite
28  Universal's promise at the October 2012 meeting to provide these documents,

1  Universal has still failed to do so.  Further, in late November and early December

2  2012, Universal promised to address a small group of claims that StudioCanal believed

3  were unassailable and readily resolved.  That did not happen.  In fact, Universal has

4  simply stopped communicating with StudioCanal at all—not even to acknowledge the

5  passing of dates by which Universal had promised a substantive response.

6          8.      Even worse, after the October 2012 meeting, Universal stopped issuing

7  any more accounting statements and payments to StudioCanal for the motion pictures

8  covered under the 1999 joint venture agreement.  StudioCanal has since made repeated

9  requests for the statements and payments for the period ending June 30, 2012.

10  Universal has ignored the requests.  Universal has also failed to issue statements and

11  payments to StudioCanal for the period ending September 30, 2012.

12          9.      In short, Universal is behaving as if its partner StudioCanal does not even

13  exist.  It therefore gives StudioCanal no satisfaction to state that Universal has left its

14  partner and former sibling with no choice but to litigate these claims.

15

16                              **The Parties**

17          10.     Plaintiff StudioCanal is a California corporation that is, and at all times

18  herein mentioned was, qualified to do business in the State of California.  It is a

19  wholly-owned subsidiary of StudioCanal SA, a corporation organized under the laws of

20  France, with its principal place of business near Paris, France.

21          11.     StudioCanal is informed and believes, and on that basis alleges, that

22  Defendant Universal City Studios, LLC is a limited liability company, and a subsidiary

23  of NBCUniversal, LLC, a Delaware limited liability company, authorized to do

24  business in the State of California, and doing so, and that, at all times mentioned

25  herein, has maintained a principal place of business within Los Angeles County.

26          12.     StudioCanal is informed and believes, and on that basis alleges, that

27  Defendant Universal City Studios, Inc. was a Delaware corporation, authorized to do

28

3

1  business in the State of California, and doing so, and that, at all times mentioned

2  herein, maintained a principal place of business within Los Angeles County.

3      13.    In the last ten years, Universal City Studios, Inc. and Universal City

4  Studios, LLC have been bought and sold many times in transactions involving their

5  corporate parents.  As a result of such transactions and of reorganizations under the

6  laws of their states of formation, Universal City Studios, Inc. and Universal City

7  Studios, LLC may have changed their names and/or become successors-in-interest to

8  the Universal-named entities that entered into the contracts with StudioCanal that are

9  at issue in this lawsuit.  StudioCanal is informed and believes, and based thereon

10 alleges, that Defendants Universal City Studios, LLC and Defendant Universal City

11 Studios, Inc. (collectively, "Universal") are either the actual parties to these agreements

12 or successors-in-interest and are therefore the proper party defendants in this action.

13     14.    The true names and capacities of Defendants Does 1 through 50 are

14 unknown to StudioCanal who therefore sues said Defendants by such fictitious names.

15 StudioCanal is informed and believes and thereupon alleges that each of the

16 Defendants designated herein as a fictitiously named defendant is, in some manner,

17 responsible for the events and happenings herein referred to, either contractually or

18 tortiously, and caused the damages to StudioCanal as herein alleged.  StudioCanal will

19 amend this complaint to allege such true names and capacities when these facts are

20 ascertained.

21

22              <u>Allegations Common to All Causes of Action</u>

23     15.    In 1999, StudioCanal entered into a joint venture with Universal and

24 formed a partnership for the development, financing, production, and distribution of

25 motion pictures to be developed and produced by Working Title Films Limited,

26 though a document titled "Memorandum Agreement."  StudioCanal and Universal

27 amended and restated that contract in 2001 (the "Joint Venture Agreement").

28 StudioCanal hereby incorporates and alleges the Joint Venture Agreement as if fully set

forth herein.  Universal has a copy of the document and is familiar with its terms.  The Joint Venture Agreement contains a confidentiality provision prohibiting its public filing.  If requested, upon the entry of an appropriate protective order StudioCanal will file under seal an amended pleading attaching the Joint Venture Agreement.

16.     Pursuant to the Joint Venture Agreement, Universal and StudioCanal agreed to co-finance and distribute theatrical motion pictures developed by Working Title for a five-year term.  As joint-venturers and partners, Universal owed a fiduciary duty to StudioCanal.

17.     Pursuant to the Joint Venture Agreement, StudioCanal and Universal funded the development and production of theatrical motion pictures and, once each motion picture was delivered, each partner distributed the motion picture in its respective, pre-assigned territories.  Each partner then collected the gross receipts from such territories, deducted contractually-authorized expenses, and shared the remaining revenues.

18.     For the next five years, the joint venture developed and distributed twenty-one motion pictures.  At the conclusion of the Joint Venture Agreement's term, the joint venture was sufficiently successful that StudioCanal and Universal entered into a new joint venture agreement to continue their partnership.  The contract was titled the "Co-Financing and Distribution Agreement" ("CDA").  The parties amended the CDA in 2007, 2008, and 2009.  Universal has a copy of the CDA and its amendments and is familiar with their terms.  The CDA contains a confidentiality provision prohibiting its public filing.  If requested, upon the entry of an appropriate protective order StudioCanal will file under seal an amended pleading attaching the CDA and its amendments.

19.     As Universal's partner, under the CDA StudioCanal continued to fund the overhead and development expenses of Working Title, continued to finance the production of motion pictures produced by Working Title, and continued to distribute those motion pictures in the territories and media assigned to it.

20.   During the terms of the Joint Venture Agreement and the CDA, Universal provided StudioCanal with quarterly financial statements reporting on the business of the Joint Venture Agreement and CDA.  Universal represented that these financial statements were accurate and complete.  Facially, the financial statements did not present any basis for StudioCanal to question their accuracy.

21.   StudioCanal engaged auditors to review Universal's books and records pertaining to the joint venture and to the motion pictures developed, produced, and distributed under the Joint Venture Agreement and the CDA.  Given the scope of Universal's and StudioCanal's partnership, however, StudioCanal's auditors did not audit all of Universal's accounting practices or all of the motion pictures developed, financed, produced, and distributed pursuant to the Joint Venture Agreement and the CDA.  Instead, StudioCanal's auditors selected a sample of motion pictures and, of those motion pictures, selected a sample of practices and transactions to review.  In Fall 2012, StudioCanal received reports from its auditors that reflected their work.

22.   On October 10, 2012 StudioCanal delivered those audit reports to Universal: (a) an October 2012 report prepared by Grant Thornton UK LLP concerning development and overhead costs under the Joint Venture Agreement and the CDA for the period January 1, 1999 to December 31, 2010; (b) an October 2012 report prepared by Grant Thornton UK LLP concerning production costs charged by Universal on selected Working Title motion pictures; (c) a September 25, 2012 report prepared by Green Hasson & Janks LLP concerning the "domestic" (United States and Canada) distribution of six motion pictures, from inception through the accounting period ending September 30, 2010; (d) an October 2012 report prepared by Grant Thornton UK LLP concerning Universal's theatrical distribution of specified motion pictures in listed foreign countries, from inception to June 30, 2010; and (e) an October 2012 report prepared by Grant Thornton UK LLP concerning Universal's home video distribution of specified motion pictures in listed foreign countries, from inception to June 30, 2010 (collectively, the "Audit Reports").

6

COMPLAINT

23.     Despite Universal's unwillingness, inability, and failure to provide StudioCanal's auditors with complete information (by itself, a concern), the Audit Reports revealed that Universal had improperly accounted for activities of the joint venture, provided inaccurate and misleading financial statements to StudioCanal that concealed these matters and, based on the work of the auditors, owed StudioCanal tens of millions of dollars under the Joint Venture Agreement. It was only during the auditing process in 2011 and 2012—itself delayed and hindered by Universal's lack of cooperation and failure to maintain adequate records of the Joint Venture's and Universal's activities—that StudioCanal uncovered these claims.

24.     StudioCanal discovered multiple instances where Universal breached its fiduciary duty to StudioCanal, breached agreements with StudioCanal, and made false statements upon which StudioCanal relied to its detriment. Below are a few examples of this improper conduct:

a.     Universal funded and managed the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement by, among other things: (i) failing to refund to StudioCanal overhead and development costs for a motion picture, *The Interpreter*, that StudioCanal elected not to fund, and (ii) charging to StudioCanal, and not refunding, development costs for motion pictures produced *after* the joint venture concluded;

b.     Universal failed to account to StudioCanal for Universal's distribution of motion pictures in accordance with the terms of the Joint Venture Agreement by, among other things: (i) double-charging StudioCanal for production fees and overhead costs; (ii) neglecting to account to StudioCanal the full revenues generated by the motion pictures, including revenues from copyright royalties, music publishing rights, clip rights, and other ancillary rights; (iii) charging unsubstantiated home video manufacturing costs; and (iv) deducting third-party participations from sums otherwise owed to

7

COMPLAINT

StudioCanal based on calculations of what those participation amounts might turn out to be in the future (and, thus, in inflated amounts) instead of Universal's actual payments to these third parties;

c.     Universal withheld monies owed to StudioCanal for, among other things: (i) excess contributions StudioCanal made toward the development of motion pictures covered by the Joint Venture Agreement, and (ii) the revenues obscured by Universal's improper accounting methods described above;

d.     Universal failed to obtain or failed to properly account for vendor rebates that reduced its expenses;

e.     Universal failed to maintain books and records sufficient to allow StudioCanal to conduct complete audits, and failed to maintain documents that would purportedly corroborate millions of dollars in expenses and costs that Universal deducted from gross revenues.

25.     Universal also inhibited StudioCanal's auditors from performing their work. Universal refused to respond to the auditors' inquiries concerning certain expenses in Universal's financial statements. Universal declined to provide the auditors with information about potential additional sources of revenue still unaccounted for in Universal's statements.

26.     And, because Universal did not provide StudioCanal's auditors with complete records and because the auditors did not audit each motion picture, in each territory for which Universal had distribution duties, in each form (medium) of distribution, the auditors did not determine the total sum Universal owes StudioCanal pursuant to the Joint Venture Agreement.

27.     The CDA requires that claims related to Universal's obligations under that agreement be resolved through a private arbitration. StudioCanal has served a demand on Universal to commence that dispute resolution procedure, and intends to pursue its claims on motion pictures covered by the CDA pursuant to it. The claims currently known that arise from the Joint Venture Agreement are brought herein.

# FIRST CAUSE OF ACTION

## Breach of Fiduciary Duty Under the Joint Venture Agreement

### (Against All Defendants)

28.  StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

29.  A valid and enforceable partnership and joint venture agreement existed between StudioCanal, on the one hand, and Universal, on the other:  the Joint Venture Agreement.  Pursuant to that agreement, both Universal and StudioCanal undertook to fund the development and overhead expenses of Working Title, and to fund the production of theatrical motion pictures, to distribute the motion pictures, and jointly profit from that activity.  At all relevant times, StudioCanal fully performed its obligations under the Joint Venture Agreement.

30.  By virtue of the joint-venture relationship, Universal owed StudioCanal a fiduciary duty, which included the duty to act with the highest good faith towards StudioCanal regarding the affairs of the joint venture.

31.  StudioCanal is informed and believes, and on that basis alleges, that Universal breached its fiduciary duty to StudioCanal and intended to cause injury to StudioCanal by, among other things: (a) funding and managing the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement; (b) failing to account to StudioCanal for Universal's distribution of produced motion pictures in accordance with the terms of the Joint Venture Agreement; (c) providing intentionally incomplete, inaccurate, and misleading financial statements to StudioCanal; (d) withholding monies owed to StudioCanal; (e) failing to maintain adequate record-keeping of the Joint Venture's and Universal's activities; (f) refusing to provide to StudioCanal's auditors documentation and information related to Universal's accounting treatment for motion pictures covered by the Joint Venture Agreement; and (g) failing to issue accounting statements and payments, starting with the accounting period ending on June 30, 2012.  Because of the



1  necessarily limited nature of the audits and the resulting Audit Reports, the foregoing
2  is not intended to constitute a complete statement of each breach of fiduciary duty that
3  Universal committed against StudioCanal.

4      32.    As a direct and proximate result of Universal's breach of fiduciary duty,
5  StudioCanal has suffered millions of dollars of monetary damages, in an amount to be
6  proven at trial.

7      33.    Universal's breach a fiduciary duty was willful, oppressive, and malicious.
8  As a result, StudioCanal is entitled to an award of punitive damages.

9

10                    **SECOND CAUSE OF ACTION**

11      Constructive Fraud Arising From the Joint Venture Agreement

12                        (Against All Defendants)

13      34.    StudioCanal re-alleges and incorporates by this reference paragraphs 1-
14  33, above, as though set forth in full.

15      35.    The Joint Venture Agreement created a valid and enforceable partnership
16  and joint venture between StudioCanal, on the one hand, and Universal, on the other.
17  Pursuant to that agreement, both Universal and StudioCanal undertook to fund the
18  development and overhead expenses of Working Title, and to fund the production of
19  theatrical motion pictures, to distribute the motion pictures, and jointly profit from
20  that activity. At all relevant times, StudioCanal fully performed its obligations under
21  the Joint Venture Agreement.

22      36.    By virtue of the joint-venture relationship, Universal owed StudioCanal a
23  fiduciary duty to act with the highest good faith towards StudioCanal regarding the
24  affairs of the joint venture.

25      37.    StudioCanal is informed and believes, and on that basis alleges, that
26  Universal breached its fiduciary duty to StudioCanal and intended to cause injury to
27  StudioCanal as described in the First Cause of Action. For example, Universal
28  breached its fiduciary duty by, among other things: (a) failing to refund to StudioCanal

                              10

overhead and development costs for a motion picture, *The Interpreter,* that StudioCanal elected not to fund; (b) charging StudioCanal, and not refunding, development costs for motion pictures—including *Birdsong, Tinker Tailor,* and *Rush*—produced *after* the joint venture concluded; (c) withholding from StudioCanal the return of excess contributions StudioCanal made toward the development of motion pictures covered by the Joint Venture Agreement; (d) double-charging StudioCanal for production fees and overhead costs; (e) neglecting to account to StudioCanal or share with StudioCanal the full revenues generated by the motion pictures covered by the Joint Venture Agreement, including revenue from copyright royalties, music publishing rights, clip rights, and other ancillary rights; and (f) charging unsubstantiated home video manufacturing costs.  Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete statement of each breach of fiduciary duty that Universal committed against StudioCanal.

38.     Universal concealed its fiduciary breaches from StudioCanal by repeatedly providing StudioCanal with inaccurate and misleading financial statements.

39.     StudioCanal justifiably relied on Universal's misleading financial statements as complete and accurate accountings of the business of the joint venture and, on that basis, did not detect Universal's breaches for many years.

40.     As a direct and proximate result of StudioCanal's justifiable reliance on Universal's conduct and misrepresentations, Universal gained an advantage over StudioCanal by retaining for itself significant sums of money that rightfully belonged to StudioCanal.  Because Universal owed a fiduciary duty to StudioCanal as a partner and joint-venturer, Universal's conduct towards StudioCanal and StudioCanal's reliance thereon constitutes constructive fraud.

41.     As a direct and proximate result, StudioCanal suffered damages in an amount to be proven at trial.

11

COMPLAINT



42.   Universal's constructive fraud was willful, oppressive, and malicious.  As a result, StudioCanal is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION

#### Breach of Contract

#### (Against All Defendants)

43.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

44.   The Joint Venture Agreement is a valid, enforceable, and binding contract between StudioCanal, on the one hand, and Universal, on the other.

45.   At all relevant times, StudioCanal fully performed its obligations under the Joint Venture Agreement.

46.   Universal materially breached the Joint Venture Agreement by, among other things: (a) funding and managing the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement; (b) failing to account to StudioCanal for Universal's distribution of produced motion pictures in accordance with the terms of the Joint Venture Agreement; (c) providing incomplete, inaccurate, and misleading financial statements to StudioCanal; (d) withholding monies owed to StudioCanal; (e) failing to maintain adequate record-keeping of the Joint Venture's and Universal's activities, including records that purportedly corroborated millions of dollars in expenses and costs Universal deducted from gross revenues; (f) refusing to provide to StudioCanal's auditors documentation and information related to Universal's accounting treatment for motion pictures covered by the Joint Venture Agreement; and (g) failing to issue accounting statements and payments, starting with the accounting period ending on June 30, 2012.  Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete statement of each breach of contract that Universal committed against StudioCanal.

12

47.   As a direct and proximate result of Universal's breaches, StudioCanal has suffered damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

48.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

49.   The Joint Venture Agreement contains an implied covenant that Universal will act toward StudioCanal in good faith and with fair dealing. The implied covenant imposes upon Universal the duty not to take any action with the motive to, or that would, frustrate StudioCanal's enjoyment of its rights or benefits under the Joint Venture Agreement.

50.   Universal breached the covenant of good faith and fair dealing implied in the Joint Venture Agreement by taking action to frustrate StudioCanal's enjoyment of its rights, including, among other things: (a) failing to account reasonably to StudioCanal for revenues generated by Joint Venture Agreement motion pictures whose distribution rights were licensed collectively with motion pictures that were not part of the joint venture; (b) failing to account reasonably for revenues generated by the license of Internet-based distribution rights; (c) failing to account reasonably for product placement agreements; (d) failing to obtain or failing to account reasonably for vendor rebates; (e) deducting third-party participations from sums otherwise owed to StudioCanal based on calculations of what those participation amounts might turn out to be in the future (and, thus, in inflated amounts) instead of Universal's actual payments to these third parties; and (f) failing to provide StudioCanal's auditors with information about potential sources of additional revenue unaccounted for in Universal's financial statements. Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete

13

COMPLAINT

1    statement of each breach of the implied covenant of good faith and fair dealing that

2    Universal committed against StudioCanal.

3         51.    As a direct and proximate result of these breaches of the implied

4    covenant of good faith and fair dealing, StudioCanal has been damaged in an amount

5    to be proven at trial.

6

7                          **FIFTH CAUSE OF ACTION**

8                                **Account Stated**

9                            **(Against All Defendants)**

10        52.    StudioCanal re-alleges and incorporates by this reference paragraphs 1-

11   27, above, as though set forth in full.

12        53.    Pursuant to the Joint Venture Agreement, Universal obligated itself to

13   provide StudioCanal with reasonably detailed accounting statements for each motion

14   picture covered by the Joint Venture Agreement, and to issue such statements to

15   StudioCanal within 90 days of the close of each accounting quarter ("Quarterly

16   Reports").

17        54.    Each Quarterly Report is required to provide a statement of the aggregate

18   gross receipts Universal received for each quarterly accounting period, as well as such

19   gross receipts received on a cumulative basis, dating back to the subject motion

20   picture's release.  Such Quarterly Reports are to also provide a statement of permitted

21   deductions from such gross receipts, again reporting on a cumulative basis, leaving a

22   balance due StudioCanal on account of each subject motion picture.

23        55.    Such Quarterly Reports constitute a written account stated between the

24   parties for each subject motion picture and a statement of a balance due and owing to

25   StudioCanal.  Universal agreed in the Joint Venture Agreement to pay StudioCanal all

26   amounts owing on each such account stated for each subject motion picture.

27

28

                                        14

56.   As described above and as discovery is likely to uncover, Universal has failed to pay StudioCanal the sums owing pursuant to each account stated, despite demand from StudioCanal.

57.   There is now due, owing, and unpaid from Universal to StudioCanal sums in excess of the jurisdictional minimum of this Court but not less than several million dollars, plus interest thereon, from and after the date Universal failed to pay each such account stated.  StudioCanal is prepared to amend this pleading to state the precise amounts and dates of each such account stated when it has completed the necessary discovery.

58.   There is now due, owing, and unpaid from Universal to StudioCanal a sum to be proven at trial.

## SIXTH CAUSE OF ACTION

### Accounting

### (Against All Defendants)

59.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

60.   Pursuant to the Joint Venture Agreement, Universal obligated itself to provide StudioCanal with reasonably detailed Quarterly Reports.

61.   Each Quarterly Report is required to provide a statement of the aggregate gross receipts Universal received for each quarterly accounting period, as well as such gross receipts received on a cumulative basis, dating back to the release of each motion picture covered by the Joint Venture Agreement.  Such Quarterly Reports are to also provide a statement of permitted deductions from such gross receipts, again reporting on a cumulative basis, leaving a balance due StudioCanal on account of each subject motion picture.

62.    During the term of the Joint Venture Agreement, Universal generated gross receipts from its exploitation of the subject motion pictures, a portion of which is due StudioCanal.

63.    As described above and as discovery is likely to uncover, Universal failed to account to StudioCanal the true and complete sums owing pursuant to Joint Venture Agreement, despite demand from StudioCanal.

64.    In addition, Universal has failed to issue accounting statements at all, starting with the accounting period ending on September 30, 2012.

65.    As a result, the amount due to StudioCanal related to the subject motion pictures is unknown to StudioCanal and cannot be ascertained without an accurate accounting from Universal for each subject motion picture.

