Robert M. Schwartz (#117166/rschwartz@omm.com)
James M. Pearl (#198481/jpearl@omm.com)
Harrison A. Whitman (#261008/hwhitman@omm.com)
Nikolas A. Primack (#274577/nprimack@omm.com)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff StudioCanal (US)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| StudioCanal (US), a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>Universal City Studios, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50,<br><br>　　　　　　Defendants. | Case No. CV13-2250 GW (AGRx)<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. PROC. 26, LOCAL RULE 26-1 AND THE COURT'S APRIL 8, 2013 SCHEDULING ORDER**<br><br>**Judge:** Hon. George H. Wu<br>**Magistrate:** Hon. Alicia G. Rosenberg<br>**Scheduling Conf.:** May 13, 2013 |

Plaintiff StudioCanal (US) (herein "StudioCanal") and Defendants Universal City Studios LLC and Universal City Studios, Inc. (collectively, "Universal") hereby submit this Joint Rule 26(f) Report pursuant to the Court's Order of April 8, 2013, Federal Rule of Civil Procedure 26(f), and Central District Local Rule 26-1.

## I. STATEMENT OF THE CLAIMS AND AFFIRMATIVE DEFENSES.

### A. Plaintiff's Statement.

For years, StudioCanal and Universal jointly financed the development, production and distribution of feature films, entitling each partner to share equally in the profits. The relationship was highly successful for Universal, producing such movies as *Bridget Jones's Diary*, *Billy Elliot*, and *Love Actually*.

As a partner to StudioCanal on twenty-one films under the parties' Joint Venture Agreement, Universal had a fiduciary and contractual obligation to maintain books and records and to honestly provide StudioCanal accountings for all of the revenues, costs, and expenses so that StudioCanal could ensure it was being properly paid. Universal, however, breached the agreement, breached its fiduciary duty, and constructively defrauded StudioCanal by failing to pay millions of dollars owed to StudioCanal, by issuing materially false accounting statements that obfuscate and conceal the amounts rightly owed to StudioCanal, and by refusing to provide information unquestionably necessary for StudioCanal to complete audits of Universal's activities.

Despite receiving incomplete information from Universal—and in certain instances, no information at all—in October 2012 StudioCanal's auditors completed their reports based on the information Universal provided. It was only after StudioCanal received these reports that it discovered the serious problems with Universal's accountings and the millions of dollars it was owed. From double-charging expenses, to concealing sources of revenue, to deducting millions of dollars in uncorroborated expenditures, Universal misled StudioCanal and fundamentally took advantage of its partner. After months of frustrating attempts to resolve these issues

1

1  with Universal, StudioCanal was forced to file this lawsuit for breach of fiduciary duty,
2  constructive fraud, breach of contract, breach of the implied covenant of good faith
3  and fair dealing, account stated, and accounting.  StudioCanal's claims are focused on
4  obtaining what it is rightfully owed under the Joint Venture Agreement, as well as
5  recompense for damages it suffered as a result of Universal's wrongful conduct.
6       For its part, Universal answered the complaint and raised a number of
7  affirmative defenses, including failure to state a claim, statute of limitations,
8  waiver/estoppel, laches, failure to plead with particularity, offset, setoff and
9  recoupment, unjust enrichment, failure to mitigate, arbitration requirement, and
10 improper venue.  These defenses are without merit.
11      Universal also indicated that it will file a motion requesting a stay of this federal
12 litigation pending resolution of a yet-to-be-scheduled arbitration.  That arbitration will
13 center on a separate contract between StudioCanal and Universal that Universal and
14 StudioCanal entered into after the conclusion of the Joint Venture Agreement.  While
15 similar to the present litigation—both concern Universal's accounting abuses—the
16 actual disputes focus on different contracts, different movies, and different claims.
17 There is no legitimate basis for Universal to stay this action under these circumstance,
18 and a delay in resolving this dispute would only further prejudice StudioCanal.

