KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
 rkendall@kbkfirm.com
Philip M. Kelly (212714)
 pkelly@kbkfirm.com
Ashlee L. Hansen (261002)
 ahansen@kbkfirm.com
William A. Jacobson (287593)
 wjacobson@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

Attorneys for Universal City Studios LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STUDIOCANAL (US), a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50,<br><br>Defendants. | Case No. CV13-2250 GW (AGRx)<br><br>**DECLARATION OF PHILIP M. KELLY IN SUPPORT OF MOTION OF UNIVERSAL CITY STUDIOS LLC TO COMPEL ARBITRATION OF CERTAIN DISPUTES AND STAY COURT PROCEEDING**<br><br>Hon. George H. Wu<br><br>Date:  June 3, 2013<br>Time:  8:30 a.m.<br>Courtroom:  10 |

133376.1

DECLARATION OF PHILIP M. KELLY

## **DECLARATION OF PHILIP M. KELLY**

I, Philip M. Kelly, declare as follows:

1. I am a partner at the law firm of Kendall Brill & Klieger LLP, counsel of record for defendant Universal City Studios LLC ("Universal") in the above-captioned action. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On February 28, 2013, counsel for StudioCanal (US) ("StudioCanal") sent a letter formally initiating arbitration proceedings under the parties' Co-Financing and Distribution Agreement ("CDA") (the "Arbitration Proceeding") and enclosing a copy of the Complaint in this action (the "Court Proceeding"). A true and correct copy of the letter is attached hereto as Exhibit A.

3. On April 11, 2013, I initiated a meet and confer with James Pearl, counsel for StudioCanal regarding Universal's anticipated Motion to Compel Arbitration of Certain Disputes and Stay Court Proceeding. That same day, I forwarded to Mr. Pearl a number of the authorities on which Universal would be relying to support its motion to compel certain of the parties' disputes to arbitration pursuant to the mandatory arbitration provision in the CDA and to stay all remaining claims in Court Proceeding, including those based on the Amended and Restated Memorandum of Agreement ("JV Agreement"), pending resolution of the Arbitration Proceeding. On April 12, 2013, I, along with my colleague Ashlee Hansen, conducted a further meet and confer with Mr. Pearl and his colleague Harrison Whitman. We discussed the basis for Universal's anticipated motion, and I explained the specific disputes that Universal would request be compelled to arbitration. We again spoke briefly about Universal's anticipated motion during the parties' Rule 26(f) scheduling conference on April 17, 2013. The parties were

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

133376.1

1

DECLARATION OF PHILIP M. KELLY

1 unsuccessful in resolving the disputes to be raised in Universal's motion during
2 these meet and confer discussions.
3     4.    On April 25, 2013, I emailed Mr. Pearl to formally propose that
4 StudioCanal and Universal conduct a unified arbitration proceeding to resolve all of
5 the parties' pending disputes, both in the Court Proceeding and Arbitration
6 Proceeding, to promote efficiency and avoid the harms associated with
7 simultaneous, duplicative proceedings. Mr. Pearl responded with some questions on
8 April 30, 2013. I responded to Mr. Pearl's questions on May 1, 2013. Finally, on
9 May 3, 2013, Mr. Pearl responded and rejected the proposal for a unified arbitration
10 proceeding. A true and correct copy of this email chain is attached hereto as Exhibit
11 B.
12     5.    In addition to rejecting Universal's proposal for a unified arbitration
13 proceeding, Mr. Pearl's email on May 3 stated, for the first time, that StudioCanal
14 "agrees to adjudicate under the CDA's dispute resolution provisions the claims in
15 StudioCanal's complaint regarding Universal's failure to reimburse StudioCanal
16 development costs or movies produced after the expiration of the joint venture,
17 including the claim related to The Interpreter." *See* Exhibit B. Mr. Pearl's
18 agreement to arbitrate these claims was received in the afternoon of the last business
19 day before the present motion was to be filed.
20     I declare under penalty of perjury under the laws of the State of California
21 and the United States of America that the foregoing is true and correct.
22     Executed May 6, 2013, at Los Angeles, California.

                                                _/s/ Philip M. Kelly_
                                                Philip M. Kelly

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

133376.1

2

DECLARATION OF PHILIP M. KELLY

EXHIBIT A



# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

OUR FILE NUMBER
840,443-1

February 28, 2013

WRITER'S DIRECT DIAL
(310) 246-6835

**VIA EMAIL**

WRITER'S E-MAIL ADDRESS
rschwartz@omm.com

David Burg, Esq. (david.burg@nbcuni.com)
Universal Studios
100 Universal City Plaza
Universal City, California 91608

    Re:    <u>**Studio Canal's Audits of "Working Title" Joint Venture Films**</u>

David:

    We write regarding the ongoing dispute between StudioCanal and Universal related to the Working Title joint venture memorialized in the January 1, 2004 Co-Financing and Distribution Agreement, as amended (the "CDA").

