KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
  *rkendall@kbkfirm.com*
Philip M. Kelly (212714)
  *pkelly@kbkfirm.com*
Ashlee L. Hansen (261002)
  *ahansen@kbkfirm.com*
William A. Jacobson (287593)
  *wjacobson@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

Attorneys for Universal City Studios LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STUDIOCANAL (US), a California Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company;<br>UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50,<br><br>          Defendants. | Case No. CV13-2250 GW (AGRx)<br><br>**UNOPPOSED APPLICATION OF UNIVERSAL CITY STUDIOS LLC TO FILE UNDER SEAL CONFIDENTIAL AGREEMENTS FILED IN SUPPORT OF MOTION TO COMPEL ARBITRATION OF CERTAIN DISPUTES AND STAY COURT PROCEEDING**<br><br>[*Filed concurrently with the Declaration of William A. Jacobson; [Proposed] Order*]<br><br>Hon. George H. Wu<br><br>Date:   June 3, 2013<br>Time:   8:30 a.m.<br>Crtrm.: 10 |

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

132669

## I.    INTRODUCTION

Pursuant to Local Civil Rule 79-5.1, Defendant Universal City Studios LLC ("Universal") will and hereby does move this Court for an order permitting Universal to file under seal two confidential agreements, along with amendments thereto, submitted in connection with Universal's Motion to Compel Arbitration of Certain Disputes and Stay Court Proceeding (the "Motion"). Plaintiff StudioCanal (US) ("StudioCanal") has indicated that it will not oppose this application to file under seal.

## II.    LEGAL STANDARD

The decision to seal records is left to the discretion of the District Court. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). For non-dispositive motions such as this, "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force." *Phillips v. General Motor Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). In connection with non-dispositive motions, Rule 26(c)(1)(G) allows parties, upon a showing of "good cause," to file under seal documents containing "confidential ... commercial information." Under this good cause standard, only the interests of the parties are considered; any "presumption of the public's right of access is rebutted." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (differentiating dispositive motions by explaining that, for such motions, "the private interests of the litigants are not the only weights on the scale").

Courts consider motions to stay litigation and compel arbitration, such as the one at issue here, to be non-dispositive. *See Painters Dist. Council 16, Local Union 294 v. Color New Co.*, 2012 WL 3235101, at *1 n.1 (E.D. Cal. Aug. 6, 2012) ("Numerous district courts have held that motions to stay litigation and compel related arbitration are non-dispositive."). Thus Universal need only show good cause to seal the confidential exhibits submitted in connection with the Motion.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

132669

1

## III.   ARGUMENT

**A.    The Agreements Contain Confidential And Proprietary Business And Financial Information**

Universal is seeking to file under seal the following documents, which are attached as Exhibits A – E to the Declaration of William Jacobson being filed concurrently with the Motion: the Amended and Restated Memorandum of Agreement (the "JV Agreement"), and the Co-Financing and Distribution Agreement and three amendments thereto (collectively, the "CDA").

Courts typically find that good cause exists to prevent public disclosure of non-public, commercial documents relating to financial arrangements. *See, e.g.*, *Nygren v. Hewlett-Packard Co.*, 2010 WL 2107434, at *3 (N.D. Cal. May 25, 2010) (finding good cause where an "[a]greement's public disclosure could harm [the defendant]'s financial interests and its ability to maintain its competitive standing"); *Memry Corp. v. Ky. Oil Tech., N.V.*, 2008 WL 877979, at *2 (N.D. Cal. Mar. 28, 2008) (finding good cause for filing under seal the "financial terms of a[n] … agreement" between the parties); *Bean v. Pearson Educ., Inc.*, 2012 WL 2929631, at *2 (D. Ariz. July 18, 2012) (finding good cause to prevent "disclosure of nonpublic financial information and sales and marketing forecasts"); *FTC v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (finding good cause to protect "confidential commercial information … in the form of contract terms, contract negotiations and strategies, and pricing information"); *Nordock Inc. v. Sys. Inc.*, 2012 WL 6086866, at *2 (E.D. Wis. Dec. 6, 2012) (finding good cause to protect "financial information … not normally made available to the public").

In fact, such documents often satisfy the heightened standard for *dispositive* motions that requires parties to establish "compelling reasons" to seal. *Kamakana*, 447 F.3d at 1180; *see, e.g.*, *FDIC v. Tarkanian*, 2012 WL 1327856, at *2 (S.D. Cal. Apr. 17, 2012) (to avoid release of "commercial … information which might become a vehicle for improper purposes in the hands of business competitors");

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

132669

2

1 | *Coloplast A/S v. Generic Med. Devices*, 2012 WL 3629037, at *1 (W.D. Wash. Aug.

