Robert M. Schwartz (#117166/rschwartz@omm.com)
James M. Pearl (#198481/jpearl@omm.com)
Harrison A. Whitman (#261008/hwhitman@omm.com)
Nikolas A. Primack (#274577/nprimack@omm.com)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff StudioCanal (US)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| StudioCanal (US), a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Universal City Studios, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50,<br><br>Defendants. | Case No. CV13-2250 GW (AGRx)<br><br>**DECLARATION OF MICHELE A. GENTILLE ON BEHALF OF PLAINTIFF STUDIOCANAL IN OPPOSITION TO UNIVERSAL'S MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDING**<br><br>Hon. George H. Wu<br><br>Hearing Date: June 3, 2013<br>Time: 8:30 a.m.<br>Courtroom: 10 |

DECLARATION OF
MICHELE A. GENTILLE

# DECLARATION OF MICHELE A. GENTILLE

I, Michele A. Gentille, declare and state as follows:

1. I am a partner at the accounting firm Green Hasson & Janks LLP, and I specialize in auditing production and distribution for motion picture and television programs on behalf of profit participants. I have worked in this field for over 22 years and have audited well over 400 films and television shows on behalf of many clients. I am a Certified Public Accountant as well as a Certified Fraud Examiner.

2. I make this declaration in connection with the Opposition of Plaintiff StudioCanal to Motion of Defendant Universal to Compel Arbitration and Stay Court Proceeding. All of the facts set forth in this declaration are known to me personally, and if called as a witness I would testify competently to them.

3. In 2010, StudioCanal retained Green Hasson & Janks to conduct six audits (one for each audited film) of Universal City Studios ("Universal") for the domestic distribution of certain motion pictures that StudioCanal and Universal co-financed pursuant an Amended and Restated Memorandum of Understanding (the "Joint Venture Agreement") and a Co-Financing and Distribution Agreement (the "CDA").

4. StudioCanal hired Green Hasson & Janks to perform audit procedures and advise StudioCanal whether the accounting statements provided by Universal to StudioCanal were in accord with the Joint Venture Agreement (if the subject motion picture was governed by this agreement) or the CDA (if the subject motion picture was governed by this agreement).

5. Given the expansive scope of Universal's and StudioCanal's relationship—twenty-one motion pictures under the Joint Venture Agreement and twenty-three motion pictures under the CDA, all of which were distributed around the world through numerous forms of exhibition and distribution—Green Hasson & Janks and StudioCanal decided it would be prudent to select and audit three films from the Joint Venture Agreement and three films from the CDA as exemplars.

DECLARATION OF
MICHELE A. GENTILLE

6. Once the audit process began, my team collected information from Universal. As with most audits, once we reviewed the materials provided, we identified additional information and documents that we needed to review to complete our audit.

7. Over the course of our auditing process, we requested from Universal documents and information necessary to complete our audit reports. On many occasions, we never received the requested documentation as reflected throughout our report. Our difficulty obtaining information from Universal delayed the completion of our audits and resulted in numerous issues remaining open.

8. On September 25, 2012, we completed our audit report and submitted it to StudioCanal. We organized our report by category of claim (*e.g.*, missing merchandising revenue, missing pay television revenue, and so on). We then identified under each category whether one or more of the six titles was subject to the claim. For example, one of our claims addressed the lack of reporting revenues for United States pay television. For that claim, we calculated the estimated missing revenue on a film-by-film basis. We then listed each finding together under the general category. We followed this pattern throughout our report.

9. I have reviewed Universal's motion and the Declaration of Robert L. Bradley. In paragraph 7 of his declaration, Mr. Bradley states "Green Hasson did not distinguish between the JV Agreement and the CDA in its Audit Report." I want to make clear that our organizational decision to group claims by category instead of by motion picture should not be understood as an implication or suggestion that each film's claims are not unique. To the contrary, in each claim, when quantified, we valued the amount owed to Studio Canal on each film using the relevant contractual formula for that film. In fact, we treated each film as a separate audit. During the fieldwork portion of these engagements, Green Hasson & Janks and Universal maintained a list of document and information requests for each film. That type of

- 2 -

DECLARATION OF
MICHELE A. GENTILLE

film-by-film analysis is necessary for us to determine whether Universal complied with its contractual obligations under the agreement applicable to each film.

10. In Paragraph 9.d. of his declaration, Mr. Bradley states that of "the twenty-six Findings in Green Hasson's audit on domestic distribution, fourteen relate to both agreements, six related solely to the CDA, and six to the JV Agreement," and in paragraph 11, he states that the "following are among the many examples of Findings that arise under both the CDA and the JV Agreement…." A closer review of each of these claims, however, indicates that most of these claims do not refer to either agreement, but to the reporting practices employed by Universal on a *film-by-film* basis. The documentation we were not provided—the basis for the open items referenced by Mr. Bradley—is unique to each film. As such, the resolution of each open item for one film is not dependent on the resolution of any other open item for another film. For example, if Universal provides support for a distribution expense charged to one title, it does not reduce or remove the same claim for any other title.

11. Mr. Bradley also states in paragraph 11 that Studio Canal raised a claim related to the "allegedly improper reserves or write-offs for bad debts" and that this claim is related to both the CDA and the Joint Venture Agreement. The claim as stated in the report, however, does not cite an agreement as the basis because, at this juncture, Universal did not provide sufficient information for any of the films during the fieldwork portion of the audit. Once that information is provided, Studio Canal will raise such claims on a film-by-film basis, as relevant.

- 3 -

DECLARATION OF
MICHELE A. GENTILLE

12. I also want to make clear that Green Hasson & Janks' limited audit of three Joint Venture films does not represent the universe of claims that we would assert on StudioCanal's behalf if we were to conduct a complete audit of all twenty-one Joint Venture Agreement films. If a complete audit is to be conducted, each of the eighteen unaudited films would be assessed on an individual basis for claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of May 2013 at Los Angeles, California.

_Michele A. Gentille_
Michele A. Gentille