Robert M. Schwartz (#117166/rschwartz@omm.com)
James M. Pearl (#198481/jpearl@omm.com)
Harrison A. Whitman (#261008/hwhitman@omm.com)
Nikolas A. Primack (#274577/nprimack@omm.com)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779


Attorneys for Plaintiff StudioCanal (US)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| StudioCanal (US), a California corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>Universal City Studios, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50,<br><br>            Defendants. | Case No. CV13-2250 GW (AGRx)<br><br>**DECLARATION OF CHRISTINE CORNER ON BEHALF OF PLAINTIFF STUDIOCANAL IN OPPOSITION TO UNIVERSAL'S MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDING**<br><br>Hon. George H. Wu<br><br>Hearing Date: June 3, 2013<br>Time: 8:30 a.m.<br>Courtroom: 10 |

## DECLARATION OF CHRISTINE CORNER

I, Christine Corner, declare and state as follows:

1. I am a Partner at the accounting firm Grant Thornton UK LLP ("Grant Thornton"), and I specialize in royalty audits of motion picture, music, radio, and television. I make this declaration, at the request of StudioCanal, in connection with the Opposition of Plaintiff StudioCanal to Motion of Defendant Universal to Compel Arbitration and Stay Court Proceeding. All of the facts set forth in this declaration are known to me personally, based on my own direct knowledge or documents I have seen, and if called as a witness I would testify competently to them.

2. StudioCanal retained Grant Thornton to audit Universal City Studios ("Universal") accounting of motion pictures that StudioCanal and Universal co-financed pursuant an Amended and Restated Memorandum of Understanding (the "Joint Venture Agreement") and a Co-Financing and Distribution Agreement (the "CDA"). Grant Thornton examined: (1) non-US theatrical distribution; (2) non-US home video distribution; (3) production costs charged by Universal; and (4) development and overhead costs charged by Universal.

3. In October 2012, we completed four audit reports and submitted them to StudioCanal.

**Theatrical Distribution Audit**

4. For the Theatrical Distribution audit, it would not have been cost-effective to audit each film in each territory in which the joint venture granted Universal distribution rights. Thus, we selected a sample of six films and further narrowed our sample to the UK, Germany, Italy, Australia, Japan, South Africa, and South Korea.

5. The amount reported in the Theatrical Distribution audit represents only the summation of claims for the six films in the selected territories. As we explained in our Theatrical Distribution audit report, any specific additional amounts owed to StudioCanal "would vary from film to film."

DECLARATION OF CHRISTINE CORNER

6.      In preparing the Theatrical Distribution audit, we were unable to confirm the completeness of income.  For example, Box Office reports and sales invoices were not available, as these had not been retained for a number of territories.  As a result, our findings were limited and the overall conclusions about Universal's theatrical distribution of the films should not be based solely on the claims reported in the Theatrical Distribution audit report.

**Development and Overhead Costs Audit**

7.      For the Development and Overhead Costs audit, it would not have been cost-effective to audit all development and overhead costs of the joint venture.  As a result, we selected only a sample of development and overhead costs to audit.

8.      It would not be correct to conclude that the claims amount in the Development and Overhead Costs audit represent the total amount of payments due to StudioCanal for all development and overhead costs.  As we explained in our Development and Overhead Costs audit report, any specific additional amounts owed to StudioCanal "would vary from year to year and project to project."

**Production Cost Audit**

9.      For the Production Cost audit, we selected a sample of five films to audit, as it would not have been cost-effective to audit each of the 44 films produced by Working Title.

10.     It would not be correct to conclude that the claims amounts in the Production Cost audit represent the total amount of payments due to StudioCanal for all films covered by the parties' agreements.  As we explained in the Production Cost audit report, any specific additional amounts owed to StudioCanal "would vary from film to film."

**Home Entertainment Audit**

11.     For the Home Entertainment audit, it would not have been cost-effective to audit each film in each territory in which the joint venture granted Universal distribution rights.  Accordingly, we selected a sample of six films and further

- 2 -

DECLARATION OF CHRISTINE CORNER

1  narrowed our sample to the UK, Germany, Italy, Australia, Japan, South Africa, and
2  South Korea.

3       12.    The amount reported in the Home Entertainment audit represents only
4  the summation of claims for the six films in the selected territories.  As we explained in
5  the Home Entertainment audit report, any specific additional amounts owed to
6  StudioCanal "would vary from film to film."

7       13.    Universal was unable or unwilling to provide information or documents
8  for certain territories, either because it used a third party licensee or because it no
9  longer possessed some or any material for the territory.  These matters further
10 restricted the analysis we were able to undertake on the six selected films.  As a result,
11 our findings in the Home Entertainment audit were further limited and the overall
12 conclusions about Universal's home video distribution of the films should not be
13 based solely on the claims reported in the Home Entertainment audit report.

14

15      I declare under penalty of perjury under the laws of the United States of
16 America that the foregoing is true and correct.

17

18      Executed this 13th day of May 2013 at London, United Kingdom.

19

20

21 

                                   Christine Corner

22

23

24

25

26

27

28

DECLARATION OF CHRISTINE CORNER