KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
 rkendall@kbkfirm.com
Philip M. Kelly (212714)
 pkelly@kbkfirm.com
Ashlee L. Hansen (261002)
 ahansen@kbkfirm.com
William A. Jacobson (287593)
 wjacobson@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Universal City Studios LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STUDIOCANAL (US), a California Corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50,<br><br>　　　　Defendants. | Case No. CV13-2250 GW (AGRx)<br><br>**REPLY DECLARATION OF ROBERT L. BRADLEY IN SUPPORT OF MOTION OF UNIVERSAL CITY STUDIOS LLC TO COMPEL ARBITRATION OF CERTAIN DISPUTES AND STAY COURT PROCEEDING**<br><br>Hon. George H. Wu |

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

134124.2

REPLY DECLARATION OF ROBERT L. BRADLEY

## DECLARATION OF ROBERT L. BRADLEY

I, Robert L. Bradley, declare as follows:

1. I am the Senior Vice President, Financial Contracts Administration & Reporting for NBCUniversal Media, LLC ("NBCUniversal"), the indirect corporate parent of Defendant Universal City Studios LLC ("Universal"). I have been employed continuously by NBCUniversal and its predecessors since 1990. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I understand that StudioCanal alleges in its opposition brief, and Ms. Gentille and Ms. Corner similarly allege in their declarations, that "the claims concerning each motion picture stand or fall based on the facts unique to each motion picture. Thus, whether Universal fully accounted to StudioCanal for home video revenue from a film governed by the CDA does not bear on whether Universal fully accounted for the home video revenue from a motion picture governed by the JVA." Opposition at 1-2.

3. The Production Cost Audit Report issued by Grant Thornton contains a claim entitled "Extrapolation of errors across other Working Title Films on the basis of films reviewed," which extrapolates the Findings in that report, as well as the alleged damages, across the pictures developed and produced pursuant to both the JV Agreement and CDA.

4. The Domestic Distribution Audit Report issued by Green Hasson states as follows:

> The Comments and Claims raised throughout this report are based on our review of the Statements and accounting records provided as they relates to these [sample] Pictures. The

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1341242

1

REPLY DECLARATION OF ROBERT L. BRADLEY

amounts disclosed in this report represent only a sampling of the total working Title population in the domestic territory. However, as we would assume that Universal applied the same business policies and practices to all of the Working Title films, similar issues likely affect the other Working Title films that have not been reviewed.

5. In my original declaration, I identified a number of audit claims that overlap between the two agreements. These examples demonstrate how the audit claims related to Universal's accounting practices and policies relate to many, if not all, pictures under the JV Agreement and the CDA:

    a. StudioCanal's auditors assert that Universal has failed to provide destruction certificates for home video inventory that was destroyed and, as a result, assume that Universal sold that inventory and failed to report it under both the JV Agreement and CDA.

    b. StudioCanal's auditors assert that inconsistencies exist between Universal's internal accounting ledgers and the royalty statements issued to StudioCanal under both the JV Agreement and CDA, purportedly involving currency exchanges, double data entries, and related alleged improprieties.

    c. StudioCanal's auditors assert that Universal may have failed to credit StudioCanal for supplier rebates that StudioCanal contends should reduce manufacturing and distribution expenses in connection with films under both the JV Agreement and CDA.

    d. StudioCanal's auditors assert that Universal has failed to provide contractually-required documentary support for foreign home entertainment, domestic print and advertising, foreign theatrical distribution, and/or domestic video distribution expenses for films under the JV Agreement and CDA.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

134124.2

2

REPLY DECLARATION OF ROBERT L. BRADLEY

   e. StudioCanal's auditors assert that Universal improperly maintained reserves of bad debt for domestic and foreign home entertainment rather than eliminating the reserves and crediting StudioCanal in connection with films under both the JV Agreement and CDA.

   f. Finally, StudioCanal's auditors assert that Universal failed to report or underreported revenues from pay television, airlines, music publishing, content streaming, and/or product placement under both the JV Agreement and CDA

  I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

  Executed May 20, 2013, at Los Angeles, California.

*[signature]*
Robert L. Bradley

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

134124.2

3

REPLY DECLARATION OF ROBERT L. BRADLEY