1    KENDALL BRILL & KLIEGER LLP
     Richard B. Kendall (90072)
2      *rkendall@kbkfirm.com*
     Philip M. Kelly (212714)
3      *pkelly@kbkfirm.com*
     Ashlee L. Hansen (261002)
4      *ahansen@kbkfirm.com*
     10100 Santa Monica Blvd., Suite 1725
5      Los Angeles, California  90067
     Telephone:   310.556.2700
6      Facsimile:   310.556.2705

7    Attorneys for Universal City Studios LLC

8    O'MELVENY & MYERS LLP
     Robert M. Schwartz (117166)
9      *rschwartz@omm.com*
     James M. Pearl (198481)
10     *jpearl@omm.com*
     Harrison A. Whitman (261008)
11     *hwhitman@omm.com*
     Nikolas A. Primack (274577)
12     *nprimack@omm.com*
     1999 Avenue of the Stars, Seventh Floor
13     Los Angeles, California 90067-6035
     Telephone:   (310) 553-6700
14     Facsimile:   (310) 246-6779

15    Attorneys for Plaintiff StudioCanal (US)

16

17               **UNITED STATES DISTRICT COURT**

18      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

19

| | |
|---|---|
| 20   STUDIOCANAL (US), a California Corporation, | Case No. CV13-2250 GW (AGRx) |
| 21          Plaintiff, | **STIPULATION AND JOINT MOTION FOR PROTECTIVE ORDER; [PROPOSED] ORDER** |
| 22          v. | |
| 23 | **Judge**: Hon. George H. Wu |
| 24   UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary | **Magistrate**: Hon. Alicia G. Rosenberg |
| 25   of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a | |
| 26   corporation organized under the laws of Delaware; and Does 1-50, | |
| 27          Defendants. | |
| 28 | |

## STIPULATION AND JOINT MOTION FOR PROTECTIVE ORDER

WHEREAS, the Parties to this action could be prejudiced by the dissemination of certain confidential, sensitive, and proprietary financial and business information and trade secrets, as set forth herein; and

WHEREAS, this Proposed Order does not confer blanket protection on all disclosures and discovery responses, but instead affords protection only to the information and items that are entitled to confidential treatment under applicable legal principles;

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff StudioCanal (US) and Defendant Universal City Studios LLC[1] (each individually, a "Party" and collectively, the "Parties"), that this Stipulation and Protective Order shall govern the handling of documents, responses to discovery requests (including responses to interrogatories, responses to requests for admission, responses to requests for production of documents, or other formal methods of discovery), depositions, pleadings, exhibits, and all other information exchanged by the Parties (collectively the "Discovery Material") in the above-referenced action, in any related ADR proceedings, including without limitation the mediation/arbitration procedures under the Parties' Co-Financing and Distribution Agreement ("CDA"), and in any settlement discussions or efforts to resolve or narrow the Parties' disputes under the CDA and/or the Amended and Restated Joint Venture Agreement.

### Good Cause Statement

1.      Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Protective Order with respect to the specific items identified in paragraph 2 because the Parties could be prejudiced by the

---

[1] Universal City Studios, Inc., which was named as a Defendant in this action, is not an existing legal entity.  It has been converted and merged into Universal City Studios LLC.

1  dissemination of such confidential, sensitive, and proprietary documents,

2  information, and trade secrets as defined California Civil Code §§ 3426, *et seq.*

3  **<u>Designation of Discovery Materials as "CONFIDENTIAL"</u>**

4        2.     The Parties shall have the right to designate as "CONFIDENTIAL" and

5  subject to this Stipulation and Protective Order the following categories of

6  information and Discovery Material:

7              (a)     Confidential agreements with third parties;

8              (b)     Confidential financial information;

9              (c)     Any material that otherwise constitutes a trade secret as that term

10  is defined in California Civil Code § 3426.1(d);

11              (d)     Documents and information subject to a pre-existing

12  confidentiality and/or privacy agreement, the terms of which would be

13  violated by production of the documents absent a protective order; and

14              (e)     Other proprietary and non-public information for which a Party

15  reasonably believes disclosure could have an adverse business or competitive

16  impact.