WHEREFORE, StudioCanal prays for judgment as follows:

1.    An award of actual and compensatory damages, in an amount to be proven at trial;

2.    An award of punitive damages;

3.    An accounting;

4.    An award of costs of suit herein;

5.    An award of attorneys' fees; and

6.    Such other and further relief as the Court deems just and proper.

Dated: February 28, 2013

Robert M. Schwartz
James M. Pearl
Harrison A. Whitman
Nikolas A. Primack
O'MELVENY & MYERS LLP

By: _____
Robert M. Schwartz
Attorneys for Plaintiff StudioCanal (US)

16

COMPLAINT

**Exhibit A, Page 29**

**EXHIBIT 1, PAGE 23**

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert M. Schwartz (#117166/rschwartz@omm.com)<br>James M. Pearl (#198481/jpearl@omm.com)<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, Seventh Floor | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
| TELEPHONE NO: (310) 553-6700    FAX NO: (310) 246-6779 | FEB 28 2013 |

ATTORNEY FOR (Name): StudioCanal (US)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk (County) Courthouse

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
Mary Flores

CASE NAME:
StudioCanal (US) v. Universal City Studios, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 5 0 1 9 2 6 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☑ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):  Six Causes of Action (continued on Attachment A)
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 28, 2013
Robert M. Schwartz
_____          ► _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                          Page 1 of 2

Form Adopted for Mandatory Use            CIVIL CASE COVER SHEET       Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                          Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                          www.courtinfo.ca.gov

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                 **CIVIL CASE COVER SHEET**                          Page 2 of 2

**Exhibit A, Page 31**

**EXHIBIT 1, PAGE 25**

## Attachment A to Civil Case Cover Sheet

4. Number of causes of action (specify):  Six causes of action

- First Cause of Action for Breach of Fiduciary Duty

- Second Cause of Action for Constructive Fruad

- Third Cause of Action for Breach of Contract

- Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing

- Fifth Cause of Action for Account Stated

- Sixth Cause of Action for Accounting

 

| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER: BC 5 0 1 9 2 6 |

**CIVIL CASE COVER SHEET ADDENDUM AND**
**STATEMENT OF LOCATION**
**(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)**

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Exhibit A, Page 33

EXHIBIT 1, PAGE 27

 

| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 8. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential<br>(32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 2 of 4

Exhibit A, Page 34

**EXHIBIT 1, PAGE 28**

 

| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exhibit A, Page 35

**EXHIBIT 1, PAGE 29**

 

| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Optional Filing in Central District pursuant to Los Angeles County Court Rules No. 2.3(B) |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk (County) courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: February 28, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)          **CIVIL CASE COVER SHEET ADDENDUM**          Local Rule 2.0
LASC Approved 03-04                   **AND STATEMENT OF LOCATION**          Page 4 of 4

Exhibit A, Page 36

**EXHIBIT 1, PAGE 30**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Universal City Studios, LLC, a limited liability company and subsidiary
of NBCUniversal, LLC, a Delaware limited liability company (con't)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

StudioCanal (US), a California corporation



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 28 2013

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
Mary Flores

| |
|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.<br><br>You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.<br>*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*<br>*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*<br>*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.* |

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk (County) Courthouse<br>111 North Hill Street<br>Los Angeles, Ca, 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 501 926 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert M. Schwartz, 1999 Avenue of the Stars, Seventh Floor, Los Angeles CA 90067, (310) 553-6700

| | | | |
|---|---|---|---|
| DATE: February 28, 2013<br>*(Fecha)* | JOHN A. CLARKE, | Clerk, by<br>*(Secretario)* | Mary Flores , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

Universal City Studios, LLC, a limited
liability company and Subsidiary of NBC
UNIVERSAL, LLC, a Delaware limited liability
company

3. ☒ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| StudioCanal (US) v. Universal City Studios, LLC | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Universal City Studios, Inc., a corporation organized under the laws of Delaware; and Does 1-50

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**Exhibit A, Page 38**

**EXHIBIT 1, PAGE 32**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**BC 501926**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| "unassigned" | 35 | 411 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | | Other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

Exhibit A, Page 39

EXHIBIT 1, PAGE 33

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT --**

**UNLIMITED CIVIL CASE**

**Exhibit A, Page 40**

Page 2 of 2

**EXHIBIT 1, PAGE 34**

**DEBRA BOWEN** | SECRETARY OF STATE  | STATE OF CALIFORNIA
BUSINESS PROGRAMS | BUSINESS ENTITIES
1500 11th Street, 3rd floor | Sacramento, CA 95814 | Tel (916) 657-5448 | www.sos.ca.gov

March 25, 2013

RECEIVED

MAR 2 7 2013

GABRIELA KORNZWEIG

UNIVERSAL CITY STUDIOS, INC.
(official name of record)
100 UNIVERSAL CITY PLAZA
UNIVERSAL CITY, CA 91608

RE:   STUDIO CANAL (US), a California corporation vs. UNIVERSAL CITY STUDIOS,
LLC, a limited liability company and subsidiary of NBCUniversal , LLC, a
Delaware llc, et al., Superior Court of California, County of Los Angeles, Case
No. BC501926

The enclosed documents pertaining to the above referenced action were delivered to
Donna Rodriguez, Deputy Secretary of State, on March 13, 2013.

In accordance with statutory requirements, the documents are being forwarded to you.

Jana Castro
Deputy Secretary of State

Encl.
Certified Mail
rrr

Exhibit A, Page 41

EXHIBIT 1, PAGE 35

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Universal City Studios, LLC, a limited liability company and subsidiary
of NBCUniversal, LLC, a Delaware limited liability company (con't)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

StudioCanal (US), a California corporation

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk (County) Courthouse | CASE NUMBER: *(Número del Caso):* |
|---|---|
| 111 North Hill Street<br>Los Angeles, Ca, 90012 | BC 50 1 9 2 6 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert M. Schwartz, 1999 Avenue of the Stars, Seventh Floor, Los Angeles CA 90067, (310) 553-6700

| DATE: February 28, 2013 *(Fecha)* ~~JOHN A. CLARKE,~~ | Clerk, by *(Secretario)* | Mary Flores | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

---

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* Universal City Studios, Inc, a corporation organized under the laws of Delaware |
| | under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor) |
| | ☒ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Accepted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

---

**Exhibit A, Page 42**

**EXHIBIT 1, PAGE 36**

SUM-200(A)

| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER |
|---|---|

## INSTRUCTIONS FOR USE

▸ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

▸ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

Universal City Studios, Inc., a corporation organized under the laws of Delaware; and Does 1-50

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit A, Page 43

EXHIBIT 1, PAGE 37

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

BC 501926

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | Other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

**Exhibit A, Page 44**

Page 1 of 2

**EXHIBIT 1, PAGE 38**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

Exhibit A, Page 45

EXHIBIT 1, PAGE 39



Robert M. Schwartz (#117166/rschwartz@omm.com)
James M. Pearl (#198481/jpearl@omm.com)
Harrison A. Whitman (#261008/hwhitman@omm.com)
Nikolas A. Primack (#274577/nprimack@omm.com)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff StudioCanal (US)

CONFORMED COPY
ORIGINAL FILED

FEB 5 2013

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

BC 501926

STUDIO CANAL (US), a California corporation,

      Plaintiff,

  vs.

UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50,

      Defendants.

Case No.

Complaint For:

1. **Breach of Fiduciary Duty**

2. **Constructive Fraud**

3. **Breach of Contract**

4. **Breach of the Implied Covenant of Good Faith and Fair Dealing**

5. **Account Stated**

6. **Accounting**

COMPLAINT

Exhibit A, Page 46

EXHIBIT 1, PAGE 40

Plaintiff StudioCanal (US) ("StudioCanal"), for its complaint against Defendants Universal City Studios, LLC, a subsidiary of NBCUniversal, LLC, and Universal City Studios, Inc. (collectively, "Universal") alleges as follows:

### Nature of The Action

1.      This lawsuit arises from Universal's failure to honor its fiduciary and contractual duties to its partner StudioCanal—for tens of millions of dollars and likely much more—in a joint venture they formed in 1999 to fund the overhead, development, and production of motion pictures produced by Working Title Films. In addition to partnering on the financial side of the venture, StudioCanal and Universal divided responsibilities for distributing the motion pictures throughout the world. Each partner assumed the duty to report and pay to the other partner the total revenues minus authorized expenses for each assigned territory and media.

2.      For nearly ten years, Universal was delighted to accept StudioCanal's investment of hundreds of millions of dollars to offset Universal's financial obligations. During most of this period, StudioCanal and Universal were corporate siblings through common ownership by the French company Vivendi. The StudioCanal/Universal joint venture financed forty-four Working Title motion pictures, including *About A Boy*, *Billy Elliot*, *Bridget Jones Diary*, *Frost/Nixon*, *Love Actually*, *O Brother Where Art Thou?*, *Pride And Prejudice*, and *United 93*.

3.      Last October, StudioCanal concluded an audit of the joint venture's development and overhead expenses, which Universal had managed. StudioCanal also concluded audits of Universal's distribution of several of the joint venture-produced motion pictures, in several (but hardly all) Universal-assigned territories and in several (but hardly all) media.

4.      Those audits revealed that Universal was violating its fiduciary and contractual obligations to StudioCanal. For example, based on the audit reports, StudioCanal is informed and believes, and based thereon alleges that: (a) Universal

COMPLAINT

1  intentionally hid from the partnership and kept for itself benefits it derived from off-
2  balance-sheet financing arrangements; (b) Universal failed to report, or reported
3  negligible amounts of, ancillary revenue from sources such as music publishing, only to
4  somehow "find" several million dollars in such revenues after receiving the audit
5  reports; (c) Universal retained for itself financial benefits from vendors, thereby
6  profiting for itself at the expense of its partner; (d) Universal double-charged the
7  partnership for producing and other fees paid to Working Title without StudioCanal's
8  knowledge or approval; and (e) Universal deducted millions of dollars in
9  unsubstantiated expenses before reporting the results to its partner StudioCanal.

10       5.       Those are only a few of the claims in the Audit Reports. But the audits
11  covered only six of the joint venture's forty-four motion pictures and focused on only
12  a few territories. StudioCanal is informed and believes, and based thereon alleges that
13  Universal has underpaid its partner StudioCanal tens of millions of dollars on just the
14  issues and territories that the Audit Reports cover.

15       6.       For the last four months, StudioCanal has tried—but failed—to engage
16  Universal in a meaningful dialog about the Audit Reports and claims. In late October
17  2012 three StudioCanal executives flew from Paris to Los Angeles to meet with
18  Universal to address and resolve the claims, based on an exchange of emails in which a
19  senior Universal executive said that he and his team would be prepared to have such
20  discussions at that meeting. When the StudioCanal executives arrived, however, the
21  Universal team said they had not been told of any such plans, and confessed to being
22  unprepared to even *respond* to any claims, much less attempt to resolve them.

23       7.       Communications since then with Universal have been similarly
24  unproductive. At the October meeting, Universal promised to provide StudioCanal
25  promptly with documents concerning its off-balance-sheet financing deals sufficient to
26  show StudioCanal that Universal did not have to share those benefits with its partner.
27  StudioCanal's auditors had requested these documents during their review. Yet despite
28  Universal's promise at the October 2012 meeting to provide these documents,

2

COMPLAINT

Universal has still failed to do so.  Further, in late November and early December 2012, Universal promised to address a small group of claims that StudioCanal believed were unassailable and readily resolved.  That did not happen.  In fact, Universal has simply stopped communicating with StudioCanal at all—not even to acknowledge the passing of dates by which Universal had promised a substantive response.

8.    Even worse, after the October 2012 meeting, Universal stopped issuing any more accounting statements and payments to StudioCanal for the motion pictures covered under the 1999 joint venture agreement.  StudioCanal has since made repeated requests for the statements and payments for the period ending June 30, 2012.  Universal has ignored the requests.  Universal has also failed to issue statements and payments to StudioCanal for the period ending September 30, 2012.

9.    In short, Universal is behaving as if its partner StudioCanal does not even exist.  It therefore gives StudioCanal no satisfaction to state that Universal has left its partner and former sibling with no choice but to litigate these claims.

## The Parties

10.    Plaintiff StudioCanal is a California corporation that is, and at all times herein mentioned was, qualified to do business in the State of California.  It is a wholly-owned subsidiary of StudioCanal SA, a corporation organized under the laws of France, with its principal place of business near Paris, France.

11.    StudioCanal is informed and believes, and on that basis alleges, that Defendant Universal City Studios, LLC is a limited liability company, and a subsidiary of NBCUniversal, LLC, a Delaware limited liability company, authorized to do business in the State of California, and doing so, and that, at all times mentioned herein, has maintained a principal place of business within Los Angeles County.

12.    StudioCanal is informed and believes, and on that basis alleges, that Defendant Universal City Studios, Inc. was a Delaware corporation, authorized to do

3

**Exhibit A, Page 49**

**EXHIBIT 1, PAGE 43**

1   business in the State of California, and doing so, and that, at all times mentioned

2   herein, maintained a principal place of business within Los Angeles County.

3         13.    In the last ten years, Universal City Studios, Inc. and Universal City

4   Studios, LLC have been bought and sold many times in transactions involving their

5   corporate parents.  As a result of such transactions and of reorganizations under the

6   laws of their states of formation, Universal City Studios, Inc. and Universal City

7   Studios, LLC may have changed their names and/or become successors-in-interest to

8   the Universal-named entities that entered into the contracts with StudioCanal that are

9   at issue in this lawsuit.  StudioCanal is informed and believes, and based thereon

10  alleges, that Defendants Universal City Studios, LLC and Defendant Universal City

11  Studios, Inc. (collectively, "Universal") are either the actual parties to these agreements

12  or successors-in-interest and are therefore the proper party defendants in this action.

13       14.    The true names and capacities of Defendants Does 1 through 50 are

14  unknown to StudioCanal who therefore sues said Defendants by such fictitious names.

15  StudioCanal is informed and believes and thereupon alleges that each of the

16  Defendants designated herein as a fictitiously named defendant is, in some manner,

17  responsible for the events and happenings herein referred to, either contractually or

18  tortiously, and caused the damages to StudioCanal as herein alleged.  StudioCanal will

19  amend this complaint to allege such true names and capacities when these facts are

20  ascertained.

21

22                **Allegations Common to All Causes of Action**

23       15.    In 1999, StudioCanal entered into a joint venture with Universal and

24  formed a partnership for the development, financing, production, and distribution of

25  motion pictures to be developed and produced by Working Title Films Limited,

26  though a document titled "Memorandum Agreement."  StudioCanal and Universal

27  amended and restated that contract in 2001 (the "Joint Venture Agreement").

28  StudioCanal hereby incorporates and alleges the Joint Venture Agreement as if fully set

4

1   forth herein.  Universal has a copy of the document and is familiar with its terms.  The

2   Joint Venture Agreement contains a confidentiality provision prohibiting its public

3   filing.  If requested, upon the entry of an appropriate protective order StudioCanal will

4   file under seal an amended pleading attaching the Joint Venture Agreement.

5        16.   Pursuant to the Joint Venture Agreement, Universal and StudioCanal

6   agreed to co-finance and distribute theatrical motion pictures developed by Working

7   Title for a five-year term.  As joint-venturers and partners, Universal owed a fiduciary

8   duty to StudioCanal.

9        17.   Pursuant to the Joint Venture Agreement, StudioCanal and Universal

10  funded the development and production of theatrical motion pictures and, once each

11  motion picture was delivered, each partner distributed the motion picture in its

12  respective, pre-assigned territories.  Each partner then collected the gross receipts

13  from such territories, deducted contractually-authorized expenses, and shared the

14  remaining revenues.

15       18.   For the next five years, the joint venture developed and distributed

16  twenty-one motion pictures.  At the conclusion of the Joint Venture Agreement's

17  term, the joint venture was sufficiently successful that StudioCanal and Universal

18  entered into a new joint venture agreement to continue their partnership.  The

19  contract was titled the "Co-Financing and Distribution Agreement" ("CDA").  The

20  parties amended the CDA in 2007, 2008, and 2009.  Universal has a copy of the CDA

21  and its amendments and is familiar with their terms.  The CDA contains a

22  confidentiality provision prohibiting its public filing.  If requested, upon the entry of

23  an appropriate protective order StudioCanal will file under seal an amended pleading

24  attaching the CDA and its amendments.

25       19.   As Universal's partner, under the CDA StudioCanal continued to fund

26  the overhead and development expenses of Working Title, continued to finance the

27  production of motion pictures produced by Working Title, and continued to distribute

28  those motion pictures in the territories and media assigned to it.

5

---

COMPLAINT

**Exhibit A, Page 51**

**EXHIBIT 1, PAGE 45**

20.   During the terms of the Joint Venture Agreement and the CDA, Universal provided StudioCanal with quarterly financial statements reporting on the business of the Joint Venture Agreement and CDA. Universal represented that these financial statements were accurate and complete. Facially, the financial statements did not present any basis for StudioCanal to question their accuracy.

21.   StudioCanal engaged auditors to review Universal's books and records pertaining to the joint venture and to the motion pictures developed, produced, and distributed under the Joint Venture Agreement and the CDA. Given the scope of Universal's and StudioCanal's partnership, however, StudioCanal's auditors did not audit all of Universal's accounting practices or all of the motion pictures developed, financed, produced, and distributed pursuant to the Joint Venture Agreement and the CDA. Instead, StudioCanal's auditors selected a sample of motion pictures and, of those motion pictures, selected a sample of practices and transactions to review. In Fall 2012, StudioCanal received reports from its auditors that reflected their work.

22.   On October 10, 2012 StudioCanal delivered those audit reports to Universal: (a) an October 2012 report prepared by Grant Thornton UK LLP concerning development and overhead costs under the Joint Venture Agreement and the CDA for the period January 1, 1999 to December 31, 2010; (b) an October 2012 report prepared by Grant Thornton UK LLP concerning production costs charged by Universal on selected Working Title motion pictures; (c) a September 25, 2012 report prepared by Green Hasson & Janks LLP concerning the "domestic" (United States and Canada) distribution of six motion pictures, from inception through the accounting period ending September 30, 2010; (d) an October 2012 report prepared by Grant Thornton UK LLP concerning Universal's theatrical distribution of specified motion pictures in listed foreign countries, from inception to June 30, 2010; and (e) an October 2012 report prepared by Grant Thornton UK LLP concerning Universal's home video distribution of specified motion pictures in listed foreign countries, from inception to June 30, 2010 (collectively, the "Audit Reports").

6

COMPLAINT

23.     Despite Universal's unwillingness, inability, and failure to provide StudioCanal's auditors with complete information (by itself, a concern), the Audit Reports revealed that Universal had improperly accounted for activities of the joint venture, provided inaccurate and misleading financial statements to StudioCanal that concealed these matters and, based on the work of the auditors, owed StudioCanal tens of millions of dollars under the Joint Venture Agreement.  It was only during the auditing process in 2011 and 2012—itself delayed and hindered by Universal's lack of cooperation and failure to maintain adequate records of the Joint Venture's and Universal's activities—that StudioCanal uncovered these claims.

24.     StudioCanal discovered multiple instances where Universal breached its fiduciary duty to StudioCanal, breached agreements with StudioCanal, and made false statements upon which StudioCanal relied to its detriment.  Below are a few examples of this improper conduct:

a.     Universal funded and managed the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement by, among other things: (i) failing to refund to StudioCanal overhead and development costs for a motion picture, *The Interpreter*, that StudioCanal elected not to fund, and (ii) charging to StudioCanal, and not refunding, development costs for motion pictures produced *after* the joint venture concluded;

b.     Universal failed to account to StudioCanal for Universal's distribution of motion pictures in accordance with the terms of the Joint Venture Agreement by, among other things: (i) double-charging StudioCanal for production fees and overhead costs; (ii) neglecting to account to StudioCanal the full revenues generated by the motion pictures, including revenues from copyright royalties, music publishing rights, clip rights, and other ancillary rights; (iii) charging unsubstantiated home video manufacturing costs; and (iv) deducting third-party participations from sums otherwise owed to

7

COMPLAINT

StudioCanal based on calculations of what those participation amounts might turn out to be in the future (and, thus, in inflated amounts) instead of Universal's actual payments to these third parties;

    c.    Universal withheld monies owed to StudioCanal for, among other things: (i) excess contributions StudioCanal made toward the development of motion pictures covered by the Joint Venture Agreement, and (ii) the revenues obscured by Universal's improper accounting methods described above;

    d.    Universal failed to obtain or failed to properly account for vendor rebates that reduced its expenses;

    e.    Universal failed to maintain books and records sufficient to allow StudioCanal to conduct complete audits, and failed to maintain documents that would purportedly corroborate millions of dollars in expenses and costs that Universal deducted from gross revenues.

    25.    Universal also inhibited StudioCanal's auditors from performing their work. Universal refused to respond to the auditors' inquiries concerning certain expenses in Universal's financial statements. Universal declined to provide the auditors with information about potential additional sources of revenue still unaccounted for in Universal's statements.

    26.    And, because Universal did not provide StudioCanal's auditors with complete records and because the auditors did not audit each motion picture, in each territory for which Universal had distribution duties, in each form (medium) of distribution, the auditors did not determine the total sum Universal owes StudioCanal pursuant to the Joint Venture Agreement.

    27.    The CDA requires that claims related to Universal's obligations under that agreement be resolved through a private arbitration. StudioCanal has served a demand on Universal to commence that dispute resolution procedure, and intends to pursue its claims on motion pictures covered by the CDA pursuant to it. The claims currently known that arise from the Joint Venture Agreement are brought herein.

8

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty Under the Joint Venture Agreement

### (Against All Defendants)

28.     StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

29.     A valid and enforceable partnership and joint venture agreement existed between StudioCanal, on the one hand, and Universal, on the other: the Joint Venture Agreement.  Pursuant to that agreement, both Universal and StudioCanal undertook to fund the development and overhead expenses of Working Title, and to fund the production of theatrical motion pictures, to distribute the motion pictures, and jointly profit from that activity.  At all relevant times, StudioCanal fully performed its obligations under the Joint Venture Agreement.