19      **B.   Defendants' Statement.**

20      Between 1999 and 2010, StudioCanal (US) ("StudioCanal") and Universal City
21 Studios LLC ("Universal") developed, co-financed and distributed more than 40
22 films in accordance with two governing agreements, the Amended and Restated
23 Memorandum of Agreement ("JV Agreement"), which was in effect from 1999
24 through 2003, and the Co-Financing and Distribution Agreement ("CDA"), which
25 was in effect from 2004 through 2010 and governed all projects originally developed,
26 but not filmed, under the JV Agreement and all projects developed and/or produced
27 after 2003.
28

      In 2011 and 2012, StudioCanal exercised its audit rights under both agreements and conducted a series of audits of various aspects of Universal's worldwide accountings to StudioCanal from 1999-2010.  In the five resulting audit reports, the auditors identified a number of allegedly improper accounting practices and purported to quantify StudioCanal's alleged damages.  Generally, the alleged harm associated with a particular finding arises either from an accounting practice that is allegedly inconsistent with the parties' agreements, or from what the auditors claim to be insufficient documentation to support particular types of expenditures.  The auditors did not distinguish, either in substance or in calculating purported damages, between alleged accounting improprieties arising from the JV Agreement and those arising from the CDA.  In fact, over 80% of the auditors findings and more than 90% of the purported damages quantified in the audit reports relate in whole or in part to the CDA.

      As a result of the audit reports, StudioCanal simultaneously initiated the arbitration procedure required by the CDA (the "Arbitration Proceeding") and filed this lawsuit (the "Court Proceeding") under the JV Agreement on February 28, 2013.  StudioCanal has asserted in this Court Proceeding that Universal's allegedly improper accounting constitutes a breach of fiduciary duty, constructive fraud, and a breach of contract.  StudioCanal also seeks an accounting.

      Universal disputes virtually all of the findings in the audit reports, disputes the merit of each of StudioCanal's causes of action in the Court Proceeding, and maintains that a full examination of its accounting under both agreements will confirm that it has fully complied with its obligations to StudioCanal.  Indeed, as a result of the audit reports, Universal has re-examined its accounting generally and has specifically re-examined almost all of the alleged improper practices identified by StudioCanal's auditors.  In so doing, Universal has determined that not only has its accounting been consistent with both the JV Agreement and the CDA, but Universal actually significantly overpaid StudioCanal in connection with four movies for which

third-party expenses were substantially undercharged. Thus, the net result of the audits and Universal's re-examination will likely be an amount owing from StudioCanal to Universal.

From a procedural standpoint, Universal will, on May 6, 2013, file a motion to compel to arbitration two claims that StudioCanal improperly included in the Court Proceeding despite the fact that both clearly fall under the scope of the mandatory arbitration provision in the CDA. Universal's motion will also request that the Court exercise its discretion—pursuant to either the Court's inherent authority to control its docket or the authority provided by the Federal Arbitration Act—to stay this Court Proceeding in favor of the pending Arbitration Proceeding. The motion to stay is based on the fact that an overwhelming majority of the auditors' findings—upon which both the Court Proceeding and Arbitration Proceeding are based—relate solely to the CDA or to the CDA and the JV Agreement jointly, while just a small fraction of the auditors' findings relate solely to the JV Agreement  Thus, the Arbitration Proceeding under the CDA involves, and is likely to resolve, the vast majority of disputes arising from the parties' overall relationship and will either have preclusive effects on or will narrow the issues and assist this Court in resolving the Court Proceeding. Proceeding simultaneously with both actions would result in a tremendous waste of judicial and party resources and would create a substantial risk of inconsistent rulings.

Universal's positions in this Joint Report are therefore subject to, and without waiver of, Universal's contention that two of the claims in this action should be compelled to arbitration and all remaining non-arbitrable claims should be stayed pending resolution of the Arbitration Proceeding.

## II.     DISCUSSION PURSUANT TO RULE 26(F)/DISCOVERY PLAN.

A.     *Initial Disclosures*. The parties agree that no changes should be made to the form or requirement for disclosures under Federal Rule of Civil Procedure 26(a). The parties agree to modify the timing of the disclosures required under Rule 26(a)(1),

4

which will now be exchanged on or before May 8, 2013.

B. *Discovery.* As noted above, Universal intends to file a motion to stay this action in favor of the pending arbitration proceedings between the same parties. StudioCanal intends to oppose the motion. Subject to a decision on Universal's motions and without waiving any rights related thereto, the parties state the following:

The parties do not believe that discovery should be conducted in phases. The parties further agree that it is premature to discuss whether the issues in this case warrant a departure from the limitations on the number of depositions, length of depositions, or number of interrogatories provided for under the Federal Rules of Civil Procedure.