    Despite conversations and email communications between StudioCanal's chairman, Olivier Courson, and Universal senior executive Rick Finkelstein, the dispute has not in any way been resolved.

    This letter constitutes a request to mediate that dispute pursuant to paragraph 16 of the CDA. If the mediation is not successful, StudioCanal will proceed with an arbitration in accordance with the other terms of that paragraph.

    At this point, as provided for in the contract, we need to appoint a mediator. StudioCanal proposes that the parties select the **Hon. Dickran M. Tevizian** (United States District Judge, Retired) as the mediator. Please let us know as soon as possible if Universal will agree to Judge Tevizian's selection.

    If we are unable to agree promptly on a mediator, StudioCanal will apply to the Los Angeles office of JAMS for the appointment of a mediator.

    Meanwhile, StudioCanal (US) will pursue its claims arising under the January 1, 1999 Joint Venture Agreement in the Los Angeles Superior Court. A courtesy copy of the complaint, filed today, is attached. We will serve the complaint on Universal's agent for service of process.

**EXHIBIT A**
**Page 3**

O'MELVENY & MYERS LLP
David Burg, Esq. – February 28, 2013 – Page 2

      StudioCanal continues to reserve all of its rights, claims, and remedies.

Very truly yours,

Robert M. Schwartz
of O'MELVENY & MYERS LLP

RMS:tm

cc: Maren Christensen (NBCUniversal)
Rick Finkelstein (NBCUniversal)
Jimmy Horowitz (NBCUniversal)
Arturo Barquet (NBCUniversal)
Robert Bradley (NBCUniversal)
Olivier Courson (StudioCanal)
Sylvie Arnould (StudioCanal)
Romain Bessi (StudioCanal)
Cecile Haimet (StudioCanal)
Libby Savill (O'Melveny)
James Pearl (O'Melveny)
Harrison Whitman (O'Melveny)
Nik Primack (O'Melveny)

**EXHIBIT A**
**Page 4**

EXHIBIT B

**Phil Kelly**

| | |
|---|---|
| **From:** | Pearl, James M. [jpearl@omm.com] |
| **Sent:** | Friday, May 03, 2013 2:39 PM |
| **To:** | Phil Kelly |
| **Cc:** | Schwartz, Robert M.; Primack, Nikolas A.; Whitman, Harrison A.; Richard Kendall; Ashlee L. Hansen; William Jacobson |
| **Subject:** | RE: StudioCanal v. Universal |

Phil,

We disagree with your assessment below. That said, StudioCanal agrees to adjudicate under the CDA's dispute resolution provisions the claims in StudioCanal's complaint regarding Universal's failure to reimburse StudioCanal development costs for movies produced after the expiration of the joint venture, including the claim related to *The Interpreter*. Compl. ¶¶ 24(a); 37(a)-(b).

Thanks,

Bo

---

**From:** Phil Kelly [mailto:pkelly@kbkfirm.com]
**Sent:** Wednesday, May 01, 2013 12:00 PM
**To:** Pearl, James M.
**Cc:** Schwartz, Robert M.; Primack, Nikolas A.; Whitman, Harrison A.; Richard Kendall; Ashlee L. Hansen; William Jacobson
**Subject:** RE: StudioCanal v. Universal

Bo,

Thanks for your response. As an initial matter, Universal declines to consolidate all of the parties' disputes, including those under the CDA, in the federal court proceeding for a number of reasons. First, both parties agreed in 2004, following expiration of the JV Agreement, that disputes would be resolved in arbitration to take advantage of the efficiencies, flexibility, lower cost, and confidentiality of arbitration. We are not willing to forego arbitration at this time for these same reasons. Second, both the court proceeding under the JV Agreement and the arbitration under the CDA are already pending – the February 28 letter from Bobby initiated the mediation/arbitration procedures under the CDA – and both have progressed in similar fashion. While we have submitted a Joint Report in the court proceeding, the parties have been actively working to both schedule mediation and resolve, or at least narrow, the issues involved in the arbitration under the CDA.

In terms of the specifics of the unified arbitration proceeding we have proposed, we are confident that the parties can work collectively to resolve all of the specific procedural details of which you are inquiring, just as we would in any arbitration dispute. That being said, we would expect that the unified arbitration proceeding would be concluded more quickly than trial of the federal case as all issues, including the many issues that overlap the JV Agreement and the CDA, would be resolved in a single setting and would take advantage of the efficiency and flexibility afforded by mediation. Moreover, we propose using the rules that govern the CDA for arbitration of issues that arise under the JV Agreement, though we are certainly willing to discuss efficient and effective discovery procedures, including interrogatories and additional depositions, beyond those included in the JAMS Comprehensive Arbitration Rules and Procedures that would allow the parties to obtain the information necessary to resolve all of the disputes.