2 | 22, 2012) (to protect "confidential sensitive business and/or financial information");

3 | *see also SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002,

4 | 1008 (N.D. Ill. 2003) (to protect "information about terms and conditions" of

5 | contract "that might give other firms an unearned competitive advantage—unearned

6 | because the issue of public disclosure arises from the adventitious circumstance of

7 | the agreement's having become caught up in litigation and as a result having

8 | become filed in court").

9 |     Here, there is good cause to seal the confidential documents at issue. The JV

10 | Agreement and the CDA are non-public documents that contain a host of highly-

11 | sensitive and confidential financial and business terms. The details of how

12 | Universal and StudioCanal co-financed and distributed films, including the

13 | methodologies used to calculate and allocate revenue and the financial terms upon

14 | which the films were co-financed and distributed, have not been disseminated to the

15 | public. The public disclosure of such sensitive non-public commercial information

16 | would likely cause substantial competitive and commercial injury to both parties.

17 | Other companies considering business relationships with Universal or StudioCanal

18 | might alter their negotiation strategies if they were to become aware of the specific

19 | terms of Universal's agreements with StudioCanal, and the public dissemination of

20 | these confidential terms would provide competitors with unfair advantages in the

21 | marketplace. As a result, there is good cause for an order permitting the JV

22 | Agreement and the CDA to be filed under seal.

23 | **B.    The Confidentiality Provisions Justify Sealing the Agreements**

24 |     The agreements are also entitled to protection from public disclosure because

25 | the parties have previously agreed that they are confidential, as demonstrated by the

26 |

27 |

28 |

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

132669

3

1  inclusion of a detailed confidentiality provision in the JV Agreement.[1]  JV

2  Agreement ¶ 20.  Courts frequently have found good cause for sealing records that

3  are subject to confidentiality agreements.  *See Golden Boy Promotions, Inc. v. Top*

4  *Rank, Inc.*, 2011 WL 686362, at *2 (D. Nev. Feb. 17, 2011) (finding good cause to

5  seal records where confidentiality provision indicated that "the parties did not intend

6  for the information in the Term Sheet to become public"); *Universal City Studios,*

7  *Inc. v. Superior Court*, 110 Cal. App. 4th 1273, 1283 (2003) (noting that a

8  "contractual obligation not to disclose can constitute an overriding interest"); *see*

9  *also NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178, 1222

10  n.46 (1999) (acknowledging that courts have found "the enforcement of binding

11  contractual obligations not to disclose" to be an "overriding interest" that supports

12  closure of documents to the public) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d

13  1059, 1073 (3rd Cir. 1984)).

14  ## IV.   CONCLUSION

15  For the foregoing reasons, Universal respectfully requests that the Court enter

16  an Order permitting the JV Agreement and the CDA to be filed under seal.

17  Dated:  May 6, 2013                        KENDALL BRILL & KLIEGER LLP

18

19

20  By: _____

21  Philip M. Kelly

22  Attorneys for Universal City Studios LLC

23  _____

[1] The CDA does not contain an explicit confidentiality provision but contains

24  a provision that states that the parties "have agreed to hereafter negotiate and enter

25  into one or more formal agreements containing the terms and conditions set forth

herein and other terms as would be set forth in customary agreements of this type."

26  CDA ¶ 18.  Although the parties never executed a more formal agreement as the

27  CDA contemplated, they have consistently treated the CDA as confidential in

accordance with the confidentiality provision contained in the JV Agreement.

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

132669

4

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Blvd., Suite 1725, Los Angeles, California 90067.

On May 7, 2013, I served true copies of the following document(s) described as **UNOPPOSED APPLICATION OF UNIVERSAL CITY STUDIOS LLC TO FILE UNDER SEAL CONFIDENTIAL AGREEMENTS FILED IN SUPPORT OF MOTION TO COMPEL ARBITRATION OF CERTAIN DISPUTES AND STAY COURT PROCEEDINGS** on the interested parties in this action as follows:

**Robert M. Schwartz, Esq.**
**James M. Pearl, Esq.**
**Harrison A. Whitman, Esq.**
**Nikolas A. Primack, Esq.**
**O'MELVENY & MYERS LLP**
**1999 Avenue of the Stars**
**Seventh Floor**
**Los Angeles, CA 90067-6035**

*Attorneys for Plaintiff StudioCanal (US)*

**BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 7, 2013, at Los Angeles, California.

_____
Autumn McIntosh

**Kendall Brill**
**& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067