17        3.     The Parties may discover additional categories of documents that

18  contain confidential and proprietary information in addition to those set forth above.

19  The enumeration of categories above is without prejudice to the Parties' right to

20  seek modification of this Protective Order to include additional categories of

21  information.

22        4.     The designation of Discovery Material as "CONFIDENTIAL"  shall be

23  made by stamping each page of the document containing such information with the

24  legend "CONFIDENTIAL" prior to its production, or by any other method agreed to

25  in writing by counsel for the Parties.

26        5.     In the case of information or Discovery Material produced by third

27  parties, any Party hereto shall have the right to designate such information or

28  Discovery Material as "CONFIDENTIAL" in the event such information or

Discovery Material contains confidential information of the designating Party.  The Party shall have the right to designate such information or Discovery Material as "CONFIDENTIAL"  by notifying the other Party of such designation either prior to or within twenty (20) days after the production of such Materials by the third party. All Parties hereto shall thereafter treat such materials as "CONFIDENTIAL" in accordance with the notice of designation.

6.     Any notes, summaries, compilations, or copies containing "CONFIDENTIAL" information or electronic images or databases containing "CONFIDENTIAL" information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases is made or derived.

7.     Inadvertent failure to designate any information as "CONFIDENTIAL" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection.

8.     The inadvertent disclosure or production of any privileged attorney-client material in connection with this Action shall not be deemed a waiver of that privilege, or to preclude reliance on that privilege, with respect to that information, provided that the producing Party notifies the receiving Party in writing promptly after discovery of such inadvertent disclosure or production.  If a Party ascertains that it may have privileged attorney-client material that was inadvertently produced by another, the Party receiving such material shall refrain from examining the material any more than is essential to ascertain if the material is privileged and shall immediately notify the sender that it possesses material that appears to be privileged.  No further disclosure or use shall be made of material that a Party ascertains or is notified may be inadvertently produced attorney-client materials other than to challenge the propriety of the asserted privilege and, absent a timely challenge, such material shall promptly be returned to the producing Party.

STIPULATION AND JOINT MOTION FOR PROTECTIVE ORDER

1    9.    This Protective Order is not intended to prohibit the use or

2    admissibility of "CONFIDENTIAL" information upon trial of this case.  Issues

3    involving the protection of "CONFIDENTIAL" information and Discovery Material

4    during trial will be presented to the Court prior to or during trial as each Party deems

5    appropriate.

6                    **Materials Provided for Inspection**

7    10.    With respect to all information and Discovery Material provided for

8    inspection by a Party's counsel, designation by stamping or labeling as

9    "CONFIDENTIAL" need not be made until copies of the information or Discovery

10   Material are requested after inspection and selection by counsel.  Making documents

11   or any other information or Discovery Material available for inspection shall not

12   constitute a waiver of any claim of confidentiality, and all information and

13   Discovery Material provided for inspection by a Party's counsel shall be treated as

14   though designated as "CONFIDENTIAL" at the time of the inspection.

15               **Limitation on Use of Designated Information**

16   11.    Each Party and all persons bound by the terms of this Stipulation and

17   Protective Order shall use any information or Discovery Material designated as

18   "CONFIDENTIAL" governed by this Stipulation and Protective Order only for the

19   purpose of the prosecution or defense of the claims asserted in this action or any

20   related ADR proceeding.  No Party or other person shall use, disclose, or release any

21   such information or Discovery Material governed by this Stipulation and Protective

22   Order for any purpose other than the prosecution or defense of said claims.  The

23   attorneys of record for the Parties and other persons receiving such information

24   governed by this Stipulation and Protective Order shall take all reasonable steps to

25   ensure that such information and Discovery Material governed by this Stipulation

26   and Protective Order are (i) used only for the purposes specified herein; and

27   (ii) disclosed only to authorized persons.  Nothing herein shall be construed to limit

28   in any way any Party's use of its own information.