30.     By virtue of the joint-venture relationship, Universal owed StudioCanal a fiduciary duty, which included the duty to act with the highest good faith towards StudioCanal regarding the affairs of the joint venture.

31.     StudioCanal is informed and believes, and on that basis alleges, that Universal breached its fiduciary duty to StudioCanal and intended to cause injury to StudioCanal by, among other things: (a) funding and managing the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement; (b) failing to account to StudioCanal for Universal's distribution of produced motion pictures in accordance with the terms of the Joint Venture Agreement; (c) providing intentionally incomplete, inaccurate, and misleading financial statements to StudioCanal; (d) withholding monies owed to StudioCanal; (e) failing to maintain adequate record-keeping of the Joint Venture's and Universal's activities; (f) refusing to provide to StudioCanal's auditors documentation and information related to Universal's accounting treatment for motion pictures covered by the Joint Venture Agreement; and (g) failing to issue accounting statements and payments, starting with the accounting period ending on June 30, 2012.  Because of the

9

1   necessarily limited nature of the audits and the resulting Audit Reports, the foregoing

2   is not intended to constitute a complete statement of each breach of fiduciary duty that

3   Universal committed against StudioCanal.

4     32. As a direct and proximate result of Universal's breach of fiduciary duty,

5   StudioCanal has suffered millions of dollars of monetary damages, in an amount to be

6   proven at trial.

7     33. Universal's breach a fiduciary duty was willful, oppressive, and malicious.

8   As a result, StudioCanal is entitled to an award of punitive damages.

9

10   

**SECOND CAUSE OF ACTION**

11   **Constructive Fraud Arising From the Joint Venture Agreement**

12   **(Against All Defendants)**

13     34. StudioCanal re-alleges and incorporates by this reference paragraphs 1-

14   33, above, as though set forth in full.

15     35. The Joint Venture Agreement created a valid and enforceable partnership

16   and joint venture between StudioCanal, on the one hand, and Universal, on the other.

17   Pursuant to that agreement, both Universal and StudioCanal undertook to fund the

18   development and overhead expenses of Working Title, and to fund the production of

19   theatrical motion pictures, to distribute the motion pictures, and jointly profit from

20   that activity. At all relevant times, StudioCanal fully performed its obligations under

21   the Joint Venture Agreement.

22     36. By virtue of the joint-venture relationship, Universal owed StudioCanal a

23   fiduciary duty to act with the highest good faith towards StudioCanal regarding the

24   affairs of the joint venture.

25     37. StudioCanal is informed and believes, and on that basis alleges, that

26   Universal breached its fiduciary duty to StudioCanal and intended to cause injury to

27   StudioCanal as described in the First Cause of Action. For example, Universal

28   breached its fiduciary duty by, among other things: (a) failing to refund to StudioCanal

10

COMPLAINT

**Exhibit A, Page 56**

**EXHIBIT 1, PAGE 50**

overhead and development costs for a motion picture, *The Interpreter*, that StudioCanal elected not to fund; (b) charging StudioCanal, and not refunding, development costs for motion pictures—including *Birdsong*, *Tinker Tailor*, and *Rush*—produced *after* the joint venture concluded; (c) withholding from StudioCanal the return of excess contributions StudioCanal made toward the development of motion pictures covered by the Joint Venture Agreement; (d) double-charging StudioCanal for production fees and overhead costs; (e) neglecting to account to StudioCanal or share with StudioCanal the full revenues generated by the motion pictures covered by the Joint Venture Agreement, including revenue from copyright royalties, music publishing rights, clip rights, and other ancillary rights; and (f) charging unsubstantiated home video manufacturing costs.  Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete statement of each breach of fiduciary duty that Universal committed against StudioCanal.

38.   Universal concealed its fiduciary breaches from StudioCanal by repeatedly providing StudioCanal with inaccurate and misleading financial statements.

39.   StudioCanal justifiably relied on Universal's misleading financial statements as complete and accurate accountings of the business of the joint venture and, on that basis, did not detect Universal's breaches for many years.

40.   As a direct and proximate result of StudioCanal's justifiable reliance on Universal's conduct and misrepresentations, Universal gained an advantage over StudioCanal by retaining for itself significant sums of money that rightfully belonged to StudioCanal.  Because Universal owed a fiduciary duty to StudioCanal as a partner and joint-venturer, Universal's conduct towards StudioCanal and StudioCanal's reliance thereon constitutes constructive fraud.

41.   As a direct and proximate result, StudioCanal suffered damages in an amount to be proven at trial.

11

COMPLAINT

1   42.   Universal's constructive fraud was willful, oppressive, and malicious. As

2   a result, StudioCanal is entitled to an award of punitive damages.

3

4   **THIRD CAUSE OF ACTION**

5   **Breach of Contract**

6   **(Against All Defendants)**

7   43.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-

8   27, above, as though set forth in full.

9   44.   The Joint Venture Agreement is a valid, enforceable, and binding

10   contract between StudioCanal, on the one hand, and Universal, on the other.

11   45.   At all relevant times, StudioCanal fully performed its obligations under

12   the Joint Venture Agreement.

13   46.   Universal materially breached the Joint Venture Agreement by, among

14   other things: (a) funding and managing the development and overhead operations of

15   Working Title contrary to the terms of the Joint Venture Agreement; (b) failing to

16   account to StudioCanal for Universal's distribution of produced motion pictures in

17   accordance with the terms of the Joint Venture Agreement; (c) providing incomplete,

18   inaccurate, and misleading financial statements to StudioCanal; (d) withholding monies

19   owed to StudioCanal; (e) failing to maintain adequate record-keeping of the Joint

20   Venture's and Universal's activities, including records that purportedly corroborated

21   millions of dollars in expenses and costs Universal deducted from gross revenues;

22   (f) refusing to provide to StudioCanal's auditors documentation and information

23   related to Universal's accounting treatment for motion pictures covered by the Joint

24   Venture Agreement; and (g) failing to issue accounting statements and payments,

25   starting with the accounting period ending on June 30, 2012.  Because of the

26   necessarily limited nature of the audits and the resulting Audit Reports, the foregoing

27   is not intended to constitute a complete statement of each breach of contract that

28   Universal committed against StudioCanal.

12

COMPLAINT

47.   As a direct and proximate result of Universal's breaches, StudioCanal has suffered damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

48.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

49.   The Joint Venture Agreement contains an implied covenant that Universal will act toward StudioCanal in good faith and with fair dealing. The implied covenant imposes upon Universal the duty not to take any action with the motive to, or that would, frustrate StudioCanal's enjoyment of its rights or benefits under the Joint Venture Agreement.

50.   Universal breached the covenant of good faith and fair dealing implied in the Joint Venture Agreement by taking action to frustrate StudioCanal's enjoyment of its rights, including, among other things: (a) failing to account reasonably to StudioCanal for revenues generated by Joint Venture Agreement motion pictures whose distribution rights were licensed collectively with motion pictures that were not part of the joint venture; (b) failing to account reasonably for revenues generated by the license of Internet-based distribution rights; (c) failing to account reasonably for product placement agreements; (d) failing to obtain or failing to account reasonably for vendor rebates; (e) deducting third-party participations from sums otherwise owed to StudioCanal based on calculations of what those participation amounts might turn out to be in the future (and, thus, in inflated amounts) instead of Universal's actual payments to these third parties; and (f) failing to provide StudioCanal's auditors with information about potential sources of additional revenue unaccounted for in Universal's financial statements. Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete

13



1  statement of each breach of the implied covenant of good faith and fair dealing that

2  Universal committed against StudioCanal.

3       51.    As a direct and proximate result of these breaches of the implied

4  covenant of good faith and fair dealing, StudioCanal has been damaged in an amount

5  to be proven at trial.

6

7                          **FIFTH CAUSE OF ACTION**

8                              **Account Stated**

9                           **(Against All Defendants)**

10      52.    StudioCanal re-alleges and incorporates by this reference paragraphs 1-

11  27, above, as though set forth in full.

12      53.    Pursuant to the Joint Venture Agreement, Universal obligated itself to

13  provide StudioCanal with reasonably detailed accounting statements for each motion

14  picture covered by the Joint Venture Agreement, and to issue such statements to

15  StudioCanal within 90 days of the close of each accounting quarter ("Quarterly

16  Reports").

17      54.    Each Quarterly Report is required to provide a statement of the aggregate

18  gross receipts Universal received for each quarterly accounting period, as well as such

19  gross receipts received on a cumulative basis, dating back to the subject motion

20  picture's release.  Such Quarterly Reports are to also provide a statement of permitted

21  deductions from such gross receipts, again reporting on a cumulative basis, leaving a

22  balance due StudioCanal on account of each subject motion picture.

23      55.    Such Quarterly Reports constitute a written account stated between the

24  parties for each subject motion picture and a statement of a balance due and owing to

25  StudioCanal.  Universal agreed in the Joint Venture Agreement to pay StudioCanal all

26  amounts owing on each such account stated for each subject motion picture.

27

28

                                      14

                                   COMPLAINT

56.   As described above and as discovery is likely to uncover, Universal has failed to pay StudioCanal the sums owing pursuant to each account stated, despite demand from StudioCanal.

57.   There is now due, owing, and unpaid from Universal to StudioCanal sums in excess of the jurisdictional minimum of this Court but not less than several million dollars, plus interest thereon, from and after the date Universal failed to pay each such account stated.  StudioCanal is prepared to amend this pleading to state the precise amounts and dates of each such account stated when it has completed the necessary discovery.

58.   There is now due, owing, and unpaid from Universal to StudioCanal a sum to be proven at trial.

## SIXTH CAUSE OF ACTION

### Accounting

### (Against All Defendants)

59.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

60.   Pursuant to the Joint Venture Agreement, Universal obligated itself to provide StudioCanal with reasonably detailed Quarterly Reports.

61.   Each Quarterly Report is required to provide a statement of the aggregate gross receipts Universal received for each quarterly accounting period, as well as such gross receipts received on a cumulative basis, dating back to the release of each motion picture covered by the Joint Venture Agreement.  Such Quarterly Reports are to also provide a statement of permitted deductions from such gross receipts, again reporting on a cumulative basis, leaving a balance due StudioCanal on account of each subject motion picture.

15

62. During the term of the Joint Venture Agreement, Universal generated gross receipts from its exploitation of the subject motion pictures, a portion of which is due StudioCanal.

63. As described above and as discovery is likely to uncover, Universal failed to account to StudioCanal the true and complete sums owing pursuant to Joint Venture Agreement, despite demand from StudioCanal.

64. In addition, Universal has failed to issue accounting statements at all, starting with the accounting period ending on September 30, 2012.

65. As a result, the amount due to StudioCanal related to the subject motion pictures is unknown to StudioCanal and cannot be ascertained without an accurate accounting from Universal for each subject motion picture.

WHEREFORE, StudioCanal prays for judgment as follows:

1. An award of actual and compensatory damages, in an amount to be proven at trial;

2. An award of punitive damages;

3. An accounting;

4. An award of costs of suit herein;

5. An award of attorneys' fees; and

6. Such other and further relief as the Court deems just and proper.

Dated: February 28, 2013

Robert M. Schwartz
James M. Pearl
Harrison A. Whitman
Nikolas A. Primack
O'MELVENY & MYERS LLP

By/ Robert M. Schwartz
Robert M. Schwartz
Attorneys for Plaintiff StudioCanal (US)

16

COMPLAINT

**Exhibit A, Page 62**

**EXHIBIT 1, PAGE 56**

**CM-010**

| | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Robert M. Schwartz (#117166/rschwartz@omm.com)
James M. Pearl (#198481/jpearl@omm.com)
O'Melveny & Myers LLP
1999 Avenue of the Stars, Seventh Floor
TELEPHONE NO. (310) 553-6700    FAX NO. (310) 246-6779
ATTORNEY FOR *(Name):* StudioCanal (US)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk (County) Courthouse

CASE NAME:
StudioCanal (US) v. Universal City Studios, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC501920 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[✓] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Six Causes of Action (continued on Attachment A)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2013

Robert M. Schwartz
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Exhibit A, Page 63**

**EXHIBIT 1, PAGE 57**

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

 

## Attachment A to Civil Case Cover Sheet

4. Number of causes of action (specify):  Six causes of action

- First Cause of Action for Breach of Fiduciary Duty

- Second Cause of Action for Constructive Fruad

- Third Cause of Action for Breach of Contract

- Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing

- Fifth Cause of Action for Account Stated

- Sixth Cause of Action for Accounting

 

| SHORT TITLE | CASE NUMBER |
|---|---|
| StudioCanal (US) v. Universal City Studios, LLC | BC 5 0 1 9 2 6 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| StudioCanal (US) v. Universal City Studios, LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☑ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit A, Page 67

EXHIBIT 1, PAGE 61




| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

 

| SHORT TITLE | CASE NUMBER |
|---|---|
| StudioCanal (US) v. Universal City Studios, LLC | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS Optional Filing in Central District pursuant to Los Angeles County Court Rules No. 2.3(B) |
|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE | ZIP CODE: |
|---|---|---|
| | | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk (County)___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___February 28, 2013___

___(SIGNATURE OF ATTORNEY/FILING PARTY)___

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit A, Page 69

EXHIBIT 1, PAGE 63

1 │ KENDALL BRILL & KLIEGER LLP
   │ Richard B. Kendall (90072)
2 │   *rkendall@kbkfirm.com*
   │ Philip M. Kelly (212714)
3 │   *pkelly@kbkfirm.com*
   │ Ashlee L. Hansen (261002)
4 │   *ahansen@kbkfirm.com*
   │ William A. Jacobson (287593)
5 │   *wjacobson@kbkfirm.com*
   │ 10100 Santa Monica Blvd., Suite 1725
6 │ Los Angeles, California  90067
   │ Telephone: 310.556.2700
7 │ Facsimile:  310.556.2705

8 │ Attorneys for Universal City Studios LLC

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 2 8 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

9

10 │ **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 │ **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

12

13 │ STUDIOCANAL (US), a California
   │ corporation,
14 │
   │            Plaintiff,
15 │
   │      v.
16 │
   │ UNIVERSAL CITY STUDIOS, LLC, a
17 │ limited liability company and subsidiary of
   │ NBCUniversal, LLC, a Delaware limited
18 │ liability company; UNIVERSAL CITY
   │ STUDIOS, INC., a corporation organized
19 │ under the laws of Delaware; and Does 1-50,
   │
20 │            Defendants.

Case No. BC501926

**DEFENDANT UNIVERSAL CITY
STUDIOS LLC'S ANSWER TO
COMPLAINT FOR:  (1) BREACH OF
FIDUCIARY DUTY; (2) CONSTRUCTIVE
FRAUD; (3) BREACH OF CONTRACT;
(4) BREACH OF THE IMPLIED
COVENANT OF GOOD FAITH AND
FAIR DEALING; (5) ACCOUNT
STATED; AND (6) ACCOUNTING.**

Department 32
Hon. Mary H. Strobel

Action Filed:      February 28, 2013

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd
Suite 1725
Los Angeles, CA 90067

130636

**Exhibit A, Page 70**

**EXHIBIT 1, PAGE 64**

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S ANSWER TO COMPLAINT

1    Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant

2    Universal City Studios LLC ("Defendant") hereby answers the Complaint of Plaintiff StudioCanal

3    (US) ("Plaintiff").  Defendant denies each and every allegation of the Complaint and further

4    denies that Plaintiff is entitled to any relief whatsoever.

5                                **AFFIRMATIVE DEFENSES**

6            Defendant further pleads the following separate and additional defenses.  By pleading

7    these defenses, Defendant does not in any way agree or concede that it has the burden of proof or

8    persuasion on any of these issues.  Defendant reserves the right to assert such additional

9    affirmative defenses as discovery indicates are proper.

10                              **FIRST AFFIRMATIVE DEFENSE**

11              **(Failure To State A Claim Upon Which Relief May Be Granted)**

12           1.       The Complaint fails to state a claim upon which relief can be granted.

13                            **SECOND AFFIRMATIVE DEFENSE**

14                                  **(Statute Of Limitations)**

15           2.       The Complaint is barred, in whole or in part, by the statute of limitations.

16   Specifically, Plaintiff's claims for breach of fiduciary duty, breach of contract, breach of the

17   implied covenant of good faith and fair dealing, account stated, and accounting are barred by the

18   four-year statute of limitations set forth in Code of Civil Procedure ("CCP") section 337.

19   Plaintiff's claim for constructive fraud is barred by three-year limitations period set forth in CCP

20   section 338(d).

21                             **THIRD AFFIRMATIVE DEFENSE**

22                                    **(Waiver/Estoppel)**

23           3.       The Complaint is barred, in whole or in part, by the doctrine of waiver and/or

24   estoppel.

25                             **FOURTH AFFIRMATIVE DEFENSE**

26                                        **(Laches)**

27           4.       The Complaint is barred, in whole or in part, by the doctrine of laches.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Exhibit A, Page 71

130636                                  1                              **EXHIBIT 1, PAGE 65**

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S ANSWER TO COMPLAINT

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Failure To Plead Fraud With Particularity)

3        5.     The Complaint is barred, in whole or in part, based on a failure to plead fraud with

4 particularity.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Offset)

7        6.     The Complaint is barred, in whole or in part, based on principles of offset.

8

## SEVENTH AFFIRMATIVE DEFENSE

9

### (Setoff And Recoupment)

10        7.     The Complaint is barred, in whole or in part, based on principles of setoff and

11 recoupment.

12

## EIGHTH AFFIRMATIVE DEFENSE

13

### (Unjust Enrichment)

14        8.     The Complaint is barred, in whole or in part, based on principles of unjust

15 enrichment.

16

## NINTH AFFIRMATIVE DEFENSE

17

### (Failure To Mitigate Damages)

18        9.     The Complaint is barred, in whole or in part, based on a failure to mitigate

19 damages.

20

## TENTH AFFIRMATIVE DEFENSE

21

### (Arbitration Requirement)

22      10.    The Complaint is barred, in whole or in part, based on Plaintiff's failure to arbitrate

23 claims that are subject to a mandatory arbitration provision.

24

## ELEVENTH AFFIRMATIVE DEFENSE

25

### (Improper Venue)

26      11.    The Complaint is barred, in whole or in part, based on improper venue.

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130636

1        WHEREFORE, Defendant prays for relief as follows:

2        1.      That the Complaint be dismissed, with prejudice and in its entirety;

3        2.      That Plaintiff take nothing by this action and that judgment be entered against

4   Plaintiff and in favor of Defendant;

5        3.      That Defendant be awarded its attorneys' fees and costs incurred in defending this

6   action;

7        4.      That Defendant be granted such other and further relief as the Court may deem just

8   and proper.

9   Dated: March 28, 2013                    KENDALL BRILL & KLIEGER LLP

10

11                                   By:   _____

12                                         Philip M. Kelly
                                           Attorneys for Universal City Studios LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130636

**Exhibit A, Page 73**

3

**EXHIBIT 1, PAGE 67**

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
**STUDIOCANAL (US), a California corporation v. UNIVERSAL**
**CITY STUDIOS, LLC, et al., LASC Case No. BC501926**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Blvd., Suite 1725, Los Angeles, California 90067.

On March 28, 2013, I served true copies of the following documents described as **DEFENDANT UNIVERSAL CITY STUDIOS LLC'S ANSWER TO COMPLAINT FOR: (1) BREACH OF FIDUCIARY DUTY; (2) CONSTRUCTIVE FRAUD; (3) BREACH OF CONTRACT; (4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; (5) ACCOUNT STATED; AND (6) ACCOUNTING** on the interested parties in this action as follows:

> Robert M. Schwartz, Esq.
> Email Address: rschwartz@omm.com
> James M. Pearl, Esq.
> Email Address: jpearl@omm.com
> Harrison A. Whitman, Esq.
> Email Address: hwhitman@omm.com
> Nikolas A. Primack, Esq.
> Email Address: nprimack@omm.com
> O'MELVENY & MYERS LLP
> 1999 Avenue of the Stars, Seventh Floor
> Los Angeles, CA 90067-6035
> Telephone:  (310) 553-6700
> Facsimile:  (310) 246-6779

*Attorneys for Plaintiff StudioCanal (US)*

**BY PERSONAL SERVICE:** I caused the document to be served by hand to the offices of each interested party at the address indicated above or on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 28, 2013, at Los Angeles, California.

Geri Hunter

Geri Hunter

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130830.1

**Exhibit A, Page 74**

**EXHIBIT 1, PAGE 68**

# DECLARATION OF
# GABRIELA KORNZWEIG

## DECLARATION OF GABRIELA KORNZWEIG

I, Gabriela Kornzweig, declare as follows:

1.     I am the Secretary of Universal Studios Company LLC.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated herein.