The parties anticipate that fact discovery may be sought with regard to the following topics, among others, without in any way conceding that such topics, or any particular information or documents within such topics, are relevant to the claims and defenses and therefore appropriate for discovery. The parties agree that this list may not be exhaustive and shall not preclude any party from seeking discovery on subjects not listed herein:

- The claims and allegations in StudioCanal's Complaint;
- Information necessary to test the validity of the accounting statements for the 21 joint venture films;
- Universal's knowledge and awareness of any alleged inaccuracies with the accounting statements for the joint venture films;
- Facts and circumstances surrounding Universal's accounting practices;
- Facts and circumstances surrounding Universal's record keeping practices;
- Facts and circumstances surrounding Universal's alleged efforts to obstruct StudioCanal's auditors;
- Facts and circumstances surrounding any similar audit issues with other Universal participants;

5

- Facts and circumstances surrounding Universal's alleged failure to issue accounting statements to StudioCanal;
- Universal's affirmative defenses; and
- StudioCanal's damages, as set forth in its claims for relief.

C. *Electronically Stored Information.* The parties are discussing and will continue to discuss a plan for the production of electronically stored information. The parties have represented that they are complying with their obligations to preserve all potentially discoverable materials.

D. *Production.* The parties agree that a Stipulated Protective Order should be entered in this action to govern the production of confidential material. The parties anticipate submitting a proposed Stipulated Protective Order to the Court for its approval in the near future. The parties are also discussing and will continue to discuss a plan and protocol for the production of privilege logs.

## III. DISCUSSION OF DISCOVERY AND EXPERTS PURSUANT TO LOCAL RULE 26-1.

A. *Complex Case.* The parties agree that this is not a complex case.

B. *Alternative Dispute Resolution.* The parties have agreed to participate in ADR Procedure No. 3 as set forth in Local Rule 16-15.4, a private dispute resolution proceeding.

C. *Trial Estimate.* The parties' preliminary estimate that the trial for this matter can be conducted in 7-10 court days.

D. *Additional Parties.* The parties do not expect the addition of other parties to this lawsuit.

## IV. PROPOSED SCHEDULE

StudioCanal proposes the following schedule:

| | | |
|---|---|---|
| **A.** | Discovery cut-off: | January 31, 2014 |
| **B.** | Expert Disclosures: | November 22, 2013 |
| **C.** | Dispositive Motion Cut-Off: | March 14, 2014 |

1     Subject to the motion to stay described above, Universal proposes the following
2 schedule:

3     **A.**     Discovery cut-off:     March 31, 2014
4     **B.**     Expert Disclosures:     January 31, 2013
5     **C.**     Dispositive Motion Cut-Off:     May 14, 2014

6     Universal contends that additional time is required for the following reasons:
7 (i) the parties are engaged in informal and formal efforts to resolve both the Court
8 Proceeding and Arbitration Proceeding, including a mediation tentatively scheduled
9 for July, that would allow the parties to avoid the expense and burden of broad
10 discovery; (ii) the scope of potentially relevant discovery is expansive—particularly if
11 detailed discovery is sought in connection with the development, production, and
12 distribution of each of the 44 films produced by Universal and StudioCanal between
13 1999 and 2010; and (iii) significant documentary and deposition discovery will be
14 required from entities and individuals located outside the United States, and sufficient
15 time is therefore required to complete such discovery.

17 Dated: April 29, 2013                                  Robert M. Schwartz
                                                           James M. Pearl
18                                                     Harrison A. Whitman
                                                    Nikolas A. Primack
19                                                     O'MELVENY & MYERS LLP

21                                             By: */s/ Robert M. Schwartz*
                                                            Robert M. Schwartz
22                                               Attorneys for Plaintiff StudioCanal (US)

7

| | | |
|---|---|---|
| 1 | Dated: April 29, 2013 | Richard B. Kendall |
| 2 | | Philip M. Kelly |
| | | Ashlee L. Hansen |
| | | William A. Jacobson |
| 3 | | KENDALL BRILL & KLIEGER LLP |

By: /s/ *Richard B. Kendall*
    Richard B. Kendall
Attorneys for Universal

8