As to mediation of the unified dispute, we have already agreed to mediate the issues arising under the JV Agreement at the mediation that the parties are scheduling in connection with the CDA. We would have no problem with StudioCanal formally initiating arbitration proceedings on the unified proceeding so long as the parties' mediation is conducted

1

**EXHIBIT B**
**Page 5**

within a reasonable time frame thereafter (such as the July dates we have been discussing) and the court proceeding is dismissed.

Finally, the process for choosing an arbitrator or arbitrators to hear the unified arbitration proceeding would be the same process that the parties adopt for the CDA arbitration. We are confident that given our collective experience selecting arbitrators and conducting arbitrations, we will be able to select a mutually agreeable arbitrator or arbitrators without difficulty.

If you'd like to discuss any of the foregoing or any additional details, please let us know.

Thanks,

Phil

---

**From:** Pearl, James M. [mailto:jpearl@omm.com]
**Sent:** Tuesday, April 30, 2013 1:10 PM
**To:** Phil Kelly
**Cc:** Schwartz, Robert M.; Primack, Nikolas A.; Whitman, Harrison A.; Richard Kendall
**Subject:** RE: StudioCanal v. Universal

Phil,

Thanks for your message. You propose consolidating the disputes under the Joint Venture Agreement and Co-Financing and Distribution Agreement into one action to maximize efficiency and avoid duplicative proceedings. Since the federal lawsuit is already pending, the parties have already conducted the 26(f) Conference, and the parties will be meeting with Judge Wu on May 13 to discuss scheduling, would it be just as efficient to consolidate both disputes into the already-pending federal court case? If you think this makes sense, would consolidating all disputes in the federal case affect the schedule we discussed at the Rule 26(f) Conference?

As to your proposal to move all disputes, including the pending federal case, into a single arbitration, we'd need a lot more information to give that further consideration. For example, what kind of a schedule do you have in mind, including for discovery? Would you expect that the arbitration hearing take place around the same time as the trial likely will in the federal case? As for the disputes over the WT2 titles, are you proposing to waive the requirement that the parties mediate the dispute before StudioCanal can initiate the arbitration? Since there are no arbitration procedures in the first joint venture agreement, what procedures do you have in mind? Would the parties arbitrate this dispute at JAMS? Before a JAMS arbitrator? What rules would apply? Are you proposing the JAMS Comprehensive Arbitration Rules and Procedures? If so, are you proposing that StudioCanal would have to give up any discovery rights we have in the federal case? In that regard, the JAMS rules provide each party with only one deposition. We could not live with that. Are you proposing to expand that to some other, larger, and more appropriate number? Also, the JAMS rules do not provide for interrogatories. Are you proposing the use of interrogatories and, if so, with any limits? Who are you proposing would serve as the arbitrator? Would there be more than one? Would the parties select such arbitrator(s) collectively or apply for a random assignment from JAMS?

These are only the questions that come immediately to mind. If you'd like to give this more thought, we'd be able to meaningfully discuss it with our client.

Thanks, and best regards,

Bo.

**From:** Phil Kelly [mailto:pkelly@kbkfirm.com]
**Sent:** Thursday, April 25, 2013 9:50 PM
**To:** Pearl, James M.
**Cc:** Schwartz, Robert M.; Primack, Nikolas A.; Whitman, Harrison A.; Richard Kendall
**Subject:** StudioCanal v. Universal

Bo,

I am writing to formally propose that the parties stipulate to resolving all of their disputes, including those arising under the JV Agreement and under the CDA, in a single arbitration proceeding rather than two separate, but overlapping, actions. Consolidating the disputes into a single action would avoid the harms associated with duplicative proceedings, including the unnecessary expense of conducting similar, if not identical, discovery in two actions, the burden on party and non-party witnesses of having to offer testimony in two proceedings, the time and expense of duplicative motion practice, and the inherent risk of inconsistent rulings. A single proceeding is especially appropriate in this case because the audit claims, upon which both actions are primarily based, do not distinguish between the JV Agreement and the CDA and substantially overlap both factually and legally between the two agreements. It would be vastly more efficient for all involved to have these disputes resolved together in a single proceeding.

As you know, Universal will be filing a motion to stay the action currently pending in the Central District before Judge Wu in favor of the pending arbitration proceedings absent an agreement to resolve everything in a single arbitration proceeding. Our reason for seeking is stay is not to delay or otherwise interfere with a resolution of the claims arising under the JV Agreement. To the contrary, we believe that an efficient resolution of all of the parties' disputes is in everyone's best interest and can be achieved if the parties simply agree to resolve all claims in a single arbitration proceeding.

As I've mentioned previously, I will be out of the office starting tomorrow and all of next week. However, I will be available via email and for a conference call if you'd like to discuss this proposal.

Thanks,

Phil