**<u>Restrictions on Disclosure of Materials Designated "CONFIDENTIAL"</u>**

12.     Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

(a)     the Parties and their parents, subsidiaries, and affiliates, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(b)     the Parties' attorneys of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(c)     in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(d)     the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(e)     employees of outside copying, printing, binding, or computer input services;

(f)     subject to Paragraph 13, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(g)     subject to Paragraph 13, deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be

shown the Discovery Material designated "CONFIDENTIAL" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material; and

(h)    subject to Paragraph 13, such other persons as the Parties may agree or may be ordered by the Court.

**Certification of Persons to Whom Discovery Materials are Disclosed**

13.    Prior to disclosure of any Discovery Materials designated "CONFIDENTIAL" to any person described in paragraphs 12(f)-(h) hereof, such person shall be given a copy of this Stipulation and Protective Order and shall sign a certification in the form of Exhibit A attached hereto.  Such signed and completed certification shall be retained by the attorneys of record for the disclosing Party. The Party securing such certification shall take reasonable steps to ensure that such persons signing such certifications observe the terms of this Stipulation and Protective Order.

**Designation of Deposition Transcripts**

14.    Deposition transcripts, or portions thereof, may be designated as subject to this Stipulation and Protective Order either (i) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL"  by the reporter, as the designating Party may direct; or (ii) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record for the Parties, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating Party.  All deposition transcripts shall be treated as "CONFIDENTIAL" until the expiration of this fourteen (14) day period unless a different period of time is agreed to between the Parties.

STIPULATION AND JOINT MOTION FOR PROTECTIVE ORDER

**Disclosure of Discovery Materials Designated as "CONFIDENTIAL"**
**to the Court**

15.    All Discovery Material designated as "CONFIDENTIAL" submitted to the Court for consideration in relation to a motion shall be lodged under seal, in compliance with the Federal Rules of Civil Procedure and the Local Rules. Concurrent with the lodging of such documents under seal, the Party so lodging shall also file a memorandum of law seeking permission to file the documents under seal and a proposed order.  Prior to filing such Discovery Material, the Party desiring to file such Discovery Material may request that the designating Party agree that such materials be de-designated as "CONFIDENTIAL," and the designating Party shall in good faith consider such a request.

**Disclosure to Author or Recipient**

16.    Notwithstanding any other provisions of this Stipulation and Protective Order, nothing herein shall prohibit counsel for a Party from disclosing information or Discovery Material to any person whom the particular item of information or Discovery Material clearly identifies as an author, addressee, or copy recipient of the particular item of Discovery Material; and, regardless of designation pursuant to this Stipulation and Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulation and Protective Order.

**Disclosure Pursuant to Subpoena or Other Compulsory Process**

17.    If a receiving Party receives a subpoena or other compulsory process commanding the production of information or Discovery Material designated as "CONFIDENTIAL," that Party shall promptly notify the designating Party.  The Party receiving the subpoena or compulsory process shall not produce any such

7

1   information or Discovery Material in response to the subpoena without providing

2   the designating Party reasonable notice so that Party can object to the disclosure if it

3   chooses.  The Party receiving the subpoena or other compulsory process shall not

4   object to the designating Party having a reasonable opportunity to appear in the

5   litigation or process seeking disclosure of information or Discovery Material

6   designated as "CONFIDENTIAL" for the sole purpose of seeking to prevent or

7   restrict disclosure thereof.

8   **Additional Protections**

9   18.   This Stipulation and Protective Order shall not preclude any Party from

10  seeking and obtaining, on an appropriate showing, such additional protection with

11  respect to the confidentiality of documents or other discovery material as they may

12  consider appropriate.

13  **Challenge to Confidentiality Designation**

14  19.   This Stipulation and Protective Order shall not preclude any Party from

15  (i) claiming that any matter designated hereunder is not entitled to the protections of

16  this Stipulation and Protective Order; (ii) applying to the Court for an order

17  permitting the disclosure or use of information or documents otherwise prohibited

18  by this Stipulation and Protective Order; or (iii) applying for an order modifying this

19  Stipulation and Protective Order in any respect.

20  20.   No Party shall be obligated to challenge the propriety of any

21  confidentiality designation, and failure to do so shall not preclude a subsequent

22  attack on the propriety of such designation.