2.     I am familiar with the corporate organization of the various formal business entities and informal operational units that encompass the full scope of operations that occur under the "Universal" umbrella of companies.  I also am familiar with the corporate structure of Comcast Corporation, which controls the existing Universal entity, Universal City Studios LLC, named as defendant in this action.  Based on company records maintained in the ordinary course of business, I have determined that:

a.     Defendant Universal City Studios LLC was at the time of the filing of this action, and is now, a limited liability company organized under the laws of Delaware; its sole member is VUE NewCo LLC.  VUE NewCo LLC is a Delaware limited liability company owned 99% by USI Entertainment LLC and 1% by Universal Studios Company LLC.

b.     USI Entertainment LLC was at the time of the filing of this action, and is now, a limited liability company organized under the laws of Delaware, the sole member of which is Universal Studios Company LLC.

c.     Universal Studios Company LLC was at the time of the filing of this action, and is now, a Delaware limited liability company; its sole member is NBCU Acquisition Sub LLC.  NBCU Acquisition Sub LLC was at the time of the filing of this action, and is now, a Delaware limited liability company; its sole member was at the time of the filing of this action, and is now, NBCUniversal Media, LLC.

d.     NBCUniversal Media, LLC was at the time of the filing of this action, and is now, a Delaware limited liability company.  Its sole member was at

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130793.1                          **Exhibit A, Page 76**                          **DECL. PAGE 69**

the time of the filing of this action, and is now, NBCUniversal, LLC, a Delaware limited liability company.  The members of NBCUniversal, LLC were at the time of the filing of this action: (i) Comcast Navy Acquisition, LLC, a Delaware limited liability company; (ii) Comcast Navy Contribution, LLC, a Delaware limited liability company; and (iii) Navy Holdings, Inc., a Delaware corporation with its principal place of business in Connecticut.  Effective March 19, 2013, the members of NBCUniversal, LLC are: (i) Comcast Navy Acquisition, LLC; (ii) Comcast Navy Contribution, LLC; and (iii) NBCUniversal Enterprise, Inc., a Delaware corporation with its principal place of business in Delaware.

      e.    The sole member of Comcast Navy Acquisition, LLC was at the time of the filing of this action, and is now, Comcast Corporation.  Comcast Corporation was at the time of the filing of this action, and is now, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

      f.    All of the entities in the corporate structure between Comcast Navy Contribution, LLC and Comcast Corporation were at the time of the filing of this action, and are now, either (i) Delaware limited liability companies whose members ultimately are corporations incorporated in Delaware or Pennsylvania with principal places of business in Delaware or Pennsylvania or (ii) corporations incorporated in Delaware or Pennsylvania, with principal places of business in either Delaware or Pennsylvania.  None of the entities within this structure is a California citizen – none of the entities is incorporated in California, none has its principal place of business in California, and none has members or partners who are California citizens.

      3.    Universal City Studios, Inc., which was named as a Defendant in this action, was not an existing legal entity at the time of the filing of this action, and is not now, an existing legal entity.  In 2002, Universal City Studios, Inc. was converted into Universal City Studios LLLP.  In 2011, Universal City Studios LLLP merged into Universal City Studios LLC.  Through this conversion and merger,

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130793.1

Exhibit A, Page 77

DECL. PAGE 70

1  Universal City Studios, Inc. did not survive and ceased to exist as a corporate entity.

2  I have attached hereto as Exhibit A a true and correct copy of a print out from the

3  California Secretary of State's website showing that Universal City Studios, Inc. is

4  no longer a business entity active in California.

5

6       I declare under penalty of perjury under the laws of the United States of

7  America that the foregoing is true and correct.

8

9       Executed March 27, 2013, at Universal City, California.

10

11       Gabriela Kornzweig

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130793.1

**Exhibit A, Page 78**

5

**DECL. PAGE 71**

# EXHIBIT A

Business Search - Business Entities - Business Programs

*All people Speak without discrimination*
*common good* *privacy* *Liberty* *Conscience*

## California Secretary of State Debra Bowen

| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

### Business Entities (BE)

Online Services
- **E-File Statements of Information for Corporations**
- **Business Search**
- **Processing Times**
- **Disclosure Search**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business Solicitations**

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, March 22, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | UNIVERSAL CITY STUDIOS, INC. |
| Entity Number: | C0502328 |
| Date Filed: | 01/03/1966 |
| Status: | SURRENDER |
| Jurisdiction: | DELAWARE |
| Entity Address: | 100 UNIVERSAL CITY PLAZA |
| Entity City, State, Zip: | UNIVERSAL CITY CA 91608 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 W SEVENTH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**   **New Search**   **Printer Friendly**   **Back to Search Results**

**Privacy Statement** | **Free Document Readers**
Copyright © 2013   California Secretary of State

Exhibit A, Page 80

**EXHIBIT A, PAGE 72**

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of Los Angeles, State of California.  My business address is 10100 Santa
4  Monica Blvd., Suite 1725, Los Angeles, California  90067.

5          On March 28, 2013, I served true copies of the following document(s) described as
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)**
6  **DECLARATION OF GABRIELA KORNZWEIG IN SUPPORT THEREOF** on the
interested parties in this action as follows:

7

8          Robert M. Schwartz, Esq.
           rschwartz@omm.com
           James M. Pearl, Esq.
9          jpearl@omm.com
           Harrison A. Whitman, Esq.
10         hwhitman@omm.com
           Nikolas A. Primack, Esq.
11         nprimack@omm.com
           O'MELVENY & MYERS LLP
12         1999 Avenue of the Stars
           Seventh Floor
13         Los Angeles, CA  90067-6035

14         *Attorneys for Plaintiff StudioCanal (US)*

15
           **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office
16  of the addressee(s).

17         I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
18  Court at whose direction the service was made.

19         Executed on March 28, 2013, at Los Angeles, California.

20

21                                                                Dawn F. Mancil

22

23

24

25

26

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit A, Page 81**

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    *rkendall@kbkfirm.com*
   Philip M. Kelly (212714)
3    *pkelly@kbkfirm.com*
   Ashlee L. Hansen (261002)
4    *ahansen@kbkfirm.com*
   William A. Jacobson (287593)
5    *wjacobson@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California 90067
   Telephone:  310.556.2700
7  Facsimile:  310.556.2705

8  Attorneys for Universal City Studios LLC

9
                    **UNITED STATES DISTRICT COURT**

10
     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11
                     CV13-02250 GW (AGRx)

12
   STUDIOCANAL (US), a California          Case No.
13 Corporation,
                                          **CERTIFICATION AND NOTICE**
14              Plaintiff,                **OF INTERESTED PARTIES**

15         v.

16 UNIVERSAL CITY STUDIOS, LLC, a
   limited liability company and subsidiary
17 of NBCUniversal, LLC, a Delaware
   limited liability company;
18 UNIVERSAL CITY STUDIOS, INC., a
   corporation organized under the laws of
19 Delaware; and Does 1-50,

20              Defendants.

21

22

23

24

25

26

27

28

   **Kendall Brill**
   **& Klieger LLP**
   10100 Santa Monica Blvd.
   Suite 1725
   Los Angeles, CA 90067

   130843

                    **Exhibit A, Page 82**
        CERTIFICATION AND NOTICE OF INTERESTED PARTIES

1    TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

2    RECORD:

3        Pursuant to Local Rule 7.1-1, defendant Universal City Studios LLC

4    respectfully submits this Certification and Notice of Interested Parties to identify

5    parties that may have a direct, pecuniary interest in the outcome of this case.  These

6    representations are made to enable the Court to evaluate possible disqualification or

7    recusal.

8

9        StudioCanal (US)                          Plaintiff

10       Universal City Studios LLC                 Defendant

11       Universal City Studios, Inc.               Defendant

12

13       Universal City Studios, Inc. was converted into Universal City Studios LLLP

14   and merged into Universal City Studios LLC and is no longer an existing legal

15   entity.  NBCUniversal Media, LLC is the indirect parent company of Universal City

16   Studios LLC and has a direct, pecuniary interest in the outcome of this case.

17   NBCUniversal Media, LLC is indirectly owned by Comcast Corporation.  Comcast

18   Corporation is publicly traded in the United States.

19

20   Dated:  March 28, 2013                KENDALL BRILL & KLIEGER LLP

21

22

23   By: _____

24                                             Philip M. Kelly
                                              Attorneys for Universal City Studios LLC
25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130843

**Exhibit A, Page 83**

CERTIFICATION AND NOTICE OF INTERESTED PARTIES

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa
4 Monica Blvd., Suite 1725, Los Angeles, California 90067.

5      On March 28, 2013, I served true copies of the following document(s) described as **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** on the interested parties in
6 this action as follows:

7      Robert M. Schwartz, Esq.
       rschwartz@omm.com
8      James M. Pearl, Esq.
       jpearl@omm.com
9      Harrison A. Whitman, Esq.
       hwhitman@omm.com
10     Nikolas A. Primack, Esq.
       nprimack@omm.com
11     O'MELVENY & MYERS LLP
       1999 Avenue of the Stars
12     Seventh Floor
       Los Angeles, CA 90067-6035
13
14     *Attorneys for Plaintiff StudioCanal (US)*

15      **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).
16
17      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
18
19      Executed on March 28, 2013, at Los Angeles, California.

20

21     Dawn F. Mancil

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

STUDIOCANAL (US), a California corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

UNIVERSAL CITY STUDIOS LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of the State of Delaware; and Does 1-50

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Fl.
Los Angeles, CA 90067-6035
(310) 553-6700

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
KENDALL BRILL & KLIEGER LLP
10100 Santa Monica Blvd., Ste. 1725
Los Angeles, CA 90067
(310) 556-2700

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT:** $ Exceeding $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff's state court complaint contains six causes of action: (1) Breach of Fiduciary Duty; (2) Constructive Fraud; (3) Breach of Contract; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Account Stated; and (6) Accounting. Defendant Universal City Studios LLC removed this action from state court under 28 U.S.C. §1441.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☒ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-02250

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**Exhibit A, Page 85**

CV-71 (02/13)     CIVIL COVER SHEET     Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | Paris, France |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | Delaware, Pennsylvania |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**                DATE: March 28, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**Exhibit A, Page 86**

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 10100 Santa
4 Monica Blvd., Suite 1725, Los Angeles, California  90067.

5      On March 28, 2013, I served true copies of the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as follows:
6

7      Robert M. Schwartz, Esq.
       rschwartz@omm.com
       James M. Pearl, Esq.
8      jpearl@omm.com
       Harrison A. Whitman, Esq.
9      hwhitman@omm.com
       Nikolas A. Primack, Esq.
10     nprimack@omm.com
       O'MELVENY & MYERS LLP
11     1999 Avenue of the Stars
       Seventh Floor
12     Los Angeles, CA  90067-6035

13     *Attorneys for Plaintiff StudioCanal (US)*

14
       **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office
15 of the addressee(s).

16     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this
17 Court at whose direction the service was made.

18     Executed on March 28, 2013, at Los Angeles, California.

19

20     _____
       Dawn F. Mancil

21

22

23

24

25

26

27

28

**Exhibit A, Page 87**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is First Legal Support Services, 1517 West Beverly Boulevard, Los Angeles, CA  90026.

On March 29, 2013, I served true copies of the following document(s) described as **NOTICE TO THE CLERK OF THE SUPERIOR COURT RE REMOVAL OF CIVIL ACTION** on the interested parties in this action as follows:

Robert M. Schwartz, Esq.
rschwartz@omm.com
James M. Pearl, Esq.
jpearl@omm.com
Harrison A. Whitman, Esq.
hwhitman@omm.com
Nikolas A. Primack, Esq.
nprimack@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Seventh Floor
Los Angeles, CA  90067-6035

*Attorneys for Plaintiff StudioCanal (US)*

**BY PERSONAL SERVICE:**  I delivered the document(s) by hand to the offices of each interested party at the address indicated above or on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 29, 2013, at Los Angeles, California.

Edward Bates
First Legal Support Services

**Exhibit A, Page 88**

130897.1

# EXHIBIT B

1   KENDALL BRILL & KLIEGER LLP
    Richard B. Kendall (90072)
2    *rkendall@kbkfirm.com*
    Philip M. Kelly (212714)
3    *pkelly@kbkfirm.com*
    Ashlee L. Hansen (261002)
4    *ahansen@kbkfirm.com*
    William A. Jacobson (287593)
5    *wjacobson@kbkfirm.com*
    10100 Santa Monica Blvd., Suite 1725
6   Los Angeles, California  90067
    Telephone:  310.556.2700
7   Facsimile:  310.556.2705

8   Attorneys for Universal City Studios LLC

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                         **COUNTY OF LOS ANGELES**

12

13   STUDIOCANAL (US), a California          Case No. BC501926
     Corporation,
14                                           **NOTICE TO ADVERSE PARTY**
                  Plaintiff,                 **RE:  REMOVAL OF CIVIL**
15                                           **ACTION**
          v.
16
     UNIVERSAL CITY STUDIOS, LLC, a
17   limited liability company and subsidiary   Complaint Filed:   02/28/13
     of NBCUniversal, LLC, a Delaware          Trial Date:        N/A
18   limited liability company;
     UNIVERSAL CITY STUDIOS, INC., a
19   corporation organized under the laws of
     Delaware; and Does 1-50,
20
                  Defendants.
21

22

23

24

25

26

27

28                      **Exhibit B, Page 89**

130638

NOTICE TO ADVERSE PARTY RE: REMOVAL OF CIVIL ACTION

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725

1    TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on March 28_, 2013, defendant Universal City

3    Studios LLC filed a Notice of Removal of the above-entitled action to the United

4    States District Court for the Central District of California.  A true and correct copy

5    of the Notice of Removal filed with the federal court is attached hereto as Exhibit

6    "A."

7

8    Dated:  March 29, 2013         KENDALL BRILL & KLIEGER LLP

9

10

11                      By: _____

12                         Philip M. Kelly
                          Attorneys for Universal City Studios LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130638

**Exhibit B, Page 90**

NOTICE TO ADVERSE PARTY RE:  REMOVAL OF CIVIL ACTION

# EXHIBIT A

FILED

13 MAR 28 PM 4:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2    rkendall@kbkfirm.com
   Philip M. Kelly (212714)
3    pkelly@kbkfirm.com
   Ashlee L. Hansen (261002)
4    ahansen@kbkfirm.com
   William A. Jacobson (287593)
5    wjacobson@kbkfirm.com
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California  90067
   Telephone:   310.556.2700
7  Facsimile:   310.556.2705

8  Attorneys for Universal City Studios LLC

9

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

                    CV13-02250 GW (AGPx)

12

| | |
|---|---|
| STUDIOCANAL (US), a California Corporation, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY); DECLARATION OF GABRIELA KORNZWEIG IN SUPPORT THEREOF** |
| v. | |
| UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50, | |
| Defendants. | |

21

22

23

24

25

26

27

28

130673.1                    **Exhibit B, Page 92**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY)**

1    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Universal City

2  Studios LLC ("Universal") hereby removes to this Court the state court action

3  described below.

4    In support of this Notice of Removal, Universal alleges as follows:

5    1.    On or about February 28, 2013, plaintiff StudioCanal (US)

6  ("StudioCanal") commenced this action by filing an unverified Complaint in the

7  Superior Court of the State of California, County of Los Angeles, entitled

8  *StudioCanal (US) v. Universal City Studios LLC, et al.*, Case No. BC501926 (the

9  "State Court Action").  The Complaint in the State Court Action contains six causes

10  of action:  (1) Breach of Fiduciary Duty; (2) Constructive Fraud; (3) Breach of

11  Contract; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5)

12  Account Stated; and (6) Accounting.  A true and correct copy of the Complaint and

13  all other process and pleadings from the State Court Action are attached hereto as

14  "Exhibit 1" and incorporated by reference.

15    2.    Universal was served with a copy of the Complaint in the State Court

16  Action on March 1, 2013.  This Notice of Removal is being filed with this Court

17  within thirty days of the date on which service of the Summons and Complaint was

18  effected on Universal and is therefore timely.  *Murphy Bros., Inc. v. Michetti Pipe*

19  *Stringing, Inc.*, 526 U.S. 344, 354 (1999) (thirty-day removal period runs from

20  service of summons and complaint).

21    3.    StudioCanal also named Universal City Studios, Inc. as a defendant in

22  the State Court Action.  Universal City Studios, Inc. was not at the time of the filing

23  of this action, and is not now, an existing legal entity.  In 2002, Universal City

24  Studios, Inc. was converted into Universal City Studios LLLP.  In 2011, Universal

25  City Studios LLLP merged into Universal City Studios LLC.  Through this

26  conversion and merger, Universal City Studios, Inc. did not survive and ceased to

27  exist as a corporate entity.  *See* Declaration of Gabriela Kornzweig ("Kornzweig

28  Decl.") ¶ 3.  Because Universal City Studios, Inc. was not at the time of filing, and

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit B, Page 93**

130673.1                                   1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY)

1  is not now, an existing legal entity, it is not a proper party to this action and need not

2  consent to removal. *See, e.g., Kolker v. VNUS Med. Techs., Inc.*, No. CV 10-00900-

3  JF-PVT, 2010 WL 3059220, *3 (N.D. Cal. Aug. 2, 2010) ("[A]fter the merger and

4  complete transfer of all of its assets and liabilities to Tyco, VNUS ceased to exist as

5  a separate legal entity and thus could not properly be joined as a party to the instant

6  action."). To the extent consent to removal is required from this nonexistent entity,

7  Universal, into which Universal City Studios, Inc. was converted and merged,

8  hereby consents.[1]

9      4.    Universal is not aware of the existence of or service of any "Doe"

10  defendant; consequently, no further consent to removal is required. *See Emrich v.*

11  *Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. W. States*

12  *Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded on other grounds*

13  *by statute*, 28 U.S.C. § 1441(e), *as recognized in Ethridge v. Harbor House Rest.*,

14  861 F.2d 1389, 1392 n.3 (9th Cir. 1988).

15      5.    On March 28, 2013, Universal filed an Answer to the Complaint in the

16  State Court Action, a true and correct copy of which is included in Exhibit 1.

17      6.    This is a civil action over which this Court has original jurisdiction

18  under 28 U.S.C. § 1332(a), and is one which may be removed to this Court under 28

19  U.S.C. § 1441(a) in that it is a civil action between citizens of different states and

20  the matter in controversy is alleged to exceed the sum or value of $75,000, exclusive

21  of interest and costs. Because the State Court Action is pending in the Los Angeles

22  County Superior Court, removal of the State Court Action to this District Court is

23  proper under 28 U.S.C. §§ 1441(a) and 1446(a).

24

25  ───────────────────

[1] Plaintiff has attempted to serve Universal City Studios, Inc. by delivering a
26  copy of the Summons and Complaint to the California Secretary of State on March
13, 2013. *See* Ex. 1. Whether such service is valid is immaterial because, as noted
27  above, Universal City Studios, Inc. is not a proper party to this action and, in any
event, Universal has consented to removal and removal is timely.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit B, Page 94**

130673.1                                    2

## DIVERSITY OF CITIZENSHIP

6.   StudioCanal was at the time of the filing of this action, and is now, a citizen of the State of California.  StudioCanal is a California corporation with its principal place of business near Paris, France.  (*See* Ex. 1 [Complaint] ¶ 10.)

7.   Universal is not now, and was not at the time of the filing of the State Court Action, a citizen of the State of California.  *See* Kornzweig Decl. ¶ 2.  A limited liability company is a citizen of any state where any of its members is a citizen, and its location of operations is disregarded for diversity citizenship purposes.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), *Hartstein v. Rembrandt IP Solutions, LLC*, Case No. 12-CV-02270, 2012 U.S. Dist. LEXIS 66488, at *3 (N.D. Cal. May 11, 2012).

8.   Universal was at the time of the filing of this action, and is now, a limited liability company organized under the laws of Delaware; its sole member is VUE NewCo, LLC.  VUE NewCo, LLC is a Delaware limited liability company owned 99% by USI Entertainment LLC and 1% by Universal Studios Company LLC.  *See* Kornzweig Decl. ¶ 2(a).

9.   USI Entertainment LLC was at the time of the filing of this action, and is now, a limited liability company organized under the laws of Delaware, the sole member of which is Universal Studios Company LLC.  *See* Kornzweig Decl. ¶ 2(b).

10.   Universal Studios Company LLC was at the time of the filing of this action, and is now, a Delaware limited liability company; its sole member is NBCU Acquisition Sub LLC.  NBCU Acquisition Sub LLC was at the time of the filing of this action, and is now, a Delaware limited liability company; its sole member was at the time of the filing of this action, and is now, NBCUniversal Media, LLC.  *See* Kornzweig Decl. ¶ 2(c).

11.   NBCUniversal Media, LLC was at the time of the filing of this action, and is now, a Delaware limited liability company.  Its sole member was at the time of the filing of this action, and is now, NBCUniversal, LLC, a Delaware limited

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130673.1

**Exhibit B, Page 95**
3

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

liability company.  The members of NBCUniversal, LLC were at the time of the filing of this action: (i) Comcast Navy Acquisition, LLC, a Delaware limited liability company; (ii) Comcast Navy Contribution, LLC, a Delaware limited liability company; and (iii) Navy Holdings, Inc., a Delaware corporation with its principal place of business in Connecticut.   Effective March 19, 2013, the members of NBCUniversal, LLC are: (i) Comcast Navy Acquisition, LLC; (ii) Comcast Navy Contribution, LLC; and (iii) NBCUniversal Enterprise, Inc., a Delaware corporation with its principal place of business in Delaware.  *See* Kornzweig Decl. ¶ 2(d).

12.     The sole member of Comcast Navy Acquisition, LLC was at the time of the filing of this action, and is now, Comcast Corporation.  Comcast Corporation was at the time of the filing of this action, and is now, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.  *See* Kornzweig Decl. ¶ 2(e).