23  **Prior Public Knowledge**

24  21.   This Stipulation and Protective Order shall not apply to any

25  information or Discovery Material that, prior to disclosure, is public information or

26  knowledge, and the restrictions contained in this Stipulation and Protective Order

27  shall not apply to information and Discovery Material that are, or after disclosure

28  become, public knowledge other than by an act or omission of the Party or others

8

1  subject to this Stipulation and Protective Order to whom such disclosure is made, or

2  that is legitimately and independently acquired from a source not subject to this

3  Stipulation and Protective Order.

4  **Return of Designated Information**

5  22.   Upon final disposition or resolution of this Action, upon written request

6  by a designating Party within sixty (60) days after such final disposition or

7  resolution, each Party shall either (i) assemble and return all information and

8  Discovery Material designated "CONFIDENTIAL,"  including all copies, to the

9  Party from whom the designated material was obtained or (ii) destroy all such

10  information and Discovery Material, at the option of the Party in possession thereof.

11  23.   Notwithstanding the foregoing, outside counsel of record for each Party

12  may retain for its archives (i) one full set of copies of all pleadings, affidavits,

13  declarations, briefs, memoranda, expert reports, and exhibits and other papers filed

14  in this Action; (ii) one set of transcripts of all testimony taken at any depositions,

15  hearings or trial (with exhibits); and (iii) all of its own work product generated in

16  connection with this Action.

17  24.   Any such materials that are not returned or destroyed shall remain

18  subject to this Stipulation and Protective Order, and the Court shall retain

19  jurisdiction to ensure that the terms hereof are not violated.

20  **Modification, Waiver or Termination of Stipulation and Order**

21  25.   No part of the restrictions imposed by this Stipulation and Protective

22  Order may be modified, waived, or terminated, except by the written stipulation

23  executed by counsel of record for each Party, or by an Order of the Court for good

24  cause shown.

25  **Third Party Discovery**

26  26.   Discovery obtained from any third party in response to any subpoena

27  shall be protected in accordance with this Stipulation and Protective Order if such

28  third party requests such protection and complies with the provisions hereof.

1

## **Headings**

2      27.    The headings in this Stipulation and Protective Order are for

3 convenience only and are not intended to affect or alter the text of the paragraphs or

4 the substance of this Stipulation and Order.

5

6 Dated:  May 17, 2013              KENDALL BRILL & KLIEGER LLP

7

8

9                                            By:  /s/ *Philip M. Kelly*
                                                 Philip M. Kelly
10                                               Attorneys for Universal City Studios LLC

11

12 Dated:  May 17, 2013              O'MELVENY & MYERS LLP

13

14

15                                           By:  /s/ *James B. Pearl*
                                                 James B. Pearl
16                                               Attorneys for StudioCanal (US)

17

18 IT IS SO ORDERED:

19 Dated:  May 22, 2013              By: _____

20                                               The Honorable Alicia G. Rosenberg

21

22

23

24

25

26

27

28

STIPULATION AND JOINT MOTION FOR PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STUDIOCANAL (US), a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL CITY STUDIOS, LLC, a limited liability company and subsidiary of NBCUniversal, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS, INC., a corporation organized under the laws of Delaware; and Does 1-50, <br><br> Defendants. | Case No. CV13-2250 GW (AGRx) <br><br> **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** <br><br> **Judge**: Hon. George H. Wu <br> **Magistrate**: Alicia G. Rosenberg |

1.    I have received a copy of the Stipulation and Protective Order (the "Order") entered by the United States District Court for the Southern District of California (the "Court") in the above-referenced action.  I have carefully read and understand all of the provisions of the Order.

2.    I agree to be bound by all of the provisions of the Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for purposes of this action, any information designated as "CONFIDENTIAL"  which I receive in this action.

3.    I understand that a violation of the Order is punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Order.

Name (print)    _____

Address    _____

Signature    _____    Date: _____