13.     All of the entities in the corporate structure between Comcast Navy Contribution, LLC and Comcast Corporation were at the time of the filing of this action, and are now, either (i) Delaware limited liability companies whose members ultimately are corporations incorporated in Delaware or Pennsylvania with principal places of business in Delaware or Pennsylvania or (ii) corporations incorporated in Delaware or Pennsylvania, with principal places of business in either Delaware or Pennsylvania.  None of the entities within this structure is a California citizen – none of the entities is incorporated in California, none has its principal place of business in California, and none has members or partners who are California citizens.  *See* Kornzweig Decl. ¶ 2(f).

13.     Universal City Studios, Inc., which is not an existing legal entity and therefore not a proper party to this action, is not in any event a citizen of California.  A company that merges into another company adopts the citizenship of the merged company for diversity purposes.  *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (affirming that a California corporation's merger with a

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130673.1

**Exhibit B, Page 96**
4

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

1   Delaware corporation changed the former's citizenship because "the separate

2   existence of the disappearing corporations ceases" after merger).  Accordingly, to

3   the extent its citizenship is considered, Universal City Studios, Inc. is considered to

4   have the same citizenship as Universal, which is detailed above.

5       14.    For the reasons set forth above, there is complete diversity between the

6   parties for purposes of removal.

7                           **AMOUNT IN CONTROVERSY**

8       15.    With respect to the amount in controversy, the threshold amount is

9   satisfied in this action.  In measuring the amount in controversy for purposes of

10  diversity jurisdiction, "a court must assume that the allegations of the complaint are

11  true and assume that a jury will return a verdict for the plaintiff on all claims made

12  in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.

13  Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks omitted).  In

14  addition, the Court should aggregate damages in determining whether the amount in

15  controversy exceeds $75,000.  *See Bank of Cal. Nat'l Ass'n v. Twin Harbors*

16  *Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a

17  single plaintiff seeks to aggregate two or more of his own claims against a single

18  defendant") (internal quotation marks omitted).

19      16.    The allegations in the Complaint sufficiently satisfy the amount in

20  controversy requirement and confirm that StudioCanal is seeking in excess of

21  $75,000.

22      17.    The Complaint in the State Court Action alleges that Universal has

23  damaged StudioCanal "tens of millions of dollars and likely much more."  (*See* Ex.

24  1 [Complaint] ¶ 1.)  This allegation alone is more than sufficient to satisfy the

25  amount in controversy.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

26  283, 290-92 (1938) (the amount in controversy is determined from the allegations or

27  prayer of the complaint).  StudioCanal is also seeking punitive damages.  (*See* Ex. 1

28  [Complaint] Prayer ¶ 2.)  "It is well established that punitive damages are part of the

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit B, Page 97**

1  amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927,

2  945 (9th Cir. 2001).

3      18.    Thus, based on the nature of StudioCanal's allegations and the relief

4  sought by StudioCanal in the Complaint – including damages of "tens of millions of

5  dollars" and an award of punitive damages – it is apparent that the amount in

6  controversy exceeds $75,000.

<strong>VENUE</strong>

8      19.    StudioCanal filed the Complaint in the Superior Court for the State of

9  California, County of Los Angeles, which is within this judicial district and division.

10  *See* 28 U.S.C. § 84(c)(2).  This Court is thus the proper court for removal under 28

11  U.S.C. §§ 1441(a), 1446(a).

<strong>NOTICE TO ADVERSE PARTIES AND SUPERIOR COURT</strong>

13      20.    Concurrently with the filing of this Notice, Universal has provided

14  written notice of removal to all adverse parties and the Superior Court and has filed

15  a copy of this Notice of Removal with the Clerk of the Los Angeles Superior Court.

<strong>CONCLUSION</strong>

17      21.    Based on the foregoing, Universal hereby removes this action from the

18  Los Angeles Superior Court to this Court, and requests that further proceedings be

19  conducted in this Court as provided by law.

21  Dated:  March 28, 2013          KENDALL BRILL & KLIEGER LLP

By: _____

Philip M. Kelly

Attorneys for Universal City Studios LLC

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130673.1

**Exhibit B, Page 98**
6

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

# EXHIBIT 1



1   Robert M. Schwartz (#117166/rschwartz@omm.com)
2   James M. Pearl (#198481/jpearl@omm.com)
    Harrison A. Whitman (#261008/hwhitman@omm.com)
3   Nikolas A. Primack (#274577/nprimack@omm.com)
    O'MELVENY & MYERS LLP
4   1999 Avenue of the Stars, Seventh Floor
    Los Angeles, California  90067-6035
5   Telephone:   (310) 553-6700
    Facsimile:   (310) 246-6779
6
    Attorneys for Plaintiff StudioCanal (US)
7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 28 2013

John A. Clarke, Executive Officer/Clerk
BY_____ Deputy
      Mary Flores

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF LOS ANGELES

10                                        BC 5 0 1 9 2 6

11   STUDIO CANAL (US), a California          Case No.
     corporation,
12                                           Complaint For:
                        Plaintiff,
13                                           1.  Breach of Fiduciary Duty
         vs.
14                                           2.  Constructive Fraud

15   UNIVERSAL CITY STUDIOS, LLC, a          3.  Breach of Contract
     limited liability company and subsidiary
16   of NBCUniversal, LLC, a Delaware        4.  Breach of the Implied Covenant
     limited liability company; UNIVERSAL        of Good Faith and Fair Dealing
17   CITY STUDIOS, INC., a corporation
     organized under the laws of Delaware;   5.  Account Stated
18   and Does 1-50,
                                             6.  Accounting
19                      Defendants.

20

21

22

23

24

25

26

27

28

                              COMPLAINT

**Exhibit B, Page 100**

**EXHIBIT 1, PAGE 7**

Plaintiff StudioCanal (US) ("StudioCanal"), for its complaint against Defendants Universal City Studios, LLC, a subsidiary of NBCUniversal, LLC, and Universal City Studios, Inc. (collectively, "Universal") alleges as follows:

### Nature of The Action

1.     This lawsuit arises from Universal's failure to honor its fiduciary and contractual duties to its partner StudioCanal—for tens of millions of dollars and likely much more—in a joint venture they formed in 1999 to fund the overhead, development, and production of motion pictures produced by Working Title Films. In addition to partnering on the financial side of the venture, StudioCanal and Universal divided responsibilities for distributing the motion pictures throughout the world. Each partner assumed the duty to report and pay to the other partner the total revenues minus authorized expenses for each assigned territory and media.

2.     For nearly ten years, Universal was delighted to accept StudioCanal's investment of hundreds of millions of dollars to offset Universal's financial obligations. During most of this period, StudioCanal and Universal were corporate siblings through common ownership by the French company Vivendi. The StudioCanal/Universal joint venture financed forty-four Working Title motion pictures, including *About A Boy, Billy Elliot, Bridget Jones Diary, Frost/Nixon, Love Actually, O Brother Where Art Thou?, Pride And Prejudice,* and *United 93.*

3.     Last October, StudioCanal concluded an audit of the joint venture's development and overhead expenses, which Universal had managed. StudioCanal also concluded audits of Universal's distribution of several of the joint venture-produced motion pictures, in several (but hardly all) Universal-assigned territories and in several (but hardly all) media.

4.     Those audits revealed that Universal was violating its fiduciary and contractual obligations to StudioCanal. For example, based on the audit reports, StudioCanal is informed and believes, and based thereon alleges that: (a) Universal

COMPLAINT

1  intentionally hid from the partnership and kept for itself benefits it derived from off-

2  balance-sheet financing arrangements; (b) Universal failed to report, or reported

3  negligible amounts of, ancillary revenue from sources such as music publishing, only to

4  somehow "find" several million dollars in such revenues after receiving the audit

5  reports; (c) Universal retained for itself financial benefits from vendors, thereby

6  profiting for itself at the expense of its partner; (d) Universal double-charged the

7  partnership for producing and other fees paid to Working Title without StudioCanal's

8  knowledge or approval; and (e) Universal deducted millions of dollars in

9  unsubstantiated expenses before reporting the results to its partner StudioCanal.

10         5.     Those are only a few of the claims in the Audit Reports.  But the audits

11  covered only six of the joint venture's forty-four motion pictures and focused on only

12  a few territories.  StudioCanal is informed and believes, and based thereon alleges that

13  Universal has underpaid its partner StudioCanal tens of millions of dollars on just the

14  issues and territories that the Audit Reports cover.

15         6.     For the last four months, StudioCanal has tried—but failed—to engage

16  Universal in a meaningful dialog about the Audit Reports and claims.  In late October

17  2012 three StudioCanal executives flew from Paris to Los Angeles to meet with

18  Universal to address and resolve the claims, based on an exchange of emails in which a

19  senior Universal executive said that he and his team would be prepared to have such

20  discussions at that meeting.  When the StudioCanal executives arrived, however, the

21  Universal team said they had not been told of any such plans, and confessed to being

22  unprepared to even *respond* to any claims, much less attempt to resolve them.

23         7.     Communications since then with Universal have been similarly

24  unproductive.  At the October meeting, Universal promised to provide StudioCanal

25  promptly with documents concerning its off-balance-sheet financing deals sufficient to

26  show StudioCanal that Universal did not have to share those benefits with its partner.

27  StudioCanal's auditors had requested these documents during their review.  Yet despite

28  Universal's promise at the October 2012 meeting to provide these documents,

Universal has still failed to do so. Further, in late November and early December 2012, Universal promised to address a small group of claims that StudioCanal believed were unassailable and readily resolved. That did not happen. In fact, Universal has simply stopped communicating with StudioCanal at all—not even to acknowledge the passing of dates by which Universal had promised a substantive response.

8.     Even worse, after the October 2012 meeting, Universal stopped issuing any more accounting statements and payments to StudioCanal for the motion pictures covered under the 1999 joint venture agreement. StudioCanal has since made repeated requests for the statements and payments for the period ending June 30, 2012. Universal has ignored the requests. Universal has also failed to issue statements and payments to StudioCanal for the period ending September 30, 2012.

9.     In short, Universal is behaving as if its partner StudioCanal does not even exist. It therefore gives StudioCanal no satisfaction to state that Universal has left its partner and former sibling with no choice but to litigate these claims.

## The Parties

10.     Plaintiff StudioCanal is a California corporation that is, and at all times herein mentioned was, qualified to do business in the State of California. It is a wholly-owned subsidiary of StudioCanal SA, a corporation organized under the laws of France, with its principal place of business near Paris, France.

11.     StudioCanal is informed and believes, and on that basis alleges, that Defendant Universal City Studios, LLC is a limited liability company, and a subsidiary of NBCUniversal, LLC, a Delaware limited liability company, authorized to do business in the State of California, and doing so, and that, at all times mentioned herein, has maintained a principal place of business within Los Angeles County.

12.     StudioCanal is informed and believes, and on that basis alleges, that Defendant Universal City Studios, Inc. was a Delaware corporation, authorized to do

1   business in the State of California, and doing so, and that, at all times mentioned

2   herein, maintained a principal place of business within Los Angeles County.

3       13.   In the last ten years, Universal City Studios, Inc. and Universal City

4   Studios, LLC have been bought and sold many times in transactions involving their

5   corporate parents.  As a result of such transactions and of reorganizations under the

6   laws of their states of formation, Universal City Studios, Inc. and Universal City

7   Studios, LLC may have changed their names and/or become successors-in-interest to

8   the Universal-named entities that entered into the contracts with StudioCanal that are

9   at issue in this lawsuit.  StudioCanal is informed and believes, and based thereon

10  alleges, that Defendants Universal City Studios, LLC and Defendant Universal City

11  Studios, Inc. (collectively, "Universal") are either the actual parties to these agreements

12  or successors-in-interest and are therefore the proper party defendants in this action.

13      14.   The true names and capacities of Defendants Does 1 through 50 are

14  unknown to StudioCanal who therefore sues said Defendants by such fictitious names.

15  StudioCanal is informed and believes and thereupon alleges that each of the

16  Defendants designated herein as a fictitiously named defendant is, in some manner,

17  responsible for the events and happenings herein referred to, either contractually or

18  tortiously, and caused the damages to StudioCanal as herein alleged.  StudioCanal will

19  amend this complaint to allege such true names and capacities when these facts are

20  ascertained.

21

22                 **Allegations Common to All Causes of Action**

23      15.   In 1999, StudioCanal entered into a joint venture with Universal and

24  formed a partnership for the development, financing, production, and distribution of

25  motion pictures to be developed and produced by Working Title Films Limited,

26  though a document titled "Memorandum Agreement."  StudioCanal and Universal

27  amended and restated that contract in 2001 (the "Joint Venture Agreement").

28  StudioCanal hereby incorporates and alleges the Joint Venture Agreement as if fully set

4

COMPLAINT

forth herein.  Universal has a copy of the document and is familiar with its terms.  The Joint Venture Agreement contains a confidentiality provision prohibiting its public filing.  If requested, upon the entry of an appropriate protective order StudioCanal will file under seal an amended pleading attaching the Joint Venture Agreement.

16.    Pursuant to the Joint Venture Agreement, Universal and StudioCanal agreed to co-finance and distribute theatrical motion pictures developed by Working Title for a five-year term.  As joint-venturers and partners, Universal owed a fiduciary duty to StudioCanal.

17.    Pursuant to the Joint Venture Agreement, StudioCanal and Universal funded the development and production of theatrical motion pictures and, once each motion picture was delivered, each partner distributed the motion picture in its respective, pre-assigned territories.  Each partner then collected the gross receipts from such territories, deducted contractually-authorized expenses, and shared the remaining revenues.

18.    For the next five years, the joint venture developed and distributed twenty-one motion pictures.  At the conclusion of the Joint Venture Agreement's term, the joint venture was sufficiently successful that StudioCanal and Universal entered into a new joint venture agreement to continue their partnership.  The contract was titled the "Co-Financing and Distribution Agreement" ("CDA").  The parties amended the CDA in 2007, 2008, and 2009.  Universal has a copy of the CDA and its amendments and is familiar with their terms.  The CDA contains a confidentiality provision prohibiting its public filing.  If requested, upon the entry of an appropriate protective order StudioCanal will file under seal an amended pleading attaching the CDA and its amendments.

19.    As Universal's partner, under the CDA StudioCanal continued to fund the overhead and development expenses of Working Title, continued to finance the production of motion pictures produced by Working Title, and continued to distribute those motion pictures in the territories and media assigned to it.

5

COMPLAINT

20.     During the terms of the Joint Venture Agreement and the CDA, Universal provided StudioCanal with quarterly financial statements reporting on the business of the Joint Venture Agreement and CDA. Universal represented that these financial statements were accurate and complete. Facially, the financial statements did not present any basis for StudioCanal to question their accuracy.

21.     StudioCanal engaged auditors to review Universal's books and records pertaining to the joint venture and to the motion pictures developed, produced, and distributed under the Joint Venture Agreement and the CDA. Given the scope of Universal's and StudioCanal's partnership, however, StudioCanal's auditors did not audit all of Universal's accounting practices or all of the motion pictures developed, financed, produced, and distributed pursuant to the Joint Venture Agreement and the CDA. Instead, StudioCanal's auditors selected a sample of motion pictures and, of those motion pictures, selected a sample of practices and transactions to review. In Fall 2012, StudioCanal received reports from its auditors that reflected their work.

22.     On October 10, 2012 StudioCanal delivered those audit reports to Universal: (a) an October 2012 report prepared by Grant Thornton UK LLP concerning development and overhead costs under the Joint Venture Agreement and the CDA for the period January 1, 1999 to December 31, 2010; (b) an October 2012 report prepared by Grant Thornton UK LLP concerning production costs charged by Universal on selected Working Title motion pictures; (c) a September 25, 2012 report prepared by Green Hasson & Janks LLP concerning the "domestic" (United States and Canada) distribution of six motion pictures, from inception through the accounting period ending September 30, 2010; (d) an October 2012 report prepared by Grant Thornton UK LLP concerning Universal's theatrical distribution of specified motion pictures in listed foreign countries, from inception to June 30, 2010; and (e) an October 2012 report prepared by Grant Thornton UK LLP concerning Universal's home video distribution of specified motion pictures in listed foreign countries, from inception to June 30, 2010 (collectively, the "Audit Reports").

6

23.    Despite Universal's unwillingness, inability, and failure to provide StudioCanal's auditors with complete information (by itself, a concern), the Audit Reports revealed that Universal had improperly accounted for activities of the joint venture, provided inaccurate and misleading financial statements to StudioCanal that concealed these matters and, based on the work of the auditors, owed StudioCanal tens of millions of dollars under the Joint Venture Agreement. It was only during the auditing process in 2011 and 2012—itself delayed and hindered by Universal's lack of cooperation and failure to maintain adequate records of the Joint Venture's and Universal's activities—that StudioCanal uncovered these claims.

24.    StudioCanal discovered multiple instances where Universal breached its fiduciary duty to StudioCanal, breached agreements with StudioCanal, and made false statements upon which StudioCanal relied to its detriment. Below are a few examples of this improper conduct:

a.    Universal funded and managed the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement by, among other things: (i) failing to refund to StudioCanal overhead and development costs for a motion picture, *The Interpreter*, that StudioCanal elected not to fund, and (ii) charging to StudioCanal, and not refunding, development costs for motion pictures produced *after* the joint venture concluded;

b.    Universal failed to account to StudioCanal for Universal's distribution of motion pictures in accordance with the terms of the Joint Venture Agreement by, among other things: (i) double-charging StudioCanal for production fees and overhead costs; (ii) neglecting to account to StudioCanal the full revenues generated by the motion pictures, including revenues from copyright royalties, music publishing rights, clip rights, and other ancillary rights; (iii) charging unsubstantiated home video manufacturing costs; and (iv) deducting third-party participations from sums otherwise owed to

7

COMPLAINT

**Exhibit B, Page 107**

**EXHIBIT 1, PAGE 14**

StudioCanal based on calculations of what those participation amounts might turn out to be in the future (and, thus, in inflated amounts) instead of Universal's actual payments to these third parties;

    c.    Universal withheld monies owed to StudioCanal for, among other things: (i) excess contributions StudioCanal made toward the development of motion pictures covered by the Joint Venture Agreement, and (ii) the revenues obscured by Universal's improper accounting methods described above;

    d.    Universal failed to obtain or failed to properly account for vendor rebates that reduced its expenses;

    e.    Universal failed to maintain books and records sufficient to allow StudioCanal to conduct complete audits, and failed to maintain documents that would purportedly corroborate millions of dollars in expenses and costs that Universal deducted from gross revenues.

    25.    Universal also inhibited StudioCanal's auditors from performing their work. Universal refused to respond to the auditors' inquiries concerning certain expenses in Universal's financial statements. Universal declined to provide the auditors with information about potential additional sources of revenue still unaccounted for in Universal's statements.

    26.    And, because Universal did not provide StudioCanal's auditors with complete records and because the auditors did not audit each motion picture, in each territory for which Universal had distribution duties, in each form (medium) of distribution, the auditors did not determine the total sum Universal owes StudioCanal pursuant to the Joint Venture Agreement.

    27.    The CDA requires that claims related to Universal's obligations under that agreement be resolved through a private arbitration. StudioCanal has served a demand on Universal to commence that dispute resolution procedure, and intends to pursue its claims on motion pictures covered by the CDA pursuant to it. The claims currently known that arise from the Joint Venture Agreement are brought herein.

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty Under the Joint Venture Agreement

### (Against All Defendants)

28.    StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

29.    A valid and enforceable partnership and joint venture agreement existed between StudioCanal, on the one hand, and Universal, on the other:  the Joint Venture Agreement.  Pursuant to that agreement, both Universal and StudioCanal undertook to fund the development and overhead expenses of Working Title, and to fund the production of theatrical motion pictures, to distribute the motion pictures, and jointly profit from that activity.  At all relevant times, StudioCanal fully performed its obligations under the Joint Venture Agreement.

30.    By virtue of the joint-venture relationship, Universal owed StudioCanal a fiduciary duty, which included the duty to act with the highest good faith towards StudioCanal regarding the affairs of the joint venture.

31.    StudioCanal is informed and believes, and on that basis alleges, that Universal breached its fiduciary duty to StudioCanal and intended to cause injury to StudioCanal by, among other things: (a) funding and managing the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement; (b) failing to account to StudioCanal for Universal's distribution of produced motion pictures in accordance with the terms of the Joint Venture Agreement; (c) providing intentionally incomplete, inaccurate, and misleading financial statements to StudioCanal; (d) withholding monies owed to StudioCanal; (e) failing to maintain adequate record-keeping of the Joint Venture's and Universal's activities; (f) refusing to provide to StudioCanal's auditors documentation and information related to Universal's accounting treatment for motion pictures covered by the Joint Venture Agreement; and (g) failing to issue accounting statements and payments, starting with the accounting period ending on June 30, 2012.  Because of the

9

COMPLAINT

**Exhibit B, Page 109**

**EXHIBIT 1, PAGE 16**

necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete statement of each breach of fiduciary duty that Universal committed against StudioCanal.

32.     As a direct and proximate result of Universal's breach of fiduciary duty, StudioCanal has suffered millions of dollars of monetary damages, in an amount to be proven at trial.

33.     Universal's breach a fiduciary duty was willful, oppressive, and malicious. As a result, StudioCanal is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### Constructive Fraud Arising From the Joint Venture Agreement
### (Against All Defendants)

34.     StudioCanal re-alleges and incorporates by this reference paragraphs 1-33, above, as though set forth in full.

35.     The Joint Venture Agreement created a valid and enforceable partnership and joint venture between StudioCanal, on the one hand, and Universal, on the other. Pursuant to that agreement, both Universal and StudioCanal undertook to fund the development and overhead expenses of Working Title, and to fund the production of theatrical motion pictures, to distribute the motion pictures, and jointly profit from that activity. At all relevant times, StudioCanal fully performed its obligations under the Joint Venture Agreement.

36.     By virtue of the joint-venture relationship, Universal owed StudioCanal a fiduciary duty to act with the highest good faith towards StudioCanal regarding the affairs of the joint venture.

37.     StudioCanal is informed and believes, and on that basis alleges, that Universal breached its fiduciary duty to StudioCanal and intended to cause injury to StudioCanal as described in the First Cause of Action. For example, Universal breached its fiduciary duty by, among other things: (a) failing to refund to StudioCanal

10

1   overhead and development costs for a motion picture, *The Interpreter,* that StudioCanal

2   elected not to fund; (b) charging StudioCanal, and not refunding, development costs

3   for motion pictures—including *Birdsong, Tinker Tailor,* and *Rush*—produced *after* the

4   joint venture concluded; (c) withholding from StudioCanal the return of excess

5   contributions StudioCanal made toward the development of motion pictures covered

6   by the Joint Venture Agreement; (d) double-charging StudioCanal for production fees

7   and overhead costs; (e) neglecting to account to StudioCanal or share with StudioCanal

8   the full revenues generated by the motion pictures covered by the Joint Venture

9   Agreement, including revenue from copyright royalties, music publishing rights, clip

10  rights, and other ancillary rights; and (f) charging unsubstantiated home video

11  manufacturing costs.  Because of the necessarily limited nature of the audits and the

12  resulting Audit Reports, the foregoing is not intended to constitute a complete

13  statement of each breach of fiduciary duty that Universal committed against

14  StudioCanal.

15      38.    Universal concealed its fiduciary breaches from StudioCanal by

16  repeatedly providing StudioCanal with inaccurate and misleading financial statements.

17      39.    StudioCanal justifiably relied on Universal's misleading financial

18  statements as complete and accurate accountings of the business of the joint venture

19  and, on that basis, did not detect Universal's breaches for many years.

20      40.    As a direct and proximate result of StudioCanal's justifiable reliance on

21  Universal's conduct and misrepresentations, Universal gained an advantage over

22  StudioCanal by retaining for itself significant sums of money that rightfully belonged

23  to StudioCanal.  Because Universal owed a fiduciary duty to StudioCanal as a partner

24  and joint-venturer, Universal's conduct towards StudioCanal and StudioCanal's

25  reliance thereon constitutes constructive fraud.

26      41.    As a direct and proximate result, StudioCanal suffered damages in an

27  amount to be proven at trial.

28

COMPLAINT

**Exhibit B, Page 111**

**EXHIBIT 1, PAGE 18**

42. Universal's constructive fraud was willful, oppressive, and malicious. As a result, StudioCanal is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

43. StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

44. The Joint Venture Agreement is a valid, enforceable, and binding contract between StudioCanal, on the one hand, and Universal, on the other.

45. At all relevant times, StudioCanal fully performed its obligations under the Joint Venture Agreement.

46. Universal materially breached the Joint Venture Agreement by, among other things: (a) funding and managing the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement; (b) failing to account to StudioCanal for Universal's distribution of produced motion pictures in accordance with the terms of the Joint Venture Agreement; (c) providing incomplete, inaccurate, and misleading financial statements to StudioCanal; (d) withholding monies owed to StudioCanal; (e) failing to maintain adequate record-keeping of the Joint Venture's and Universal's activities, including records that purportedly corroborated millions of dollars in expenses and costs Universal deducted from gross revenues; (f) refusing to provide to StudioCanal's auditors documentation and information related to Universal's accounting treatment for motion pictures covered by the Joint Venture Agreement; and (g) failing to issue accounting statements and payments, starting with the accounting period ending on June 30, 2012. Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete statement of each breach of contract that Universal committed against StudioCanal.

12

47.     As a direct and proximate result of Universal's breaches, StudioCanal has suffered damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

48.     StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

49.     The Joint Venture Agreement contains an implied covenant that Universal will act toward StudioCanal in good faith and with fair dealing.  The implied covenant imposes upon Universal the duty not to take any action with the motive to, or that would, frustrate StudioCanal's enjoyment of its rights or benefits under the Joint Venture Agreement.

50.     Universal breached the covenant of good faith and fair dealing implied in the Joint Venture Agreement by taking action to frustrate StudioCanal's enjoyment of its rights, including, among other things: (a) failing to account reasonably to StudioCanal for revenues generated by Joint Venture Agreement motion pictures whose distribution rights were licensed collectively with motion pictures that were not part of the joint venture; (b) failing to account reasonably for revenues generated by the license of Internet-based distribution rights; (c) failing to account reasonably for product placement agreements; (d) failing to obtain or failing to account reasonably for vendor rebates; (e) deducting third-party participations from sums otherwise owed to StudioCanal based on calculations of what those participation amounts might turn out to be in the future (and, thus, in inflated amounts) instead of Universal's actual payments to these third parties; and (f) failing to provide StudioCanal's auditors with information about potential sources of additional revenue unaccounted for in Universal's financial statements.  Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete

13

1   statement of each breach of the implied covenant of good faith and fair dealing that
2   Universal committed against StudioCanal.

3       51.    As a direct and proximate result of these breaches of the implied
4   covenant of good faith and fair dealing, StudioCanal has been damaged in an amount
5   to be proven at trial.

6

7                        **FIFTH CAUSE OF ACTION**
8                              **Account Stated**
9                         **(Against All Defendants)**

10      52.    StudioCanal re-alleges and incorporates by this reference paragraphs 1-
11  27, above, as though set forth in full.

12      53.    Pursuant to the Joint Venture Agreement, Universal obligated itself to
13  provide StudioCanal with reasonably detailed accounting statements for each motion
14  picture covered by the Joint Venture Agreement, and to issue such statements to
15  StudioCanal within 90 days of the close of each accounting quarter ("Quarterly
16  Reports").

17      54.    Each Quarterly Report is required to provide a statement of the aggregate
18  gross receipts Universal received for each quarterly accounting period, as well as such
19  gross receipts received on a cumulative basis, dating back to the subject motion
20  picture's release.  Such Quarterly Reports are to also provide a statement of permitted
21  deductions from such gross receipts, again reporting on a cumulative basis, leaving a
22  balance due StudioCanal on account of each subject motion picture.

23      55.    Such Quarterly Reports constitute a written account stated between the
24  parties for each subject motion picture and a statement of a balance due and owing to
25  StudioCanal.  Universal agreed in the Joint Venture Agreement to pay StudioCanal all
26  amounts owing on each such account stated for each subject motion picture.

27

28

**Exhibit B, Page 114**

**EXHIBIT 1, PAGE 21**

56.   As described above and as discovery is likely to uncover, Universal has failed to pay StudioCanal the sums owing pursuant to each account stated, despite demand from StudioCanal.

57.   There is now due, owing, and unpaid from Universal to StudioCanal sums in excess of the jurisdictional minimum of this Court but not less than several million dollars, plus interest thereon, from and after the date Universal failed to pay each such account stated.  StudioCanal is prepared to amend this pleading to state the precise amounts and dates of each such account stated when it has completed the necessary discovery.

58.   There is now due, owing, and unpaid from Universal to StudioCanal a sum to be proven at trial.

## SIXTH CAUSE OF ACTION

### Accounting

### (Against All Defendants)

59.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

60.   Pursuant to the Joint Venture Agreement, Universal obligated itself to provide StudioCanal with reasonably detailed Quarterly Reports.

61.   Each Quarterly Report is required to provide a statement of the aggregate gross receipts Universal received for each quarterly accounting period, as well as such gross receipts received on a cumulative basis, dating back to the release of each motion picture covered by the Joint Venture Agreement.  Such Quarterly Reports are to also provide a statement of permitted deductions from such gross receipts, again reporting on a cumulative basis, leaving a balance due StudioCanal on account of each subject motion picture.

62.    During the term of the Joint Venture Agreement, Universal generated gross receipts from its exploitation of the subject motion pictures, a portion of which is due StudioCanal.

63.    As described above and as discovery is likely to uncover, Universal failed to account to StudioCanal the true and complete sums owing pursuant to Joint Venture Agreement, despite demand from StudioCanal.

64.    In addition, Universal has failed to issue accounting statements at all, starting with the accounting period ending on September 30, 2012.

65.    As a result, the amount due to StudioCanal related to the subject motion pictures is unknown to StudioCanal and cannot be ascertained without an accurate accounting from Universal for each subject motion picture.

WHEREFORE, StudioCanal prays for judgment as follows:

1.    An award of actual and compensatory damages, in an amount to be proven at trial;

2.    An award of punitive damages;

3.    An accounting;

4.    An award of costs of suit herein;

5.    An award of attorneys' fees; and

6.    Such other and further relief as the Court deems just and proper.

Dated: February 28, 2013

Robert M. Schwartz
James M. Pearl
Harrison A. Whitman
Nikolas A. Primack
O'MELVENY & MYERS LLP

By/ _____
Robert M. Schwartz
Attorneys for Plaintiff StudioCanal (US)

16

COMPLAINT

**Exhibit B, Page 116**

**EXHIBIT 1, PAGE 23**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Robert M. Schwartz (#117166/rschwartz@omm.com)
James M. Pearl (#198481/jpearl@omm.com)
O'Melveny & Myers LLP
1999 Avenue of the Stars, Seventh Floor
TELEPHONE NO: (310) 553-6700   FAX NO: (310) 246-6779
ATTORNEY FOR *(Name):* StudioCanal (US)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk (County) Courthouse

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 28 2013

John A. Clarke, Executive Officer/Clerk
By Mary Flores, Deputy

CASE NAME:
StudioCanal (US) v. Universal City Studios, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 5 0 1 9 2 6 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter | ☐ Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☑ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Six Causes of Action (continued on Attachment A)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2013
Robert M. Schwartz
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

Exhibit B, Page 117

EXHIBIT 1, PAGE 24

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**Exhibit B, Page 118**

**EXHIBIT 1, PAGE 25**

## Attachment A to Civil Case Cover Sheet

4. Number of causes of action (specify): Six causes of action

- First Cause of Action for Breach of Fiduciary Duty

- Second Cause of Action for Constructive Fruad

- Third Cause of Action for Breach of Contract

- Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing

- Fifth Cause of Action for Account Stated

- Sixth Cause of Action for Accounting

 

| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER BC 5 0 1 0 2 6 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 1 of 4 |
|---|---|---|




| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☑ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 2 of 4

 

| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**Exhibit B, Page 122**

**EXHIBIT 1, PAGE 29**

 

| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>□1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>Optional Filing in Central District pursuant to Los Angeles County Court Rules No. 2.3(B) |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk (County)___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: February 28, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit B, Page 123

**EXHIBIT 1, PAGE 30**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Universal City Studios, LLC, a limited liability company and subsidiary
of NBCUniversal, LLC, a Delaware limited liability company (con't)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

StudioCanal (US), a California corporation



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 28 2013

John A. Clarke, Executive Officer/Clerk
BY _____
Mary Flores, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk (County) Courthouse<br>111 North Hill Street<br>Los Angeles, Ca, 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 501926 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert M. Schwartz, 1999 Avenue of the Stars, Seventh Floor, Los Angeles CA 90067, (310) 553-6700

| DATE: February 28, 2013<br>*(Fecha)* | JOHN A. CLARKE, | Clerk, by<br>*(Secretario)* | Mary Flores | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

   Universal City Studios, LLC, a limited
3. [X] on behalf of *(specify):* liability company and subsidiary of NBC
   Universal, LLC, a Delaware limited liability company

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**Exhibit B, Page 124**

**EXHIBIT 1, PAGE 31**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| StudioCanal (US) v. Universal City Studios, LLC | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Universal City Studios, Inc., a corporation organized under the laws of Delaware; and Does 1-50

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

**Exhibit B, Page 125**

**EXHIBIT 1, PAGE 32**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____        BC 501926

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | Other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____        JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

Exhibit B, Page 126

EXHIBIT 1, PAGE 33

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT --**

**UNLIMITED CIVIL CASE**
**Exhibit B, Page 127**

Page 2 of 2

**EXHIBIT 1, PAGE 34**

**DEBRA BOWEN** | SECRETARY OF STATE  | STATE OF CALIFORNIA
BUSINESS PROGRAMS | BUSINESS ENTITIES
1500 11th Street, 3rd floor | Sacramento, CA 95814 | Tel (916) 657-5448 | www.sos.ca.gov

March 25, 2013

RECEIVED

MAR 2 7 2013

GABRIELA KORNZWEIG

UNIVERSAL CITY STUDIOS, INC.
(official name of record)
100 UNIVERSAL CITY PLAZA
UNIVERSAL CITY, CA 91608

RE:  STUDIO CANAL (US), a California corporation vs. UNIVERSAL CITY STUDIOS,
LLC, a limited liability company and subsidiary of NBCUniversal , LLC, a
Delaware llc, et al., Superior Court of California, County of Los Angeles, Case
No. BC501926

The enclosed documents pertaining to the above referenced action were delivered to
Donna Rodriguez, Deputy Secretary of State, on March 13, 2013.

In accordance with statutory requirements, the documents are being forwarded to you.

Jana Castro
Deputy Secretary of State

Encl.
Certified Mail
rrr

**Exhibit B, Page 128**

**EXHIBIT 1, PAGE 35**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Universal City Studios, LLC, a limited liability company and subsidiary
of NBCUniversal, LLC, a Delaware limited liability company (con't)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

StudioCanal (US), a California corporation

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk (County) Courthouse | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| 111 North Hill Street<br>Los Angeles, Ca, 90012 | BC501926 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert M. Schwartz, 1999 Avenue of the Stars, Seventh Floor, Los Angeles CA 90067, (310) 553-6700

| DATE: February 28, 2013 | JOHN A. CLARKE, | Clerk, by | Mary Flores | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Universal City Studios, INC, a corporation organized under the laws of Delaware

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☒ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| StudioCanal (US) v. Universal City Studios, LLC | |

**INSTRUCTIONS FOR USE**

▶ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

▶ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

Universal City Studios, Inc., a corporation organized under the laws of Delaware; and Does 1-50

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**Exhibit B, Page 130**

**EXHIBIT 1, PAGE 37**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____    BC501926

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | Other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

**Exhibit B, Page 131**

**EXHIBIT 1, PAGE 38**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

Exhibit B, Page 132

EXHIBIT 1, PAGE 39



Robert M. Schwartz (#117166/rschwartz@omm.com)
James M. Pearl (#198481/jpearl@omm.com)
Harrison A. Whitman (#261008/hwhitman@omm.com)
Nikolas A. Primack (#274577/nprimack@omm.com)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

Attorneys for Plaintiff StudioCanal (US)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California

FEB 3 0 2013

_____

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

BC 5 0 1 9 2 6

STUDIO CANAL (US), a California corporation,

                    Plaintiff,

        vs.

UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50,

                    Defendants.

Case No.

Complaint For:

1.  **Breach of Fiduciary Duty**

2.  **Constructive Fraud**

3.  **Breach of Contract**

4.  **Breach of the Implied Covenant of Good Faith and Fair Dealing**

5.  **Account Stated**

6.  **Accounting**

COMPLAINT

**Exhibit B, Page 133**

**EXHIBIT 1, PAGE 40**

Plaintiff StudioCanal (US) ("StudioCanal"), for its complaint against Defendants Universal City Studios, LLC, a subsidiary of NBCUniversal, LLC, and Universal City Studios, Inc. (collectively, "Universal") alleges as follows:

### Nature of The Action

1.       This lawsuit arises from Universal's failure to honor its fiduciary and contractual duties to its partner StudioCanal—for tens of millions of dollars and likely much more—in a joint venture they formed in 1999 to fund the overhead, development, and production of motion pictures produced by Working Title Films. In addition to partnering on the financial side of the venture, StudioCanal and Universal divided responsibilities for distributing the motion pictures throughout the world. Each partner assumed the duty to report and pay to the other partner the total revenues minus authorized expenses for each assigned territory and media.

2.       For nearly ten years, Universal was delighted to accept StudioCanal's investment of hundreds of millions of dollars to offset Universal's financial obligations. During most of this period, StudioCanal and Universal were corporate siblings through common ownership by the French company Vivendi. The StudioCanal/Universal joint venture financed forty-four Working Title motion pictures, including *About A Boy, Billy Elliot, Bridget Jones Diary, Frost/Nixon, Love Actually, O Brother Where Art Thou?, Pride And Prejudice,* and *United 93.*

3.       Last October, StudioCanal concluded an audit of the joint venture's development and overhead expenses, which Universal had managed. StudioCanal also concluded audits of Universal's distribution of several of the joint venture-produced motion pictures, in several (but hardly all) Universal-assigned territories and in several (but hardly all) media.

4.       Those audits revealed that Universal was violating its fiduciary and contractual obligations to StudioCanal. For example, based on the audit reports, StudioCanal is informed and believes, and based thereon alleges that: (a) Universal



1  intentionally hid from the partnership and kept for itself benefits it derived from off-

2  balance-sheet financing arrangements; (b) Universal failed to report, or reported

3  negligible amounts of, ancillary revenue from sources such as music publishing, only to

4  somehow "find" several million dollars in such revenues after receiving the audit

5  reports; (c) Universal retained for itself financial benefits from vendors, thereby

6  profiting for itself at the expense of its partner; (d) Universal double-charged the

7  partnership for producing and other fees paid to Working Title without StudioCanal's

8  knowledge or approval; and (e) Universal deducted millions of dollars in

9  unsubstantiated expenses before reporting the results to its partner StudioCanal.

10       5.     Those are only a few of the claims in the Audit Reports. But the audits

11  covered only six of the joint venture's forty-four motion pictures and focused on only

12  a few territories. StudioCanal is informed and believes, and based thereon alleges that

13  Universal has underpaid its partner StudioCanal tens of millions of dollars on just the

14  issues and territories that the Audit Reports cover.

15       6.     For the last four months, StudioCanal has tried—but failed—to engage

16  Universal in a meaningful dialog about the Audit Reports and claims. In late October

17  2012 three StudioCanal executives flew from Paris to Los Angeles to meet with

18  Universal to address and resolve the claims, based on an exchange of emails in which a

19  senior Universal executive said that he and his team would be prepared to have such

20  discussions at that meeting. When the StudioCanal executives arrived, however, the

21  Universal team said they had not been told of any such plans, and confessed to being

22  unprepared to even **_respond_** to any claims, much less attempt to resolve them.

23       7.     Communications since then with Universal have been similarly

24  unproductive. At the October meeting, Universal promised to provide StudioCanal

25  promptly with documents concerning its off-balance-sheet financing deals sufficient to

26  show StudioCanal that Universal did not have to share those benefits with its partner.

27  StudioCanal's auditors had requested these documents during their review. Yet despite

28  Universal's promise at the October 2012 meeting to provide these documents,

2

COMPLAINT

1   Universal has still failed to do so.  Further, in late November and early December

2   2012, Universal promised to address a small group of claims that StudioCanal believed

3   were unassailable and readily resolved.  That did not happen.  In fact, Universal has

4   simply stopped communicating with StudioCanal at all—not even to acknowledge the

5   passing of dates by which Universal had promised a substantive response.

6         8.     Even worse, after the October 2012 meeting, Universal stopped issuing

7   any more accounting statements and payments to StudioCanal for the motion pictures

8   covered under the 1999 joint venture agreement.  StudioCanal has since made repeated

9   requests for the statements and payments for the period ending June 30, 2012.

10  Universal has ignored the requests.  Universal has also failed to issue statements and

11  payments to StudioCanal for the period ending September 30, 2012.

12        9.     In short, Universal is behaving as if its partner StudioCanal does not even

13  exist.  It therefore gives StudioCanal no satisfaction to state that Universal has left its

14  partner and former sibling with no choice but to litigate these claims.

15

16                              **The Parties**

17        10.    Plaintiff StudioCanal is a California corporation that is, and at all times

18  herein mentioned was, qualified to do business in the State of California.  It is a

19  wholly-owned subsidiary of StudioCanal SA, a corporation organized under the laws of

20  France, with its principal place of business near Paris, France.

21        11.    StudioCanal is informed and believes, and on that basis alleges, that

22  Defendant Universal City Studios, LLC is a limited liability company, and a subsidiary

23  of NBCUniversal, LLC, a Delaware limited liability company, authorized to do

24  business in the State of California, and doing so, and that, at all times mentioned

25  herein, has maintained a principal place of business within Los Angeles County.

26        12.    StudioCanal is informed and believes, and on that basis alleges, that

27  Defendant Universal City Studios, Inc. was a Delaware corporation, authorized to do

28

                              3
                          COMPLAINT

1   business in the State of California, and doing so, and that, at all times mentioned

2   herein, maintained a principal place of business within Los Angeles County.

3          13.    In the last ten years, Universal City Studios, Inc. and Universal City

4   Studios, LLC have been bought and sold many times in transactions involving their

5   corporate parents.  As a result of such transactions and of reorganizations under the

6   laws of their states of formation, Universal City Studios, Inc. and Universal City

7   Studios, LLC may have changed their names and/or become successors-in-interest to

8   the Universal-named entities that entered into the contracts with StudioCanal that are

9   at issue in this lawsuit.  StudioCanal is informed and believes, and based thereon

10  alleges, that Defendants Universal City Studios, LLC and Defendant Universal City

11  Studios, Inc. (collectively, "Universal") are either the actual parties to these agreements

12  or successors-in-interest and are therefore the proper party defendants in this action.

13         14.    The true names and capacities of Defendants Does 1 through 50 are

14  unknown to StudioCanal who therefore sues said Defendants by such fictitious names.

15  StudioCanal is informed and believes and thereupon alleges that each of the

16  Defendants designated herein as a fictitiously named defendant is, in some manner,

17  responsible for the events and happenings herein referred to, either contractually or

18  tortiously, and caused the damages to StudioCanal as herein alleged.  StudioCanal will

19  amend this complaint to allege such true names and capacities when these facts are

20  ascertained.

21

22                 **Allegations Common to All Causes of Action**

23         15.    In 1999, StudioCanal entered into a joint venture with Universal and

24  formed a partnership for the development, financing, production, and distribution of

25  motion pictures to be developed and produced by Working Title Films Limited,

26  though a document titled "Memorandum Agreement."  StudioCanal and Universal

27  amended and restated that contract in 2001 (the "Joint Venture Agreement").

28  StudioCanal hereby incorporates and alleges the Joint Venture Agreement as if fully set

4

COMPLAINT



1  forth herein.  Universal has a copy of the document and is familiar with its terms.  The

2  Joint Venture Agreement contains a confidentiality provision prohibiting its public

3  filing.  If requested, upon the entry of an appropriate protective order StudioCanal will

4  file under seal an amended pleading attaching the Joint Venture Agreement.

5       16.    Pursuant to the Joint Venture Agreement, Universal and StudioCanal

6  agreed to co-finance and distribute theatrical motion pictures developed by Working

7  Title for a five-year term.  As joint-venturers and partners, Universal owed a fiduciary

8  duty to StudioCanal.

9       17.    Pursuant to the Joint Venture Agreement, StudioCanal and Universal

10  funded the development and production of theatrical motion pictures and, once each

11  motion picture was delivered, each partner distributed the motion picture in its

12  respective, pre-assigned territories.  Each partner then collected the gross receipts

13  from such territories, deducted contractually-authorized expenses, and shared the

14  remaining revenues.

15       18.    For the next five years, the joint venture developed and distributed

16  twenty-one motion pictures.  At the conclusion of the Joint Venture Agreement's

17  term, the joint venture was sufficiently successful that StudioCanal and Universal

18  entered into a new joint venture agreement to continue their partnership.  The

19  contract was titled the "Co-Financing and Distribution Agreement" ("CDA").  The

20  parties amended the CDA in 2007, 2008, and 2009.  Universal has a copy of the CDA

21  and its amendments and is familiar with their terms.  The CDA contains a

22  confidentiality provision prohibiting its public filing.  If requested, upon the entry of

23  an appropriate protective order StudioCanal will file under seal an amended pleading

24  attaching the CDA and its amendments.

25       19.    As Universal's partner, under the CDA StudioCanal continued to fund

26  the overhead and development expenses of Working Title, continued to finance the

27  production of motion pictures produced by Working Title, and continued to distribute

28  those motion pictures in the territories and media assigned to it.

5

COMPLAINT

20. During the terms of the Joint Venture Agreement and the CDA, Universal provided StudioCanal with quarterly financial statements reporting on the business of the Joint Venture Agreement and CDA. Universal represented that these financial statements were accurate and complete. Facially, the financial statements did not present any basis for StudioCanal to question their accuracy.

21. StudioCanal engaged auditors to review Universal's books and records pertaining to the joint venture and to the motion pictures developed, produced, and distributed under the Joint Venture Agreement and the CDA. Given the scope of Universal's and StudioCanal's partnership, however, StudioCanal's auditors did not audit all of Universal's accounting practices or all of the motion pictures developed, financed, produced, and distributed pursuant to the Joint Venture Agreement and the CDA. Instead, StudioCanal's auditors selected a sample of motion pictures and, of those motion pictures, selected a sample of practices and transactions to review. In Fall 2012, StudioCanal received reports from its auditors that reflected their work.

22. On October 10, 2012 StudioCanal delivered those audit reports to Universal: (a) an October 2012 report prepared by Grant Thornton UK LLP concerning development and overhead costs under the Joint Venture Agreement and the CDA for the period January 1, 1999 to December 31, 2010; (b) an October 2012 report prepared by Grant Thornton UK LLP concerning production costs charged by Universal on selected Working Title motion pictures; (c) a September 25, 2012 report prepared by Green Hasson & Janks LLP concerning the "domestic" (United States and Canada) distribution of six motion pictures, from inception through the accounting period ending September 30, 2010; (d) an October 2012 report prepared by Grant Thornton UK LLP concerning Universal's theatrical distribution of specified motion pictures in listed foreign countries, from inception to June 30, 2010; and (e) an October 2012 report prepared by Grant Thornton UK LLP concerning Universal's home video distribution of specified motion pictures in listed foreign countries, from inception to June 30, 2010 (collectively, the "Audit Reports").

6

COMPLAINT

23.     Despite Universal's unwillingness, inability, and failure to provide StudioCanal's auditors with complete information (by itself, a concern), the Audit Reports revealed that Universal had improperly accounted for activities of the joint venture, provided inaccurate and misleading financial statements to StudioCanal that concealed these matters and, based on the work of the auditors, owed StudioCanal tens of millions of dollars under the Joint Venture Agreement.  It was only during the auditing process in 2011 and 2012—itself delayed and hindered by Universal's lack of cooperation and failure to maintain adequate records of the Joint Venture's and Universal's activities—that StudioCanal uncovered these claims.

24.     StudioCanal discovered multiple instances where Universal breached its fiduciary duty to StudioCanal, breached agreements with StudioCanal, and made false statements upon which StudioCanal relied to its detriment.  Below are a few examples of this improper conduct:

a.     Universal funded and managed the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement by, among other things: (i) failing to refund to StudioCanal overhead and development costs for a motion picture, *The Interpreter*, that StudioCanal elected not to fund, and (ii) charging to StudioCanal, and not refunding, development costs for motion pictures produced *after* the joint venture concluded;

b.     Universal failed to account to StudioCanal for Universal's distribution of motion pictures in accordance with the terms of the Joint Venture Agreement by, among other things: (i) double-charging StudioCanal for production fees and overhead costs; (ii) neglecting to account to StudioCanal the full revenues generated by the motion pictures, including revenues from copyright royalties, music publishing rights, clip rights, and other ancillary rights; (iii) charging unsubstantiated home video manufacturing costs; and (iv) deducting third-party participations from sums otherwise owed to

7

StudioCanal based on calculations of what those participation amounts might turn out to be in the future (and, thus, in inflated amounts) instead of Universal's actual payments to these third parties;

      c.     Universal withheld monies owed to StudioCanal for, among other things: (i) excess contributions StudioCanal made toward the development of motion pictures covered by the Joint Venture Agreement, and (ii) the revenues obscured by Universal's improper accounting methods described above;

      d.     Universal failed to obtain or failed to properly account for vendor rebates that reduced its expenses;

      e.     Universal failed to maintain books and records sufficient to allow StudioCanal to conduct complete audits, and failed to maintain documents that would purportedly corroborate millions of dollars in expenses and costs that Universal deducted from gross revenues.

      25.     Universal also inhibited StudioCanal's auditors from performing their work. Universal refused to respond to the auditors' inquiries concerning certain expenses in Universal's financial statements. Universal declined to provide the auditors with information about potential additional sources of revenue still unaccounted for in Universal's statements.

      26.     And, because Universal did not provide StudioCanal's auditors with complete records and because the auditors did not audit each motion picture, in each territory for which Universal had distribution duties, in each form (medium) of distribution, the auditors did not determine the total sum Universal owes StudioCanal pursuant to the Joint Venture Agreement.

      27.     The CDA requires that claims related to Universal's obligations under that agreement be resolved through a private arbitration. StudioCanal has served a demand on Universal to commence that dispute resolution procedure, and intends to pursue its claims on motion pictures covered by the CDA pursuant to it. The claims currently known that arise from the Joint Venture Agreement are brought herein.

8

COMPLAINT

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty Under the Joint Venture Agreement

### (Against All Defendants)

28.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

29.   A valid and enforceable partnership and joint venture agreement existed between StudioCanal, on the one hand, and Universal, on the other: the Joint Venture Agreement.  Pursuant to that agreement, both Universal and StudioCanal undertook to fund the development and overhead expenses of Working Title, and to fund the production of theatrical motion pictures, to distribute the motion pictures, and jointly profit from that activity.  At all relevant times, StudioCanal fully performed its obligations under the Joint Venture Agreement.

30.   By virtue of the joint-venture relationship, Universal owed StudioCanal a fiduciary duty, which included the duty to act with the highest good faith towards StudioCanal regarding the affairs of the joint venture.

31.   StudioCanal is informed and believes, and on that basis alleges, that Universal breached its fiduciary duty to StudioCanal and intended to cause injury to StudioCanal by, among other things: (a) funding and managing the development and overhead operations of Working Title contrary to the terms of the Joint Venture Agreement; (b) failing to account to StudioCanal for Universal's distribution of produced motion pictures in accordance with the terms of the Joint Venture Agreement; (c) providing intentionally incomplete, inaccurate, and misleading financial statements to StudioCanal; (d) withholding monies owed to StudioCanal; (e) failing to maintain adequate record-keeping of the Joint Venture's and Universal's activities; (f) refusing to provide to StudioCanal's auditors documentation and information related to Universal's accounting treatment for motion pictures covered by the Joint Venture Agreement; and (g) failing to issue accounting statements and payments, starting with the accounting period ending on June 30, 2012.  Because of the

9

1  necessarily limited nature of the audits and the resulting Audit Reports, the foregoing

2  is not intended to constitute a complete statement of each breach of fiduciary duty that

3  Universal committed against StudioCanal.

4      32.   As a direct and proximate result of Universal's breach of fiduciary duty,

5  StudioCanal has suffered millions of dollars of monetary damages, in an amount to be

6  proven at trial.

7      33.   Universal's breach a fiduciary duty was willful, oppressive, and malicious.

8  As a result, StudioCanal is entitled to an award of punitive damages.

9

10  ## SECOND CAUSE OF ACTION

11  ### Constructive Fraud Arising From the Joint Venture Agreement

12  ### (Against All Defendants)

13      34.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-

14  33, above, as though set forth in full.

15      35.   The Joint Venture Agreement created a valid and enforceable partnership

16  and joint venture between StudioCanal, on the one hand, and Universal, on the other.

17  Pursuant to that agreement, both Universal and StudioCanal undertook to fund the

18  development and overhead expenses of Working Title, and to fund the production of

19  theatrical motion pictures, to distribute the motion pictures, and jointly profit from

20  that activity. At all relevant times, StudioCanal fully performed its obligations under

21  the Joint Venture Agreement.

22      36.   By virtue of the joint-venture relationship, Universal owed StudioCanal a

23  fiduciary duty to act with the highest good faith towards StudioCanal regarding the

24  affairs of the joint venture.

25      37.   StudioCanal is informed and believes, and on that basis alleges, that

26  Universal breached its fiduciary duty to StudioCanal and intended to cause injury to

27  StudioCanal as described in the First Cause of Action. For example, Universal

28  breached its fiduciary duty by, among other things: (a) failing to refund to StudioCanal

10

COMPLAINT

overhead and development costs for a motion picture, *The Interpreter*, that StudioCanal elected not to fund; (b) charging StudioCanal, and not refunding, development costs for motion pictures—including *Birdsong*, *Tinker Tailor*, and *Rush*—produced *after* the joint venture concluded; (c) withholding from StudioCanal the return of excess contributions StudioCanal made toward the development of motion pictures covered by the Joint Venture Agreement; (d) double-charging StudioCanal for production fees and overhead costs; (e) neglecting to account to StudioCanal or share with StudioCanal the full revenues generated by the motion pictures covered by the Joint Venture Agreement, including revenue from copyright royalties, music publishing rights, clip rights, and other ancillary rights; and (f) charging unsubstantiated home video manufacturing costs.  Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete statement of each breach of fiduciary duty that Universal committed against StudioCanal.

38.     Universal concealed its fiduciary breaches from StudioCanal by repeatedly providing StudioCanal with inaccurate and misleading financial statements.

39.     StudioCanal justifiably relied on Universal's misleading financial statements as complete and accurate accountings of the business of the joint venture and, on that basis, did not detect Universal's breaches for many years.

40.     As a direct and proximate result of StudioCanal's justifiable reliance on Universal's conduct and misrepresentations, Universal gained an advantage over StudioCanal by retaining for itself significant sums of money that rightfully belonged to StudioCanal.  Because Universal owed a fiduciary duty to StudioCanal as a partner and joint-venturer, Universal's conduct towards StudioCanal and StudioCanal's reliance thereon constitutes constructive fraud.

41.     As a direct and proximate result, StudioCanal suffered damages in an amount to be proven at trial.

COMPLAINT

1     42.    Universal's constructive fraud was willful, oppressive, and malicious. As

2    a result, StudioCanal is entitled to an award of punitive damages.

3

4                  **THIRD CAUSE OF ACTION**

5                     **Breach of Contract**

6               **(Against All Defendants)**

7     43.    StudioCanal re-alleges and incorporates by this reference paragraphs 1-

8    27, above, as though set forth in full.

9     44.    The Joint Venture Agreement is a valid, enforceable, and binding

10   contract between StudioCanal, on the one hand, and Universal, on the other.

11     45.    At all relevant times, StudioCanal fully performed its obligations under

12   the Joint Venture Agreement.

13     46.    Universal materially breached the Joint Venture Agreement by, among

14   other things: (a) funding and managing the development and overhead operations of

15   Working Title contrary to the terms of the Joint Venture Agreement; (b) failing to

16   account to StudioCanal for Universal's distribution of produced motion pictures in

17   accordance with the terms of the Joint Venture Agreement; (c) providing incomplete,

18   inaccurate, and misleading financial statements to StudioCanal; (d) withholding monies

19   owed to StudioCanal; (e) failing to maintain adequate record-keeping of the Joint

20   Venture's and Universal's activities, including records that purportedly corroborated

21   millions of dollars in expenses and costs Universal deducted from gross revenues;

22   (f) refusing to provide to StudioCanal's auditors documentation and information

23   related to Universal's accounting treatment for motion pictures covered by the Joint

24   Venture Agreement; and (g) failing to issue accounting statements and payments,

25   starting with the accounting period ending on June 30, 2012. Because of the

26   necessarily limited nature of the audits and the resulting Audit Reports, the foregoing

27   is not intended to constitute a complete statement of each breach of contract that

28   Universal committed against StudioCanal.

12

COMPLAINT

**Exhibit B, Page 145**

**EXHIBIT 1, PAGE 52**

47.    As a direct and proximate result of Universal's breaches, StudioCanal has suffered damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

48.    StudioCanal re-alleges and incorporates by this reference paragraphs 1-27, above, as though set forth in full.

49.    The Joint Venture Agreement contains an implied covenant that Universal will act toward StudioCanal in good faith and with fair dealing. The implied covenant imposes upon Universal the duty not to take any action with the motive to, or that would, frustrate StudioCanal's enjoyment of its rights or benefits under the Joint Venture Agreement.

50.    Universal breached the covenant of good faith and fair dealing implied in the Joint Venture Agreement by taking action to frustrate StudioCanal's enjoyment of its rights, including, among other things: (a) failing to account reasonably to StudioCanal for revenues generated by Joint Venture Agreement motion pictures whose distribution rights were licensed collectively with motion pictures that were not part of the joint venture; (b) failing to account reasonably for revenues generated by the license of Internet-based distribution rights; (c) failing to account reasonably for product placement agreements; (d) failing to obtain or failing to account reasonably for vendor rebates; (e) deducting third-party participations from sums otherwise owed to StudioCanal based on calculations of what those participation amounts might turn out to be in the future (and, thus, in inflated amounts) instead of Universal's actual payments to these third parties; and (f) failing to provide StudioCanal's auditors with information about potential sources of additional revenue unaccounted for in Universal's financial statements. Because of the necessarily limited nature of the audits and the resulting Audit Reports, the foregoing is not intended to constitute a complete

13



1  statement of each breach of the implied covenant of good faith and fair dealing that

2  Universal committed against StudioCanal.

3      51.    As a direct and proximate result of these breaches of the implied

4  covenant of good faith and fair dealing, StudioCanal has been damaged in an amount

5  to be proven at trial.

6

7                          **FIFTH CAUSE OF ACTION**

8                              **Account Stated**

9                          **(Against All Defendants)**

10     52.    StudioCanal re-alleges and incorporates by this reference paragraphs 1-

11  27, above, as though set forth in full.

12     53.    Pursuant to the Joint Venture Agreement, Universal obligated itself to

13  provide StudioCanal with reasonably detailed accounting statements for each motion

14  picture covered by the Joint Venture Agreement, and to issue such statements to

15  StudioCanal within 90 days of the close of each accounting quarter ("Quarterly

16  Reports").

17     54.    Each Quarterly Report is required to provide a statement of the aggregate

18  gross receipts Universal received for each quarterly accounting period, as well as such

19  gross receipts received on a cumulative basis, dating back to the subject motion

20  picture's release.  Such Quarterly Reports are to also provide a statement of permitted

21  deductions from such gross receipts, again reporting on a cumulative basis, leaving a

22  balance due StudioCanal on account of each subject motion picture.

23     55.    Such Quarterly Reports constitute a written account stated between the

24  parties for each subject motion picture and a statement of a balance due and owing to

25  StudioCanal.  Universal agreed in the Joint Venture Agreement to pay StudioCanal all

26  amounts owing on each such account stated for each subject motion picture.

27

28

14

COMPLAINT

**Exhibit B, Page 147**

**EXHIBIT 1, PAGE 54**

1      56.   As described above and as discovery is likely to uncover, Universal has

2  failed to pay StudioCanal the sums owing pursuant to each account stated, despite

3  demand from StudioCanal.

4      57.   There is now due, owing, and unpaid from Universal to StudioCanal

5  sums in excess of the jurisdictional minimum of this Court but not less than several

6  million dollars, plus interest thereon, from and after the date Universal failed to pay

7  each such account stated.  StudioCanal is prepared to amend this pleading to state the

8  precise amounts and dates of each such account stated when it has completed the

9  necessary discovery.

10     58.   There is now due, owing, and unpaid from Universal to StudioCanal a

11  sum to be proven at trial.

## SIXTH CAUSE OF ACTION

### Accounting

### (Against All Defendants)

16     59.   StudioCanal re-alleges and incorporates by this reference paragraphs 1-

17  27, above, as though set forth in full.

18     60.   Pursuant to the Joint Venture Agreement, Universal obligated itself to

19  provide StudioCanal with reasonably detailed Quarterly Reports.

20     61.   Each Quarterly Report is required to provide a statement of the aggregate

21  gross receipts Universal received for each quarterly accounting period, as well as such

22  gross receipts received on a cumulative basis, dating back to the release of each motion

23  picture covered by the Joint Venture Agreement.  Such Quarterly Reports are to also

24  provide a statement of permitted deductions from such gross receipts, again reporting

25  on a cumulative basis, leaving a balance due StudioCanal on account of each subject

26  motion picture.

62. During the term of the Joint Venture Agreement, Universal generated gross receipts from its exploitation of the subject motion pictures, a portion of which is due StudioCanal.

63. As described above and as discovery is likely to uncover, Universal failed to account to StudioCanal the true and complete sums owing pursuant to Joint Venture Agreement, despite demand from StudioCanal.

64. In addition, Universal has failed to issue accounting statements at all, starting with the accounting period ending on September 30, 2012.

65. As a result, the amount due to StudioCanal related to the subject motion pictures is unknown to StudioCanal and cannot be ascertained without an accurate accounting from Universal for each subject motion picture.

WHEREFORE, StudioCanal prays for judgment as follows:

1. An award of actual and compensatory damages, in an amount to be proven at trial;

2. An award of punitive damages;

3. An accounting;

4. An award of costs of suit herein;

5. An award of attorneys' fees; and

6. Such other and further relief as the Court deems just and proper.

Dated: February 28, 2013

Robert M. Schwartz
James M. Pearl
Harrison A. Whitman
Nikolas A. Primack
O'MELVENY & MYERS LLP

By/ _(signature)_
Robert M. Schwartz
Attorneys for Plaintiff StudioCanal (US)

16

COMPLAINT

**Exhibit B, Page 149**

**EXHIBIT 1, PAGE 56**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert M. Schwartz (#117166/rschwartz@omm.com)<br>James M. Pearl (#198481/jpearl@omm.com)<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, Seventh Floor<br>TELEPHONE NO.: (310) 553-6700    FAX NO.: (310) 246-6779<br>ATTORNEY FOR *(Name):* StudioCanal (US) | CONFORMED COPY<br>ORIGINAL FILED |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk (County) Courthouse

CASE NAME:
StudioCanal (US) v. Universal City Studios, LLC, et al.

CASE NUMBER: BC 5 0 1 9 2 0

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[✓] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Six Causes of Action (continued on Attachment A)
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 28, 2013
Robert M. Schwartz
_____                                ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Exhibit B, Page 150**

**EXHIBIT 1, PAGE 57**

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**Exhibit B, Page 151**

**EXHIBIT 1, PAGE 58**

 

## Attachment A to Civil Case Cover Sheet

4. Number of causes of action (specify):  Six causes of action

- First Cause of Action for Breach of Fiduciary Duty

- Second Cause of Action for Constructive Fruad

- Third Cause of Action for Breach of Contract

- Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing

- Fifth Cause of Action for Account Stated

- Sixth Cause of Action for Accounting




| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER:  BC 5 0 1 9 2 6 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| StudioCanal (US) v. Universal City Studios, LLC | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☑ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**




| SHORT TITLE: StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER | |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**Exhibit B, Page 155**

**EXHIBIT 1, PAGE 62**




| SHORT TITLE StudioCanal (US) v. Universal City Studios, LLC | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS<br>Optional Filing in Central District pursuant to Los Angeles County Court Rules No. 2.3(B) |
|---|---|
| CITY: | STATE | ZIP CODE: |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk (County)___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __February 28, 2013__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit B, Page 156

EXHIBIT 1, PAGE 63

1    KENDALL BRILL & KLIEGER LLP
      Richard B. Kendall (90072)
2     *rkendall@kbkfirm.com*
      Philip M. Kelly (212714)
3     *pkelly@kbkfirm.com*
      Ashlee L. Hansen (261002)
4     *ahansen@kbkfirm.com*
      William A. Jacobson (287593)
5     *wjacobson@kbkfirm.com*
      10100 Santa Monica Blvd., Suite 1725
6    Los Angeles, California  90067
      Telephone: 310.556.2700
7    Facsimile:  310.556.2705

8    Attorneys for Universal City Studios LLC

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 2 8 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

9

10        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

          **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12

13    STUDIOCANAL (US), a California
      corporation,

14              Plaintiff,

15         v.

16    UNIVERSAL CITY STUDIOS, LLC, a
      limited liability company and subsidiary of
17    NBCUniversal, LLC, a Delaware limited
      liability company; UNIVERSAL CITY
18    STUDIOS, INC., a corporation organized
      under the laws of Delaware; and Does 1-50,
19
            Defendants.
20

Case No. BC501926

**DEFENDANT UNIVERSAL CITY
STUDIOS LLC'S ANSWER TO
COMPLAINT FOR:  (1) BREACH OF
FIDUCIARY DUTY; (2) CONSTRUCTIVE
FRAUD; (3) BREACH OF CONTRACT;
(4) BREACH OF THE IMPLIED
COVENANT OF GOOD FAITH AND
FAIR DEALING; (5) ACCOUNT
STATED; AND (6) ACCOUNTING.**

Department 32
Hon. Mary H. Strobel

Action Filed:     February 28, 2013

21

22

23

24

25

26

27

28

130636

**Exhibit B, Page 157**

**EXHIBIT 1, PAGE 64**

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S ANSWER TO COMPLAINT

1    Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant

2    Universal City Studios LLC ("Defendant") hereby answers the Complaint of Plaintiff StudioCanal

3    (US) ("Plaintiff").  Defendant denies each and every allegation of the Complaint and further

4    denies that Plaintiff is entitled to any relief whatsoever.

5                                   **AFFIRMATIVE DEFENSES**

6         Defendant further pleads the following separate and additional defenses.  By pleading

7    these defenses, Defendant does not in any way agree or concede that it has the burden of proof or

8    persuasion on any of these issues.  Defendant reserves the right to assert such additional

9    affirmative defenses as discovery indicates are proper.

10                             **FIRST AFFIRMATIVE DEFENSE**

11              **(Failure To State A Claim Upon Which Relief May Be Granted)**

12        1.    The Complaint fails to state a claim upon which relief can be granted.

13                            **SECOND AFFIRMATIVE DEFENSE**

14                                  **(Statute Of Limitations)**

15        2.    The Complaint is barred, in whole or in part, by the statute of limitations.

16   Specifically, Plaintiff's claims for breach of fiduciary duty, breach of contract, breach of the

17   implied covenant of good faith and fair dealing, account stated, and accounting are barred by the

18   four-year statute of limitations set forth in Code of Civil Procedure ("CCP") section 337.

19   Plaintiff's claim for constructive fraud is barred by three-year limitations period set forth in CCP

20   section 338(d).

21                             **THIRD AFFIRMATIVE DEFENSE**

22                                    **(Waiver/Estoppel)**

23        3.    The Complaint is barred, in whole or in part, by the doctrine of waiver and/or

24   estoppel.

25                            **FOURTH AFFIRMATIVE DEFENSE**

26                                        **(Laches)**

27        4.    The Complaint is barred, in whole or in part, by the doctrine of laches.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit B, Page 158**

130636                                                                  **EXHIBIT 1, PAGE 65**

1

1

### FIFTH AFFIRMATIVE DEFENSE

2

**(Failure To Plead Fraud With Particularity)**

3      5.    The Complaint is barred, in whole or in part, based on a failure to plead fraud with

4  particularity.

5

### SIXTH AFFIRMATIVE DEFENSE

6

**(Offset)**

7      6.    The Complaint is barred, in whole or in part, based on principles of offset.

8

### SEVENTH AFFIRMATIVE DEFENSE

9

**(Setoff And Recoupment)**

10      7.    The Complaint is barred, in whole or in part, based on principles of setoff and

11  recoupment.

12

### EIGHTH AFFIRMATIVE DEFENSE

13

**(Unjust Enrichment)**

14      8.    The Complaint is barred, in whole or in part, based on principles of unjust

15  enrichment.

16

### NINTH AFFIRMATIVE DEFENSE

17

**(Failure To Mitigate Damages)**

18      9.    The Complaint is barred, in whole or in part, based on a failure to mitigate

19  damages.

20

### TENTH AFFIRMATIVE DEFENSE

21

**(Arbitration Requirement)**

22      10.    The Complaint is barred, in whole or in part, based on Plaintiff's failure to arbitrate

23  claims that are subject to a mandatory arbitration provision.

24

### ELEVENTH AFFIRMATIVE DEFENSE

25

**(Improper Venue)**

26      11.    The Complaint is barred, in whole or in part, based on improper venue.

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit B, Page 159**

**EXHIBIT 1, PAGE 66**

130636

2

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S ANSWER TO COMPLAINT

1    WHEREFORE, Defendant prays for relief as follows:

2    1.    That the Complaint be dismissed, with prejudice and in its entirety;

3    2.    That Plaintiff take nothing by this action and that judgment be entered against

4    Plaintiff and in favor of Defendant;

5    3.    That Defendant be awarded its attorneys' fees and costs incurred in defending this

6    action;

7    4.    That Defendant be granted such other and further relief as the Court may deem just

8    and proper.

9    Dated: March 28, 2013                    KENDALL BRILL & KLIEGER LLP

10

11                                    By: _____

12                                         Philip M. Kelly
                                          Attorneys for Universal City Studios LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130636

**Exhibit B, Page 160**

3

**EXHIBIT 1, PAGE 67**

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
   STUDIOCANAL (US), a California corporation v. UNIVERSAL
3  CITY STUDIOS, LLC, et al., LASC Case No. BC501926

4       At the time of service, I was over 18 years of age and **not a party to this action**. I am
   employed in the County of Los Angeles, State of California. My business address is 10100 Santa
5  Monica Blvd., Suite 1725, Los Angeles, California 90067.

6       On March 28, 2013, I served true copies of the following documents described as
   **DEFENDANT UNIVERSAL CITY STUDIOS LLC'S ANSWER TO COMPLAINT FOR:**
7  **(1) BREACH OF FIDUCIARY DUTY; (2) CONSTRUCTIVE FRAUD; (3) BREACH OF**
   **CONTRACT; (4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND**
8  **FAIR DEALING; (5) ACCOUNT STATED; AND (6) ACCOUNTING** on the interested
   parties in this action as follows:

9

10                     Robert M. Schwartz, Esq.
                       Email Address: rschwartz@omm.com
11                     James M. Pearl, Esq.
                       Email Address: jpearl@omm.com
12                     Harrison A. Whitman, Esq.
                       Email Address: hwhitman@omm.com
13                     Nikolas A. Primack, Esq.
                       Email Address: nprimack@omm.com
14                     O'MELVENY & MYERS LLP
                       1999 Avenue of the Stars, Seventh Floor
15                     Los Angeles, CA 90067-6035
                       Telephone:   (310) 553-6700
                       Facsimile:   (310) 246-6779

16

17                     *Attorneys for Plaintiff StudioCanal (US)*

18       **BY PERSONAL SERVICE:** I caused the document to be served by hand to the offices
   of each interested party at the address indicated above or on the attached service list.

19

20       I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

21       Executed on March 28, 2013, at Los Angeles, California.

22

23                                          *Geri Hunter*
                                            ───────────────────────
24                                          Geri Hunter

25

26

27

28

130830.1

**Exhibit B, Page 161**

**EXHIBIT 1, PAGE 68**

# DECLARATION OF GABRIELA KORNZWEIG

## DECLARATION OF GABRIELA KORNZWEIG

I, Gabriela Kornzweig, declare as follows:

1.     I am the Secretary of Universal Studios Company LLC.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated herein.

2.     I am familiar with the corporate organization of the various formal business entities and informal operational units that encompass the full scope of operations that occur under the "Universal" umbrella of companies.  I also am familiar with the corporate structure of Comcast Corporation, which controls the existing Universal entity, Universal City Studios LLC, named as defendant in this action.  Based on company records maintained in the ordinary course of business, I have determined that:

a.     Defendant Universal City Studios LLC was at the time of the filing of this action, and is now, a limited liability company organized under the laws of Delaware; its sole member is VUE NewCo LLC.  VUE NewCo LLC is a Delaware limited liability company owned 99% by USI Entertainment LLC and 1% by Universal Studios Company LLC.

b.     USI Entertainment LLC was at the time of the filing of this action, and is now, a limited liability company organized under the laws of Delaware, the sole member of which is Universal Studios Company LLC.

c.     Universal Studios Company LLC was at the time of the filing of this action, and is now, a Delaware limited liability company; its sole member is NBCU Acquisition Sub LLC.  NBCU Acquisition Sub LLC was at the time of the filing of this action, and is now, a Delaware limited liability company; its sole member was at the time of the filing of this action, and is now, NBCUniversal Media, LLC.

d.     NBCUniversal Media, LLC was at the time of the filing of this action, and is now, a Delaware limited liability company.  Its sole member was at

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130793.1                    **Exhibit B, Page 163**                    **DECL. PAGE 69**

1  the time of the filing of this action, and is now, NBCUniversal, LLC, a Delaware
2  limited liability company.  The members of NBCUniversal, LLC were at the time of
3  the filing of this action: (i) Comcast Navy Acquisition, LLC, a Delaware limited
4  liability company; (ii) Comcast Navy Contribution, LLC, a Delaware limited
5  liability company; and (iii) Navy Holdings, Inc., a Delaware corporation with its
6  principal place of business in Connecticut.  Effective March 19, 2013, the members
7  of NBCUniversal, LLC are: (i) Comcast Navy Acquisition, LLC; (ii) Comcast Navy
8  Contribution, LLC; and (iii) NBCUniversal Enterprise, Inc., a Delaware corporation
9  with its principal place of business in Delaware.

10         e.     The sole member of Comcast Navy Acquisition, LLC was at the
11  time of the filing of this action, and is now, Comcast Corporation.  Comcast
12  Corporation was at the time of the filing of this action, and is now, a Pennsylvania
13  corporation with its principal place of business in Philadelphia, Pennsylvania.

14         f.     All of the entities in the corporate structure between Comcast
15  Navy Contribution, LLC and Comcast Corporation were at the time of the filing of
16  this action, and are now, either (i) Delaware limited liability companies whose
17  members ultimately are corporations incorporated in Delaware or Pennsylvania with
18  principal places of business in Delaware or Pennsylvania or (ii) corporations
19  incorporated in Delaware or Pennsylvania, with principal places of business in either
20  Delaware or Pennsylvania.  None of the entities within this structure is a California
21  citizen – none of the entities is incorporated in California, none has its principal
22  place of business in California, and none has members or partners who are
23  California citizens.

24         3.     Universal City Studios, Inc., which was named as a Defendant in this
25  action, was not an existing legal entity at the time of the filing of this action, and is
26  not now, an existing legal entity.  In 2002, Universal City Studios, Inc. was
27  converted into Universal City Studios LLLP.  In 2011, Universal City Studios LLLP
28  merged into Universal City Studios LLC.  Through this conversion and merger,

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130793.1                                   Exhibit B, Page 164
                                                          2                                         DECL. PAGE 70

1    Universal City Studios, Inc. did not survive and ceased to exist as a corporate entity.

2    I have attached hereto as Exhibit A a true and correct copy of a print out from the

3    California Secretary of State's website showing that Universal City Studios, Inc. is

4    no longer a business entity active in California.

5

6        I declare under penalty of perjury under the laws of the United States of

7    America that the foregoing is true and correct.

8

9        Executed March 27, 2013, at Universal City, California.

10

11                                                    Gabriela Kornzweig

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130793.1                          **Exhibit B, Page 165**                          **DECL. PAGE 71**

# EXHIBIT A

# California Secretary of State Debra Bowen

| Secretary of State | Administration | Elections | **Business Programs** | Political Reform | Archives | Registries |

### Business Entities (BE)

Online Services
- **E-File Statements of Information for Corporations**
- **Business Search**
- **Processing Times**
- **Disclosure Search**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business Solicitations**

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, March 22, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | UNIVERSAL CITY STUDIOS, INC. |
| Entity Number: | C0502328 |
| Date Filed: | 01/03/1966 |
| Status: | SURRENDER |
| Jurisdiction: | DELAWARE |
| Entity Address: | 100 UNIVERSAL CITY PLAZA |
| Entity City, State, Zip: | UNIVERSAL CITY CA 91608 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 W SEVENTH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

Privacy Statement | Free Document Readers
Copyright © 2013   California Secretary of State

1

## PROOF OF SERVICE

2   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       At the time of service, I was over 18 years of age and **not a party to this action.**  I am employed in the County of Los Angeles, State of California.  My business address is 10100 Santa
4   Monica Blvd., Suite 1725, Los Angeles, California  90067.

5       On March 28, 2013, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)**
6   **DECLARATION OF GABRIELA KORNZWEIG IN SUPPORT THEREOF** on the interested parties in this action as follows:

7

8       Robert M. Schwartz, Esq.
      rschwartz@omm.com
      James M. Pearl, Esq.
9       jpearl@omm.com
      Harrison A. Whitman, Esq.
10      hwhitman@omm.com
     Nikolas A. Primack, Esq.
11      nprimack@omm.com
     O'MELVENY & MYERS LLP
12      1999 Avenue of the Stars
     Seventh Floor
13      Los Angeles, CA  90067-6035

14      *Attorneys for Plaintiff StudioCanal (US)*

15

16       **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

17       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this
18   Court at whose direction the service was made.

19       Executed on March 28, 2013, at Los Angeles, California.

20

21                        Dawn F. Mancil

22

23

24

25

26

27

28

**Exhibit B, Page 168**

1  KENDALL BRILL & KLIEGER LLP
   Richard B. Kendall (90072)
2      *rkendall@kbkfirm.com*
   Philip M. Kelly (212714)
3      *pkelly@kbkfirm.com*
   Ashlee L. Hansen (261002)
4      *ahansen@kbkfirm.com*
   William A. Jacobson (287593)
5      *wjacobson@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California 90067
   Telephone:  310.556.2700
7  Facsimile:  310.556.2705

8  Attorneys for Universal City Studios LLC

9

10            UNITED STATES DISTRICT COURT

11     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12                    CV13-02250 GW (AGRx)

13  STUDIOCANAL (US), a California        Case No.
    Corporation,
14                                        **CERTIFICATION AND NOTICE
              Plaintiff,                  OF INTERESTED PARTIES**
15
          v.
16
    UNIVERSAL CITY STUDIOS, LLC, a
17  limited liability company and subsidiary
    of NBCUniversal, LLC, a Delaware
18  limited liability company;
    UNIVERSAL CITY STUDIOS, INC., a
19  corporation organized under the laws of
    Delaware; and Does 1-50,
20
              Defendants.
21

22

23

24

25

26

27

28

                    **Exhibit B, Page 169**
130843
          CERTIFICATION AND NOTICE OF INTERESTED PARTIES

1   TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF
2   RECORD:
3       Pursuant to Local Rule 7.1-1, defendant Universal City Studios LLC
4   respectfully submits this Certification and Notice of Interested Parties to identify
5   parties that may have a direct, pecuniary interest in the outcome of this case.  These
6   representations are made to enable the Court to evaluate possible disqualification or
7   recusal.
8
9       StudioCanal (US)                    Plaintiff
10      Universal City Studios LLC          Defendant
11      Universal City Studios, Inc.        Defendant
12
13      Universal City Studios, Inc. was converted into Universal City Studios LLLP
14  and merged into Universal City Studios LLC and is no longer an existing legal
15  entity.  NBCUniversal Media, LLC is the indirect parent company of Universal City
16  Studios LLC and has a direct, pecuniary interest in the outcome of this case.
17  NBCUniversal Media, LLC is indirectly owned by Comcast Corporation.  Comcast
18  Corporation is publicly traded in the United States.
19
20  Dated:  March 28, 2013              KENDALL BRILL & KLIEGER LLP
21
22
23  By: _____
24      Philip M. Kelly
        Attorneys for Universal City Studios LLC
25
26
27
28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

130843

**Exhibit B, Page 170**

1

CERTIFICATION AND NOTICE OF INTERESTED PARTIES

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

   At the time of service, I was over 18 years of age and **not a party to this action.**  I am
employed in the County of Los Angeles, State of California.  My business address is 10100 Santa

4

Monica Blvd., Suite 1725, Los Angeles, California  90067.

5

   On March 28, 2013, I served true copies of the following document(s) described as
**CERTIFICATION AND NOTICE OF INTERESTED PARTIES** on the interested parties in

6

this action as follows:

7

       Robert M. Schwartz, Esq.
       rschwartz@omm.com

8

       James M. Pearl, Esq.
       jpearl@omm.com

9

       Harrison A. Whitman, Esq.
       hwhitman@omm.com

10

       Nikolas A. Primack, Esq.
       nprimack@omm.com

11

       O'MELVENY & MYERS LLP
       1999 Avenue of the Stars

12

       Seventh Floor
       Los Angeles, CA  90067-6035

13

14

       *Attorneys for Plaintiff StudioCanal (US)*

15

   **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office
of the addressee(s).

16

17

   I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.

18

   Executed on March 28, 2013, at Los Angeles, California.

19

20

21

Dawn F. Mancil

22

23

24

25

26

27

28

**Exhibit B, Page 171**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| STUDIOCANAL (US), a California corporation | UNIVERSAL CITY STUDIOS LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of the State of Delaware; and Does 1-50 |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| O'MELVENY & MYERS LLP<br>1999 Avenue of the Stars, Seventh Fl.<br>Los Angeles, CA 90067-6035<br>(310) 553-6700 | KENDALL BRILL & KLIEGER LLP<br>10100 Santa Monica Blvd., Ste. 1725<br>Los Angeles, CA 90067<br>(310) 556-2700 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT:** $ Exceeding $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff's state court complaint contains six causes of action: (1) Breach of Fiduciary Duty; (2) Constructive Fraud; (3) Breach of Contract; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Account Stated; and (6) Accounting. Defendant Universal City Studios LLC removed this action from state court under 28 U.S.C. §1441.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☒ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____ CV13-02250

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**Exhibit B, Page 172**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Paris, France |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Delaware, Pennsylvania |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** in land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: March 28, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**Exhibit B, Page 173**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 10100 Santa Monica Blvd., Suite 1725, Los Angeles, California  90067.

On March 28, 2013, I served true copies of the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as follows:

> Robert M. Schwartz, Esq.
> rschwartz@omm.com
> James M. Pearl, Esq.
> jpearl@omm.com
> Harrison A. Whitman, Esq.
> hwhitman@omm.com
> Nikolas A. Primack, Esq.
> nprimack@omm.com
> O'MELVENY & MYERS LLP
> 1999 Avenue of the Stars
> Seventh Floor
> Los Angeles, CA  90067-6035

*Attorneys for Plaintiff StudioCanal (US)*

**BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2013, at Los Angeles, California.

Dawn F. Mancil

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Exhibit B, Page 174**

1

## PROOF OF SERVICE

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is First Legal

4    Support Services, 1517 West Beverly Boulevard, Los Angeles, CA  90026.

5        On March 29, 2013, I served true copies of the following document(s) described as **NOTICE TO ADVERSE PARTY RE:  REMOVAL OF CIVIL ACTION** on the interested

6    parties in this action as follows:

7        Robert M. Schwartz, Esq.
    rschwartz@omm.com

8        James M. Pearl, Esq.
    jpearl@omm.com

9        Harrison A. Whitman, Esq.
    hwhitman@omm.com

10       Nikolas A. Primack, Esq.
    nprimack@omm.com

11       O'MELVENY & MYERS LLP
    1999 Avenue of the Stars

12       Seventh Floor
    Los Angeles, CA  90067-6035

13

14       *Attorneys for Plaintiff StudioCanal (US)*

15       **BY PERSONAL SERVICE:**  I delivered the document(s) by hand to the offices of each interested party at the address indicated above or on the attached service list.

16

17       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18       Executed on March 29, 2013, at Los Angeles, California.

19

20

21       Edward Bates
    First Legal Support Services

22

23

24

25

26

27

28

**Exhibit B, Page 175**

130897.1